FILED
**January 5, 2017**
Third Court of Appeals
Jeffrey D. Kyle
Clerk

CHARLES N. DRAPER, §
§
*Appellant, Pro Se* § CAUSE NO. 03-16-00745-CV
§
V. § IN THE THIRD COURT
§ OF APPEALS
§
GREG GUERNSEY, §
IN HIS CAPACITY AS DIRECTOR OF §
PLANNING AND DEVELOPMENT § at Austin, Texas
WATERSHED PROTECTION §
REVIEW DEPARTMENT, §
and CITY OF AUSTIN §
§
*Appellees.* §
§
§
§

RECEIVED
JAN 05 2017
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## Appellant's Brief

**Appellant, *Pro Se:***

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: (512) 699-2199
Email: cd@tejasland.com

**Appellee:**

*Greg Guernsey, in his Capacity
Director of Planning and
Development, Watershed
Protection Review Department,
and City of Austin*

Andralee Cain Lloyd,
Law Department,
Assistant City Attorney
City Hall, 301 West 2nd Street
PO Box 1088, Austin TX 78767-1088
Phone: (512) 974-2918
Fax: (512) 974-1311

1

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL …………………….p.4

INDEX OF AUTHORITIES …………………….p.5

STATEMENT OF CASE …………………….p.6

PERMISSION TO APPEAL …………………….p.6

STATEMENT ON ORAL ARGUMENT …………………….p.7

**LGC §43.002 Continuation of Land Use,**

- Valid *Travis County Flood Hazard Permit* (**Exhibit C**) ……..p.8
  - Prior to annexation, Travis County 'acted' and issued (**Permit #85-2558**) in 1985; …………..................................…………..….(*Affidavit*: R. Glasper)
  - County permit has no expiration date, impervious cover, nor height limitations.
  - Sham-affidavits: Stacey Scheffel, and Susan Scallon

**LGC §245.00- Projects**

- *Shumaker Enterprise v. City of Austin* (non-applicable) …….…….p. 9, 17, 20
- *Harper Park II v. City of Austin*

**CPRC §101.0215 (29) Governmental Liability,**

- Planning and Zoning ……..p. 17, 18
  - *Meadours v. Ermel*, 483 F.3d (Fifth Circuit. 2007) ….…....p. 9, 18
  - *Owens-Fiberglass v. Malone*, 972 S.W.2d35,40 (Tex. 1998)
  - *City of Houston v. Jenkins*, 363 S.W.3d 808, 814 (Tex. App.-Houston [14th Dist.]

**Vested-Rights v. Inverse Condemnation** …………..…..……….p.7

**Texas Constitution Article I, §17(a)(160)(161)** ……….…………….p.8

- *Weingarten Realty Investors v. Albertson's* (S.D. Texas 1999) 66F.Supp. 2d,825.
- *Bass v. City of Dallas* (App.7 District 2000) 34 S.W.3d 1 …………….……….p.10

**ISSUES TO BE PRESENTED FOR REVIEW** …………………….p.9

- History …………………….p.11
- Current History …………………….p.13

**STATEMENT OF FACTS** .....................p.15

    **LGC §43.002 Continuation of Land Use,**

- Valid *Travis County Flood Hazard Permit*
  - o **(Permit #85-2558)** issued in 1985; prior to annexation
  - o Sham-affidavit, and Heresay- Stacy Scheffel, and Susan Scallon
  - o Travis County permit was commercial, without an expiration date; impervious cover, nor height limitations. TC acted with regulatory authority.
  - o Property is exempt from Barton Creek Watershed Ordinance and Site development, per **Sec. 9-1-303(b)**

    **LGC §245.00-02 Uniformity of Requirements-** .....................p.16

- *Shumaker Enterprise v. City of Austin* (non-applicable) .........p. 9, 17, 20
- *Harper Park II v. City of Austin* .....................p. 9, 21

    **CPRC §101.0215 (29) Governmental Liability-** Zoning & Planning .....p.18

- *City of Houston v. Jenkins*, 363 S.W.3d 808, 814 (Tex. App.-Houston [14th Dist.]...p.18
- *Edwards Aquifer v. Sheffield Dev. Co*, 369 S.W.3d at 838, 140 S.W.3d at 671

    **CPRC §41.011(a)(5)**

- Aggravated and Reprehensible Conduct .....................p.20

**DAMAGES** .....................p.20

- *Owen-Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 40 (Tex. 1998) ..p.21

CERTIFICATE OF CONFERENCE ....p.23

CERTIFICATE OF COMPLIANCE ....p.23

PRAYER ....p.23

CERTIFICATE OF SERVICE ...p.24

VERIFICATION

**APPENDIX- Evidence and deliberations of Justice Crump's trial court**

1. *Plaintiff's Final Amended Petition*
2. *Defendants' No-Evidence Motion for Summary Judgment*
3. *Plaintiff's Counter-Claim for No-Evidence Summary Judgment*
4. *Defendant's Response to Plaintiff's Counter-Claim for No-Evidence Summary Judgment*

3

5. *Honorable Judge Karin Crump's Order,* October 18th, 2016

6. *Plaintiff's Request for Finding of Fact and Conclusion of Law*

7. *Honorable Judge Karin Crump's Denial Letter,* October 28th, 2016

8. *Past-due Notice Plaintiff's Request for Finding of Fact and Conclusion of Law*

**ORDERS**

**EXHIBITS: A through J**

**AFFIDAVITS**

Appellant's Affidavits:

- Sham-Affidavits- Stacey Scheffel, and Susan Scallon

- April 10, 1987 Letter, Travis county Engineer Mark Kronkosky

- Robert Glasper, Travis County Transportation and Natural Resources

- Carl McClendon, McClendon and Associates

- Jim Schissler, Jones & Carter, Engineer

- Charles Draper, Tejasland & Commerce, Real Estate Broker

- Charles Draper, Certificate of Competency

**OTHER AUTORITIES:**

Third Court of Appeals Memorandum Opinion, CPRC Sec.101.106, (2/25/2015)
Attorney General John Cornyn, October 19, 2001- "conveyance to different owner"
Attorney General Greg Abbott, December 10, 2012- "project duration"

**NOTICE OF APPEAL**

**REGISTER OF THE COURT**

<u>**IDENTITY OF PARTIES & COUNSEL**</u>

<u>**Appellant, *Pro Se:***</u>

**Charles N. Draper**
**160 Maeves Way**
**Austin, Texas 78737**
**Phone: (512) 699-2199**
**Email: cd@tejasland.com**

<u>**Appellee:**</u>

*Greg Guernsey, in his Capacity*
*Director of Planning and*
*Development, Watershed*
*Protection Review Department,*
*and City of Austin*

**Andralee Cain Lloyd, Law Department,**
**Assistant City Attorney**
**City Hall, 301 West 2nd Street**
**PO Box 1088, Austin TX 78767-1088**
**Phone: (512) 974-2918**

## INDEX OF AUTHORITIES

**STATUTES & CASE LAW**

**Texas Local Government Code**
- **LGC Section §43.002- Continuation of Land Use**
- **LGC Section §245.00-02- Projects, Permits, Uniformity of Requirements**
  - *Harper Park II v. City of Austin* (App. 3 Dist. 2011) 359 S.W.3d 247
  - *Shumaker v. City of Austin,* 325, S.W.3d 812, 814-15 (Tex. App- Austin 2010)

**Texas Civil Practices & Remedies Code- Tort Claims**
- **Rule §101.001- Government- General Provisions**
  - *City of Houston v. Jenkins,* 363 S.W.3d 808, 814 (Tex. App.-Houston [14th Dist.] 2012 pet. filed 4-30-12).....................................................................................p.18
  - *Weingarten Realty Investors v. Albertson's,* (S.D. Tex. 1999) 66 F.Supp.2d, 825 ....p.13
  - *Edwards Aquifer v. Sheffield Dev. Co,* 369 S.W.3d at 838, 140 S.W.3d at 671........p.19
- **Rule §101.0215(29)- Municipal Liability, Planning and Zoning**
- **Rule §101.106 Restatement (2d) Torts Rule §895 D, Rule §2.2**
- **Rule §41.011(a)(5)- Evidence to Exemplary Damages**
- **Rule §51.014(d)(1); Tex. CPRC Rule §168- Controlling Question of Law**
- **Rule §299- Omitted Findings of Fact**
  - *Tenery v. Tenery,* 932S.W. 2d 29, 30 (Tex. 1996)    ..............p.7
- **Rule §329(a)(d)- Timing for Filing Motions- plenary powers**    ..............p.7

**Texas Rules & Civil Procedure**
- **Rule §166a(c)-**
  - *Mann, Frankfort, Stein & Lipp Advsr v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009)
  - *MMP, Ltd. v. Jones* 710 S.W.3d 802, 816 (Tex. 2005)
- **Rule §168- Permission to Appeal**    ....p.6
- **Rule §299- Omitted Findings**
- **Rule §329(b)(f)- Time for Filing Motions-**
  - *In Re Baylor Med. Center* 280, s.W.3d 277, 230-1 (Tex.2009)    ....p.7
  - Tenery v.Tenery, 932 S.W. 2d 29,30 (Tex. 1996)    ....p.7

**Texas Rules of Appellate Procedure**
- **Vernon's Texas Rules Annotated, Vol. 4, Texas Court of Appeals**
- **Rule §377- Diligence:**
  - **Note 24- Reversal,** *Strode v. Srygley* (Civ.App.1961) 342 SW.2d 638    .......p.7
  - **Note 66 -Findings,** *Rosales v. Rosales* (Civ. App.1964) 377 S.2d 661    .......p.12
    - *Kilsby v. Aero-Test Equipment Co* (Civ.App. 1957)301 SW.2d 703
  - **Note 68- Grounds,** *Ives v. Watson* (Civ. App 1975) 521 SW.2d 930    .......p.22
  - **Note 69- Error,** *Barham v. Combs* (Civ. App1975) 523 SW.2d 725    .......p.13
  - **Note 116- Duty,** *Gipson v. Southwest Oil Co. of S.A,Inc (Civ. App1980)604 S.W.2d 396*
  - **Note 117- Rights,** *Goodman v. Goodman* (Civ. App. 1981) 611 S.W. 2d 738.......p.13
- **Rule §24.4- Appellate Review**
- **Rule §39.2- Oral Arguments**

**TEXAS CONSTITUTION**

**Article I, §17(160)(161) –**

- Intent, Inverse condemnation **(160)** ...............p.12

    1. *Bass v. City of Dallas* (App. 7 District 2000) 34 S.W.3d 1

- Restriction on Use- **(161)** ...............p.12

    2. *Weingarten Realty Investors v. Albertson's,* (S.D. Tex. 1999) 66 F.Supp.2d, 825

## STATEMENT OF THE CASE

Appellant seeks a reversal of Justice Karin Crump's Order; dismissing all claims against appellees.

The nature of the case concerns Damages, Declaratory Judgment, and Summary Judgment, against the City of Austin, and their governmental employee, Greg Guernsey in his capacity as city director. Mr. Guernsey is liable for fraudulent misrepresentations made, while acting in his capacity as *Director of Planning and Development Watershed Protection Review Department* in charge of the city's 'coordinated branch of government'. Guernsey engaged in 'occupational discretion', utilized his 'proprietary' function to intentionally, and knowingly aid and abet the subversion of State law; **Texas LGC§43.002-** *Continuation of Land Use,* and **Texas LGC§245.00-** *Project,* **Torts §876, Tex. CRPC Rule §101.0215(29)-** *Municipal Liability, Planning and Zoning* by denying Appellant's valid *Travis County Flood Hazard Permit;* thereby, adversely condemning Appellant's 'vested-rights' without adequate compensation; thereby, violating **Texas Constitution Article I, §17(a)** - *Taking, Damaging, or Destroying Property for Public Use.*

## PERMISSION TO APPEAL

On August 11th, 2016, defendants filed a *No-Evidence Motion for Summary Judgment* in 419th Judicial District of Travis County. The Honorable Justice Karin Crump presided.

Justice Crump issued an Order; *"...Accordingly, Plaintiff's lawsuit against Defendants is DISMISSED..."* from the trial court on October 18th, 2016. **(See Appendix 6).** Justice Crump DENIED, *Defendant's Motion to Strike Plaintiff's Evidence;* however, GRANTED *Defendant's No-Evidence Summary Judgment* motion; without support of the Order.

On October 24th, 2016, appellant filed, *Plaintiff's Request for Finding of Facts and Conclusion of Law.* Justice Crump's denied appellant's request on October 28th, 2016; stating, *"...Findings of Fact and Conclusions of Law are neither required nor appropriate following summary judgment...".* **(See Appendix 7)**

Under **TRCP § 299**, Refusal of the Court to make a finding of fact requested shall be reviewable on appeal. "Harm to the complaining party is presumed unless the contrary appears in the face of the record when the party makes a proper and timely request for findings, and the trial court fails to comply. Error is harmful if it prevents an appellant from properly presenting a case to the appellant court." *Tenery v. Tenery,* 932 S.W. 2d 29, 30 (Tex. 1996)

Justice Crump's Order is not supported by case law, and leaves an unresolved controlling questions of law. **Rule CPRC§51.014(d)(1); TRCP Rule §168.**

Justice Crump erred and should not have denied appellant's motion as a rule of law. As a result of Justice Crump 30 day refusal, the Courts forfeited their plenary powers, under **TRCP § 329b,** *In re Baylor Med. Ctr.* 280 S.W.3d 277, 230-1 (Tex. 2008).

Any order that interferes with or impairs the effectiveness of the relief sought may be granted an appeal, **TRAP Rule §24.4.** If the record shows that an appellant was deprived statement of facts, which would enable him to present to an appellate court questions he would be entitled to raise on appeal, an error material, will necessitate a reversal. *Strode v. Srygley,* (Civ.App.1961) 342 SW.2d 638.

On November 30, 2016, the Third Court granted a Permission for Appeal.

## STATEMENT OF THE ORAL ARGUMENTS

The Court should grant oral arguments for the following reasons:

1. At issue, **CPRC§51.014(d)1**, an undecided controlling question of law; **LDC §43.002** and **LDC §245** have not been authoritatively decided. *See* **Tex. R. App. P. 39.1(b).** Justice Crump refusal leaves a controlling question of law unresolved.

- The undisputed facts are; Travis County issued **Permit #85-2558** on **August 9th 1985**, prior to city annexation. (*Affidavits*: C. McClendon, and R. Glasper)

- In January 2008, appellant attempted to move forward towards project completion. Appellees, headed by Greg Guernsey as *Director of Planning and Development Watershed Protection Review Department*, intentionally, failed to perform their governmental functions. Appellees denied Draper's vested-rights, a valid *Travis County Flood Hazard Permit*; thereby, adversely condemning appellant's property without adequate compensation.

- **LGC §43.002:** Appelles have attempted to defeat **LGC §43.002**, and beguile the trial court with sham-affidavits of Susan Scallon, and Stacey Scheffel, a Travis County Permit Director. Both, Ms. Scallon and Ms. Scheffel stated under oath; appellant's vested-rights expired; *"...180 days after issuance if no work commenced, or...abandoned after 180 days"*. (*Affidavits*: Stacey Scheffel; *See also*, **LGC §245.005(b)**))

  - Contrary to Ms. Scheffel's claims; Travis County Flood Engineer , Mark Kronkosy on April 10th, 1987 requests '*...another elevation certificate form...*'. (605 days after permit issuance; **Exhibits C**).

  - Ms. Scheffel was employed by Travis County in 1997, twelve years after the permit was issued. Ms. Scheffel was not present in 1985. Her testimony is Heresay.

  - *See also* **Other Authorities**, Attorney General Greg Abbott, December 10, 2012 letter- "project duration"; which conflicts with Ms. Scheffel's sham-affidavit.

- **LGC §245:** Appellees allege *Shumaker v. City of Austin* provides appellees the authority to retroactively regulate land-use.

  - The *Shumaker* permit case concerned three tracts; **A, B,** and **C**. Travis County 'acted'. *Schumaker* received regulatory agency approval for **Tract A**. Appellees

8

did not contest *Shumaker's* **Tract A** permit. The appellees contested, Travis County application on **Tract B**; prior to the county's action.

- In Chief Justice Jones Opinion of *Shumaker,* he stipulates; (second sentence, page 1)"...Consequently , but <u>before</u> the County <u>had acted</u> on the application...".

- *Shumaker v. City of Austin* does not apply, here. Travis County 'had acted' in 1985 and issued **Permit #85-2558**; similar to Shumaker's **Tract A**.

- Appellees have produced no-evidence of 'regulatory agency' intervention, since 1985.

- Appellees are defeated under both **LGC §43.002** and **LGC §245**.

2. Oral arguments would give the court a more complete understanding governmental liability and the facts presented in this appeal.
*See* **Tex. R. App. P. 39.1(c).**

- Evidence to be presented, under **CPRC Rule §101.0215(29)** *Governmental liability, Planning & Zoning,* would elaborate and expand the Court's understanding, that Appellee's actions are not an isolated event. Appellee's denials are supported with sham-affidavits, gross misrepresentations, duration, breach of contracts, and obstruction of civil process. The nature of the offenses are so reprehensible, that appellees' offend the public trust, and undermine public justice, equally are paramount to the Court's deliberations. *Meadours v. Ermel*, 483, F.3d (Fifth Circuit 2007), and *Weingarten Realty Investors v. Albertson's,* (S.D. Tex. 1999) 66 F.Supp.2d, 825.

3. Oral arguments would allow the to better analyze the complicated legal issues presented in this appeal.
*See* **Tex. R. App. P. 39.1(c).**

- Vested-Rights v. Inverse Condemnation-
    i. Travis County 'acted' in 1985, and issued **Permit #85-2558.**
    ii. Conveyance does not diminish the rights of a subdivision. (*See Other Authorities*: John Cornyn letter)

9

iii. No 'project' alterations have been filed, or permitted; which changed the original intent. (*See Affidavit*: C. McClendon)

iv. Appellant has never 'consented', nor received compensation, consideration, nor notice of conveyance of 'vested-rights'.

v. City of Austin has the burden to indicate more 'narrow-use'.

vi. City of Austin has no-evidence of intervention for thirty years.

vii. Travis County was the regulatory 'agency' at time of permit issuance.

viii. Commercial office project could have been built in 1985; therefore, 'vested-rights' should still exist today; without limitations on impervious cover, nor height. **LGC§43.002, LGC § 245.002(a).**

ix. Property is zoned commercial, was rezoned December 2008, and is zoned VMU in Oak Hill's Neighborhood Plan, and FLUM.

- **Texas Constitution Article I, §17(a)** - *Taking, Damaging, or Destroying Property for Public Use-* No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless the consent of such person, and only if the taking, damage or destruction is for: **(1)** the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by: **(A)** the State, a political subdivision of the State, or public at large. **Article 1, 17 (160)-** To establish an inverse condemnation claim, a property owner must establish that (1) the State or other governmental entity intentionally performed a certain act (2) that resulted in the taking, damaging or destruction of the owner's property (3) for public use. *Bass v. City of Dallas*. **Article 1, 17 (161)-** An inverse condemnation, for which a owner is entitled to compensation under the Texas Constitution, may occur when the government physically appropriated or invades the property or when unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development. *Weingarten Realty Investors v. Albertson's*

Oral arguments would significantly aid in deciding this case.

## ISSUES TO BE PRESENTED FOR REVIEW

**Issue 1:** Case law, State statue, nor the evidence supports the Orders, or findings of the trial court.

1. **Texas LGC§43.002-** *Continuation of Land Use*

   (a) A municipality may not, after annexing an area, prohibit a person from:

   (1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time;

   (b) Judicial refusal, nor sham-affidavits defeat statues and case law.

2. **Texas LGC§245.00-** *Project*

   a. *Harper Park II v. City of Austin, Greg Guernsey, et al*

   • 'Vested-rights' are 'frozen'; not *'locked-in'* as alleged by appellees.

   b. *Shumaker Enterprises v. City of Austin,*

   • Plainly stated in Chief Justice Jones Opinion on *Shumaker,* Justice Jones stipulates; (second sentence, page 1*)"...Consequently, but before the County had acted on the application..."*.

   • Appellant contends; '...the county 'had acted' on the application', and the County issued **Permit# 85-2558** in 1985; which the appellees did not object.

   • "Vested rights attach to a project once an application for the first permit required in completing the project is filed with municipality, or 'agency' responsible for regulating the subject property"; according to defendants.

3. **Travis County Flood Hazard Permit #85-2558** does not expire in 180 days as alleged by Ms. Stacy Scheffel's sham-affidavit *(See, Affidavits; Defendant's Motion for No-Evidence Summary Judgment).*

   a. Ms. Scheffel Affidavit alleges: "3. *In 1985, the applicable rules and regulations for development permit, including Class "B" Travis County Flood Hazard Area Development Permit, provided that a land development permit expires after (1) 180 days from the date of issuance if no work commenced on the subject property or (2)work authorized under the permit is suspended or abandon for a period of at least 180 days."*

11

b. Correspondence from Travis County Floodplain Engineer, Mark Kronkosky on April 10th, 1987, completely refutes Ms. Scheffel sham-affidavit. (Exhibit C)

c. Ms. Scheffel has was hired by Travis County in 1997, twelve years after permit issuance, and Ms. Scheffel has no first hand knowledge. The doctrine of hearsay excludes consideration of evidence which does not derive its value solely from the witness rather the veracity and competence of some other person whom the witness received the information. Ms. Scheffel Affidavit must be dismissed; under **Article VIII, Rule 802.**

d. Additionally, appellee's arguments are in direct conflict with the Texas statute; according Texas Attorney General Greg Abbott, who concluded; "*A court would likely conclude that the provisions about which you ask* (Project Duration*) are void because they conflict with Chapter §245 of the Local Government Code.*" (*Other Authorities:* Exhibit L; and LGC§245.005)

4. **Texas Constitution, Article 1, §17 (a), (160), (161)**
Appellees' actions, failed to comply with state statue and has 'taken, damaged, or destroyed for or applied to public use without adequate compensation being made to Appellant; resulting in damages for 108 months (one hundred and eight; nine years) for which appellant is entitled to economic compensation.

**Issue 2:** Justice Crump's trial court should not have granted *Defendants' No-Evidence Summary Judgment Motion,* and should have produced 'findings of facts and conclusions of law; appellant's basis for reversal.

1. "To warrant reversal in a non-jury case where record contains a statement of facts but no findings of fact or conclusion of law, appellant must show from the record that under no theory to be gathered therefrom was the court authorized to render the judgment..." *Rosales v. Rosales* (Civ.App.1964) 377 SW.2d 661

2. "Appealing party is entitled to statement of facts, and if, through no fault of his own, after exercise of due diligence he is unable to procure statement of facts, his right to have case reviewed on appeal can be preserved for him by retrial of the cause;

12

...because no court reporter was present at hearing on default judgment was entitled to retrial". *Goodman v. Goodman* (Civ.App.1981) 611 SW.2d 738.

3. Appellees have produced no-evidence appellant's property rights are not 'vested-rights'. Travis County **Permit #85-2558** issued on **August 9th, 1985**; are undisputed. **Texas LGC§43.002.**

4. Travis County acted as the regulating 'agency' at the time of permit issuance; 'vested-rights' attach to a project once an application for first permit is filed, **August 1985. Texas LGC§245.00.**

5. In 1985 the project developer constructed 50 forty-foot piers.

6. While the appellees intervened, and asserted their legal authority; during *Shumaker* application on **Tract B**. At no time have appellees intervened (*ie.* red tagged) appellant's project in thirty years. Today, appellees cannot retroactively assert a change in land-use regulations over 'vested-right' entitlements.

7. Even where no statement of fact or briefs are filed, the court will examine the record for fundamental error and questions of law important to public in general. *Barham v. Combs (*Civ.App1975) 523 SW.2d 725.


**Issue 3:** Inverse Condemnation, and Texas **CPRC Rule §101.0215(29)**- *Municipal Liability, Planning and Zoning*, employees of municipalities are libel for 'intentional torts".

Greg Guernsey imposed his 'occupational discretion', did not exercise 'objective legal reasonableness', when he 'intentionally' denied appellant's valid *Travis County Permit*. **Rule §101.106 Restatement (2d) Torts Rule §895 D, Rule §2.2** *Proprietary Acts of Government*. Instead appellees chartered a course of abuse, to prevent the execution of civil process knowingly made false statements to prevent the performance of civil process. **Rule §41.011(a)(5)**- *Evidence to Exemplary Damages. (See Exhibits I)*

1. An owner is entitled to compensation under the Texas Constitution, when the government physically appropriated or invades the property or when unreasonably interferes with the landowner's right to use and enjoy the property, such as by

13

restricting access or denying a permit for development. *Weingarten Realty Investors v. Albertson's-* Inverse Condemnation. **Article 1, Rule §17(160)(161).**

2. The brazen disregard, and disrespect the City of Austin, and their employees have exhibited, undermine the public trust and should not be dismissed; as attested in Third Court's Memorandum Opinion issued, February of 2015. (*See,* Other Authorities)

## CASE HISTORY
### 6300-02 Highway 290 W *(6300Hwy290W)*
(**Affidavit**: Carl McClendon, and *McClendon & Associates (Exhibit A)*

1. **Subdivision-**

a. *6300Hwy290W*, a **2.357** acre tract, was "..Legally subdivided as Lots 10 and 11, Block 1; Town of Oak Hill, and recorded in the Travis County Deed Records on **December 16, 1872** (*Exhibit B*).

b. In 1982, the City of Austin adopted the *Barton Creek Watershed Ordinance*, however, legally subdivided land was exempt from the ordinance and site development standards per **Sec. 9-10-303(b)**. In short, a site development, or watershed development permit from the City of Austin was not required".

2. **Site Development Permit: issued August, 1985-**

a. "Travis County approved a site development or floodplain permit (*Exhibit C*) on **August 9, 1985** for the *Patton Lane Office Building*, a three story office development. Although the original subdivision was platted in 1872, the site development permit represents the first in a series of permits for the project. The Travis County Engineer's office stamped approved, and issue a permit number: **#85-2558** on **August 9, 1985**. Construction commenced in 1985. Although construction was initiated and later paused due to economic conditions, the floodplain permit does not expire. The site included previously existing residential and commercial development from 1950's and 1970's, which did not require City or County permits when it was constructed. All of the development was outside the City and within the County's jurisdiction, prior to adoption of the *Barton Creek and Williamson Creek Ordinances*."

14

3.   **Annexation : City of Austin-**

a.   "The *Patton Lane Office Building* was under construction when the City of Austin annexed the property for full purpose on **December 30, 1985**, and zoned the property Single-Family-2 (SF-2). Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for the existing commercial development, which is an exemption from compliance with City's existing permit process per **LDC, Sec. 25-1-365**.

4.   **Continued Progress-**

a.   "The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 10, 1991, the City rezoned the property to Commercial Services- Conditional Overlay (CS-CO), (**Ord.#: 911010-B**). Again on June 14, 1997, the landowner filed a related zoning request; which did not alter or change previous restrictions or provisions to the CS-CO zoning, (**C14-91-0027**). It was approved by a 7-0 vote by city Council. In 2008, Draper filed for rezoning of the property to Commercial Services- Conditional Overlay- Neighborhood Plan (CS-CO-NP), (**Ord. #: 20090115-092**), which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit. (*Exhibit D*)

## CURRENT- CASE HISTORY
### 6300-02 Highway 290 W *(6300Hwy290W)*

1.   **Oak Hill Neighborhood Plan-**

a.   On, or around the spring of 2006, the City of Austin initiated development of the '*Oak Hill Neighborhood Plan*', OHNP. Draper participated as a board member of the '*Oak Hill Neighborhood Contact Team*', OHNPCT. Concerned his property, potentially, could be down-zoned through the OHNP, Draper obtained legal counsel, through the law firm of *Munsch, Hardt, Kopf, & Harr*, representation provided by Robert Kleeman.

15

b.   In January of 2008, Mr. Kleeman conducted countless meetings and correspondence with Matt Hollon, Pat Murphy, Victoria Li, City of Austin *Watershed Protection, and Development Review Department*; none were able to produce conclusive evidence Draper's property *6300Hwy290W* was not entitled to 'vested-rights' provisions as instructed by **LGC Chapters §43.002,** or **LGC §245.00**. (*Exhibit E,F*).

c.   Consequently, through assistance of Mr. Kleeman, *and Munsch, Hardt, Kopf, & Harr*, Draper filed and obtained rezoning in December, 2008, (**Case No. C14-2008-0152**). Draper has perpetuated project completion throughout his ownership of *6300Hwy290W*.


2.  **Site Plan: Fair-Notice-**

a.   On the behalf of Draper, February 14, 2011, Jim Schissler, an engineer with *Jones & Carter*, submitted a *Site Plan Fair Notice and H.B. 1704/ Chapter 245 Determination* application for the *Patton Lane Office Building* project; located on the northeast corner of West U.S. Highway 290, and Patton Ranch Road in southwest Travis County. (*Exhibit G*).

b.   Greg Guernsey, *City of Austin Planning and Development Watershed Protection and Review Department*, along with Susan Scallon, and the *Chapter 245 Determination Committeee,* intentionally, denied Draper's application. (*Exhibit F*). Scallon rejected Draper's application, for the reasoning: "*project complete*". (*Exhibit F*). Greg Guernsey, Susan Scallon, and the *1704 Committee* at their 'occupational discretion' made fraudulent misrepresentations, breached their duty, while aiding, abetting the subversion of State law; **LGC § 43.002-** *Continuation of Land Use.*

c.   Draper employed *McClendon & Associates* in February of 2012. *McClendon & Associates* resubmitted Draper's *1704/Chapter 245 Determination* request; after records documenting the issuance of *Travis County Flood Hazard Permit*, and original architectural permits were uncovered on microfiche, through the Travis County archives. (**Affidavit**: R. Glasphar). Again, the *1704/ Chapter 245* 'vested-rights" entitlements were denied without statutory support.

d.   In attempt to exhaust his administrative appeal, on November 2, 2012, Draper met with City of Austin Council Member, Chris Riley, in attempt to amicably resolve the

16

dispute. Council member Riley said; " ...*it would require a Plan Amendment to S.O.S.; which requires a 'super-majority' of City Counsel...*". Draper, respectfully, disagrees.

e.  Draper contends, his property located at 6300-02 West Highway 290, has '*vested-rights*" under **Chapter §43.002** and 1704/**Chapter §245** of Texas' Local Government Code. Having exhausted his administrative appeal, Draper files the above-mentioned cause of action on March 4th, 2013.

## STATEMENT OF FACTS

### Failure to produce Finding of Facts- Defendant's No-Evidence Summary Judgment

On November 13th, the trial court of the honorable Justice Karin Crump failed to comply with **TRCP § 299,** Finding of Fact and Conclusions of Law.

On November 15th, 2016, appellant recorded, past-due notice in the District Court for failure to timely comply with **CPRC Rules §297**, *Finding of Facts and Conclusions of Law.*

Justice Karin Crump's letter dated, October 28th, 2016 response was; *"...Finding of Facts Conclusion of Law are neither required nor appropriate following summary judgment ruling; therefore, the Court respectfully denies Plaintiff's Request for Finding of Fact and Conclusion of Law".*

Under **TRCP § 299**, Refusal request shall be reviewable on appeal. "Harm to the complaining party is presumed unless the contrary appears in the face of the record when the party makes a proper and timely request for findings, and the trial court fails to comply. Error is harmful if it prevents an appellant from properly presenting a case to the appellant court." *Tenery v. Tenery,* 932 S.W. 2d 29, 30 (Tex. 1996)

Where appellant's objections to finding s of facts and conclusion of law, and his request for additional findings has been denied by the trial judge, to whom the case had been tried, statutory statement of facts control the appeal. *Kilsby v. Areo-Test Equipment Co.* (Civ.

17

App.1957) 301 SW.2d 703. Diligence in obtaining a statement of facts in default judgment case does not require appealing party to exhaust provisions of the is rule and rule 378 governing statement of facts for the purpose of appeal. *Gipson v. Southwest Oil Co. San Antonio, Inc* (Civ.App.1980) 604 SW.2d 396

**Local Government Code §43.002 & §245**

*Defendant's Motion for No-Evidence Summary Judgment;* appellees asserted sham-affidavit and hearsay;

- In order to defeat **LGC §43.002**, Ms. Stacey Scheffel, Travis County Permit Director stated under oath; appellant's vested-rights had expired; *"...180 days after issuance if no work commenced, or...abandoned after 180 days"*. (*Affidavit*: Stacey Scheffel)

    o Wrong. Why then did Travis County Floodplain Engineer, Mark Kronkosky on April 10th, 1987, request *'another elevation certificate'*; 605 days after original permit issuance? (*see* Exhibit C)

    o Ms. Scheffel testimony is direct conflict with **LGC §245.005(b)1**

    o In Appellant's *Plaintiff's First Amended Petition,* Attorney General Greg Abbott issued an opinion on December 10, 2012 on **LGC §245**- "project duration ordinance" *(Exhibit L).* In summary, the Attorney General concluded; " *A court would likely conclude that the Ordinance provisions about which you ask are void because they conflict with Chapter §245 of the Local Government Code. ".*

    o Additionally, *"Under Chapter 245 of the local development code, once an application for the first permit required to complete a property-development 'project' is filed with the municipality or other agency that regulates such use of the property, the agency's regulation applicable to the "project" are effectively "frozen" in their then-current state and the agency is prohibited from enforcing*

18

*subsequent regulatory changes to further restrict the property use"*. See TEX. GOV'T COCE Ann. 245.001-.007 (West 2005) *Shumaker Enters, Inc. v. City of Austin*, 325,, S.W. 3d 812, 814-5 & n.5 (Tex. App- Austin 2010, no pet.)

- o Ms. Scheffel was not employed by Travis County in 1985. The doctrine of of heresay excludes consideration of evidence which does not derive its value solely from the witness rather the veracity and competence of some other person whom the witness received the information. Ms.Scheffel testimony must be dismissed, under **Article VIII, Rule § 802**.

- *Shumacher* had a permit for **Tract A**; which did not require city approval. *Shumacher* made a new application for a permit on **Tract B**; which the city objected.

- Appellant had a "project". An 'original application for development or plat application that has gives[n] the regulatory authority fair notice of the project and nature of the permit sought' was filed on **August 9th, 1985**.

Appellant's vested-rights are frozen on "project" original application in 1985.

## Summary Judgment as a rule of law

To succeed on a traditional motion for summary judgment, the defendant must show there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. TRCP 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. Fielding*, 289 S.W. 3d 844, 848 (Tex. 2009). To meet the burden, defendants must conclusively prove all essential elements of the claim. *MMP, Ltd. v. Jones*, 710 S.W.3d 802, 816 (Tex. 2005). Apellees failed to conclusively prove all essential elements, and are not support with the trial court's finding of fact.

19

## Tex. Government General Provisions:

Under **CPRC Rule §101.0215(29)** *Liability of a Municipality*, a municipality is liable under this chapter for damages arising from it's governmental functions **(29)** *zoning and planning*. "A governmental employee is entitled to official immunity for good-faith performance of the discretionary duties within the scope of the employee's authority. [I]f the duty is imposed by law, then the performance of the duty is a ministerial act, and there is no immunity for failure to perform it." *City of Houston v. Jenkins*, 363 S.W.3d 808, 814 (Tex. App.-Houston [14th Dist.] 2012 pet. filed 4-30-12). Greg Guernsey failed to perform his duty in approval of Plaintiff 'vested-rights' Chp. 245 Fair-Notice Application. (Exhibit F).

Other factors the court must consider, what the property owner's reasonable expectations were in the property (See, *Edwards*). A per se regulatory taking occurs when the regulation requires the property owner to suffer a physical invasion of her property. *Edwards Aquifer v. Sheffield Dev.Co.*, 369 S.W.3d at 838, 140 S.W.3d at 671.

## DAMAGES

Given the egregious, and reprehensible conduct of Greg Guernsey's and the City of Austin's wanton disregard of State law, given the City's practices are not an isolated event, given defendants' actions were committed, knowingly and intentionally; therefore, appellant seeks to recover actual economic damages, and exemplary damages, he has suffered. Appellant requests relief.

Plaintiff is entitled to relief. Under, **Texas Constitution, Article 1, 17 (161)**- An inverse condemnation, for which a owner is entitled to compensation under the Texas Constitution, ....such as by restricting access or denying a permit for development. (*Weingarten Realty Investors v. Albertson's*, (S.D. Tex. 1999) 66 F.Supp.2d, 825).

20

## Compensatory (Economic) Damages

Plaintiff's 'vest-rights' entitlements to 6300 Hwy 290 West have been denied; since January 2008 to the present, nine years.

As affirmed in *Affidavit* by Mr. Draper, and in accordance with *Cushman Wakefield/Oxford Commercial Austin Office Market Report*, the Southwest rental rate for 2013 was $31.81 p.s.f. The 1985 Travis County permitted *Patton Lane J.V.* office project, gross square footage was 43,510 sq. ft. (*Exhibit C, and Affidavit 3*)

Therefore, from January 2008 until January 2017 equates to 108 months (9 years); times the southwest market rate of $31.81, times 43,510 sq. ft., equals **$12,456,478.00** in compensatory damages.

## Exemplary Damages

Additionally, Draper is entitled to exemplary damages. Given the aggravated conduct, duration of wanton fraud, misrepresentations, the degree of culpability, perjury, breech of contact, malice and physical threats, sense of justice, and Appellees' net worth; orchestrated against Draper, and his property, Draper seeks an additional **$12,456,478.00** in exemplary damages.

Under **Rule §41.011(a)(5)**, Exemplary damages are designed to penalize and deter conduct that is outrageous, malicious, or morally culpable. *Owen-Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 40 (Tex. 1998) To the extent the nature of the offenses offends the public interest, the City of Austin should be held accountable.

## Total Damages

Plaintiff requests, Total Damages as of December 2016, for **$24,912,956.00**. Should it please the court, **$25,000,000** (twenty-five million); after collections, accumulated and accrued interest of seven percent (7%).

21

## CONCULSION

Apellant has been harmed and deprived by the trial court's refusal to produce a findings of facts, and conclusions of law, a material error, **TRCP §299**. Appellant has been forced to guess at the trial courts deliberations; whereby, appellant requests a reversal.

Appellees entire case rests on the sham-affidavits presented by Stacey Scheffel, Susan Scallon and *Shumaker*; which does not apply. Appellees have not conclusively proven their affirmative defense as a matter of law. The trial court refuses to provide Findings of Fact and Conclusions of Law; forcing the appellant to guess at the conclusions of the trial court. Even without statement of facts, it is the appelate court's duty to review correctness of legal conclusion drawn from the facts actually found by the trial court. *Ives v. Watson* (Civ.App.1975) 521 SW.2d 930 . As a consequence, the trial court forfeited their plenary powers for failure to comply with **TRCP Rule §299.** The Appellees are not entitled to summary judgment on the appellant's causes of action; because of the disputed facts in this case and appellee's summary-judgment evidence does not conclusively establish each element of **LGC§43.002, LGC§245.00 Torts §876, CRPC Rule §101.0215(29).** Appellees denied, appellant's valid Travis County Flood Hazard Permit, thereby, adversely condemning appellant's 'vested-rights' without adequate compensation; thereby, violating **Article I, §17(a) of the Texas Constitution.** Appellant requests, a reversal of the trial courts findings, and reward vested-rights, damages and summary judgment to the appellant.

22

## CERTIFICATE OF CONFERENCE

I certify, that I have conferred with Andralee Cain Lloyd by telephone on December 30, 2016, and have attempted in good faith to reach an agreement on *Defendants' No-Evidence Motion for Summary Judgment,* and *Order on Motion for Summary Judgment;* issued October 18th, 2016. We have been unable to reach an agreement.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains less than 6,500 words, in compliance with **Rule §9.4** of the Texas Rules of Appellate Procedure.

## PRAYER

Appellant prays the Third Court will support the rule of law, and issue damages, declaratory relief, alternative relief, and summary judgment in favor of the appellant.

Equally, Appellant prays the Third Court will grant Appellant's compensatory, economic and exemplary damages for **$25,000,000** (twenty-five million); plus interest.

Additionally, Appellant prays the Third Court will acknowledge Appellant 'vested-rights'; recognizing Travis County's Flood Hazard Permit was the first permit in a series of permits, and grant Appellant "vested-rights protections, entitled to develop, office, or any other commercial use consistent with rules regulations, and ordinances in effect at the time of initial permit application; "project" was "commercial" development and was not limited to office building or other specific type of "commercial" development", *Harper Park II v. Greg Guernsey, in his capacity Director of Planning and Development Watershed Protection Review Department,* S.W.3d (App. 3 Dist. 2011), 359, S.W. 3d 247.

23

Respectfully submitted,

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 5th, 2017 a true and correct copy of the foregoing *Appellant's Brief*, was sent by certified mail, return receipt request to Andralee Cain Lloyd, *Austin Law Department*, City Hall, 301 West 2nd Street. P.O. Box 1546, Austin, Texas 78767-1546

**Andralee Cain Lloyd, Assistant City Attorney**
**Law Department, City of Austin**
**City Hall, 301 West 2nd Street**
**P.O. Box 1088**
**Austin, Texas 78767-1088**
**(512) 974-2918**

# APPENDIX

# IN THE DISTRICT COURT OF
## TRAVIS COUNTY, TEXAS
### 419th JUDICIAL DISTRICT

CHARLES N. DRAPER, §
§
Plaintiff, *Pro Se* §
§
V. §    CAUSE NO.   D-1GN-13-000778
§
GREG GUERNSEY, §
IN HIS CAPACITY AS DIRECTOR OF §
PLANNING AND DEVELOPMENT §
WATERSHED PROTECTION §
REVIEW DEPARTMENT, §
AND CITY OF AUSTIN §
§
Defendants. §

## PLAINTIFF'S FINAL AMENDED PETITION

Charles N. Draper, plaintiff, brings this suit against the City of Austin, Greg Guernsey, in

his capacity as Director of Planning and Development Review Department for the City of

Austin, as party defendants, and for: fraudulent misrepresentations, malice, administrative

failure to comply with Chapters: §43.002, §245, and Chapter §312.005 of the Texas Local

Government, Draper shows the Court the following:

### Parties and Venue

1. Charles N. Draper is an individual residing in Austin, Travis Country, Texas 78735.

2. The property, in possession, and questions of fact are located at: 6300-02 Highway 290

   *(6300Hwy290W)* West, Austin, Texas 78735, Travis County, Texas and are owned

   individually by Draper.

1

3. City of Austin, and Director Greg Guernsey, which conduct business in Travis County, and may be served: at 505 Barton Springs Road, One Texas Center, 4th floor, Austin, Texas 78704.

4. Venue of this action is proper because, the property is located in Travis County, and the plaintiff's was denied his vested-property rights as defined in SB 1701, and Chapters: §43, §245, and Chapter § 312.005 of the *Texas Local Government Code*, by the City of Austin.

## Case History: - 6300-02 Highway 290 W

(Authority opinion: *McClendon & Associates (Pl. Exhibit A)*

1. **Subdivision-**

   a. 6300Hwy290W, a 2.357 acre tract, was "..legally subdivided as Lots 10 and 11, block 1, Town of Oak Hill, and recorded in the Travis County Deed Records on December 16, 1872 *(Pl. Exhibit B)*.

   b. In 1982, the City of Austin adopted the *Barton Creek Watershed Ordinance*, however, legally subdivided land was exempt from the ordinance and site development standards per **Sec. 9-10-303(b)**. In short, a site development, or watershed development permit from the City of Austin was <u>not</u> required".

2. **Site Development Permit: issued August, 1985-**

   a. "Travis County approved a site development or floodplain permit *(Pl. Exhibit C)* on August 9, 1985 for the *Patton Lane Office Building*, a three story office development . Although the original subdivision was platted in 1872, the site development permit represents the first in a series of permits for the project." The Travis County Engineer's office stamped approved, and issue a permit number: **85-2558** on August 9, 1985. Although construction was initiated and later paused due to economic conditions,

2

the floodplain permit does not expire  Construction commenced in 1985. The site included previously existing residential and commercial development from 1950's and 1970's which did not require City or County permits when it was constructed. All of the development was outside the City and within the County's jurisdiction, prior to adoption of the *Barton Creek and Williamson Creek Ordinances."*

3. **Annexation to the City of Austin-**

    *a.* "The *Patton Lane Office Building* was under construction when the City of Austin annexed the property for full purpose on December 30, 1985, and zoned the property Single-Family-2 (SF-2). Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for the existing commercial development, which is an exemption from compliance with City's existing permit process per **LDC, Sec. 25-1-365**.

4. **Continued Progress-**

    a. "The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 10, 1991, the City rezoned the property to Commercial Services- Conditional Overlay (CS-CO), **(Ord.#: 911010-B)**. Again on June 14, 1997, the landowner filed a related zoning request; which did not alter or change previous restrictions or provisions to the CS-CO zoning, **(C14-91-0027)**. It was approved by a 7-0 vote by city Council. In 2008, Draper filed for rezoning of the property to Commercial Services- Conditional Overlay- Neighborhood Plan (CS-CO-NP), **(Ord. #: 20090115-092)**, which amended the site development

3

restrictions and permitted uses on the property to be consistent with those of the originally submitted permit. (*Pl. Exhibit D*).

## Current History: 6300-02 Highway 290 W

1. **Oak Hill Neighborhood Plan-**

   a. On, or around the spring of 2006, the City of Austin initiated development of the '*Oak Hill Neighborhood Plan*', OHNP. Draper participated as a board member of the '*Oak Hill Neighborhood Contact Team*', OHNPCT. Concerned his property, potentially, could be down-zoned through the OHNP, Draper obtained legal counsel, through the law firm of *Munsch, Hardt, Kopf, & Harr*. Representation was provide by Robert Kleeman.

   b. Mr. Kleeman conducted countless meetings and correspondence with Matt Hollon, Pat Murphy, Victoria Li, City of Austin Watershed Protection, and Development Review Department.; none were able to produce conclusive evidence Draper's property 6300Hwy290W was not entitled to 'grand-fathering' provisions as instructed by LGC Chapter 245.00. (*Pl. Exhibit E,F*).

   c. Consequently, through assistance of Mr. Kleeman, *and Munsch, Hardt, Kopf, & Harr*, Draper filed and obtained rezoning in December, 2008, (**Case No. C14-2008-0152**). Draper has perpetuate project completion throughout his ownership of 6300Hwy290W.

2. **Site Plan Fair Notice-**

   a. On the behalf of Draper, February 14, 2011, Jim Schissler, an engineer with *Jones & Carter*, submitted a *Site Plan Fair Notice and H.B. 1704/ Chapter 245 Determination* application for the *Patton Lane Office Building* project; located on the northeast corner

4

of West U.S. Highway 290, and Patton Ranch Road in southwest Travis County. (*Pl. Exhibit G*).

b. Greg Guernsey, *City of Austin Planning and Development Watershed Protection and Review Department*, along with Susan Scallon, and the *Chapter 245 Determination Committee* denied Draper's application. (*Pl. Exhibit F*). Scallon rejected Draper's application, for the reasoning: *"project complete"*. (*Pl. Exhibit F*). Greg Guernsey, Susan Scallon, and the *1704 Committee* made a fraudulent misrepresentations, and ignored; **LGC § 43.002. Continuation of Land Use.**

c. Throughout the course of 2011, and 2012, Draper sought clarification from the *1704 Committee,* denial. Draper had to go as far as appeal to the Texas' Attorney General's office, in order to mandate the City of Austin's compliance with the *Texas Open Records Act*; which the City asserted *"attorney/client"* privileges.(*Pl. Exhibit J*).

d. Draper employed *McClendon & Associates* in February of 2012. *McClendon & Associates* resubmitted Draper's *1704/Chapter 245 Determination* request; after records documenting the issuance of Travis County Flood Plain Permit, and original architectural permits were uncovered through the Travis County archives. Again, the *1704/ Chapter 245* entitlements were denied without statutory support.

e. In attempt to exhaust his administrative appeal, on November 2, 2012, Draper met with City of Austin Member, Chris Riley, in attempt to amicably resolve the dispute. Council member Riley said; " ...*it would require a Plan Amendment to S.O.S.; which requires a 'super majority' of City Counsel..*" . Draper respectfully disagrees.

f. Draper contends, his property located at 6300-02 West Highway 290, is '*grand-fathered*' under Chapter §43.002 and 1704/Chapter 245 of Texas' Local Government

5

Code. Having exhausted his administrative appeal Draper files the above mentioned cause of action.

## Texas Local Government Code, and Civil Practices & Remedies Code

**LGC § 43.002. Continuation of Land Use-**

(a) A municipality may not, after annexing an area, prohibit a person from:

(1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time; or

(2) beginning to use the land in the area in the manner that was planned for the land before the 90th day before the effective date of the annexation if:

(A) one or more licenses, certificates, permits, approvals, or other forms of authorization by a governmental entity were required by law for the planned land use; and

(B) a completed application for the initial authorization was filed with governmental entity before the date the annexation proceedings were instituted.

**LGC § 245.001. Definitions-**

(1) "Permit" means a license, certificate, approval, registration, consent, permit, contract or other agreement for construction related to, or provision of, service from a water or wastewater utility owned, operated, or controlled by a regulatory agency, or other form of authorization required by law, rule, regulation, order, or ordinance that a person must obtain to perform an action or initiate, continue, or complete a project for which the permit is sought.

(3) "Project" means an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor.

(4) "Regulatory agency" means the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit.

**LGC § 245.002. Uniformity of Requirements**

(a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time;

(1) the original application for the permit is filed for review for any purpose, including review for administrative completeness; or

(2) a plan for development of real property or plat application is filed with a regulatory agency.

6

(a-1) Rights to which a permit applicant is entitled under this chapter accrue on the filing of an original application or plan for development or plat application that gives the regulatory agency fair notice of the project and the nature of the permit sought. An application or plan is considered filed on the date the applicant delivers the application or plan to the regulatory agency or deposits the application or plan with the United States Postal Service by certified mail addressed to the regulatory agency.

**LGC § 245.006. Enforcement of Chapter-**

(a) This Chapter may be enforced only through mandamus or declaratory or injunctive relief.

**CPRC § 101.021 – Governmental Liability – "** a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by a wrongful act or omission, or negligence of an employee acting within the scope of employment if: (B) the employee would be personally liable to claimant to Texas law."

**CPRC § 101.0215 – Liability of a Municipality-** "a municipality is liable under this chapter for damages arising from it's governmental functions, which are those functions that are enjoined on the municipality and are given it by the States as part of the State sovereignty to be exercised by the municipality in interest of the general public, including but not limited to: (29) zoning, planning and plat approval."

## Case Law

*Harper Park Two, LP v. City of Austin*
LGC § 245.00- .002

     **Uniformity of Requirements, Projects, 2.5, Permits-** "Project" was single endeavor reflected in original application for first permit in series, rather than individual components of larger, original project/endeavor that could subsequently require separate permit, and thus, owner, under vested-rights protections, was entitled to develop six-acre lot as hotel, office, or any other commercial use consistent with rules, regulations, and ordinances in effect at time of initial permit application, along with zoning and restrictive covenants that were previously voluntarily imposed on property; "project" was "commercial" development, as defined under then-applicable ordinances, and was not limited to office building or other specific type of "commercial" development. *Harper Park Two, LP v. City of Austin* (App. 3 Dist. 2011) 359 S.W.3d 247, rehearing overruled, review denied.

     "Under chapter 245 of the local government code, once an application for the first permit required to complete a property-development "project" is filed with the municipality or other agency that regulates such use of the property, the agency's regulation applicable to the "project" are effectively "frozen" in their then-current state and the agency is prohibited from enforcing

7

subsequent regulatory changes to further restrict the property use". *See* TEX. GOV'T CODE Ann. §§ 245.001-.007 (West 20005) *Shumaker Enters, Inc. v. City of Austin, 325, S.W. 3d 812, 814-15 & n.5*(Tex. App- Austin 2010, no pet.)

Greg Guernsey, Susan Scallon and the 1704 Committee violated State law, ignored

*"project" are effectively "frozen"'* from further restrictions, acted in defiance of State law, and

fraudulently misrepresented Draper's project as; *"project-complete". (Pl. Exhibit F)*


"See Act of May 11, 1999, 76th Leg., R.S. Chp73 § 2, 1999 Tex. Gen. Laws 432, codified as amended, Tex. Loc Gov't Code Ann. § 245.002(a)-(b). The effect of these requirements, is to "freeze" most of the regulatory authority's land-use regulations as they existed at the time the first permit application is filed through completion of the "project"." *Harper Park II v. City of Austin,* S.W. 3d (App. 3 Dist. 2011), 359, S. W. 3d 247.

"See Act of May 11, 1999, 76th Leg., R.S. Chp73 § 2, 1999 Tex. Gen. Laws 432; *see Quick v. City of Austin* 7 S.W. 3d 109 (Tex 1998) at 128n (purpose of the chapter 245's statutory predecessor, former chapter 481 of the government code, was to " establish requirements relating to the processing and issuance of permits and approvals by the government regulatory agencies in order to alleviate bureaucratic obstacles to economic development")". *Harper Park II v. City of Austin,* S.W. 3d (App. 3 Dist. 2011), 359, S. W. 3d 247.

"Moreover, as an incidental matter of historical fact, the legislative record reflects that bill proponents advocated chapter 245 as an appropriate response to instances when the City of Austin had purportedly imposed new regulatory restrictions, retroactively on development projects that were already underway causing project failures, bankruptcies, and regulatory uncertainty for developers, and landowners". *Harper Park II v. City of Austin,* S.W. 3d (App. 3 Dist. 2011), 359, S. W. 3d 247

"In any event, we are to construed chapter 245 in a manner consistent with legislature's intent, and whether that leads to a particular "narrow" or "broad" application is entirely a function the words the Legislature has chosen. The words that the Legislature has chosen in chapter 245 guide us to view the relevant project in context of the applicable land-use regulations in effect at the time the initial permit application was filed". *Harper Park II v. City of Austin,* S.W. 3d (App. 3 Dist. 2011), 359, S. W. 3d 247

8

**LGC § 245.006-**

Statutes allowing enforcement of permit application regulations through declaratory or injunctive relief and waiving immunity from suit only applied to permit applicants, and thus did not result in a waiver of city's immunity from neighbor's claims that city violated its ordinances in issuing drilling permit to owner of underground hydrocarbon storage facility. *Cernosek Enterprises, Inc. v. City of Mont Belvieu* (App. 1 Dist. 2011) 338 S.W.3d 655. Municipal Corporations

**LGC § 312.005. Legislative Intent-**

In interpreting a statue, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy. "The Court of Appeals presumes that legislature used every word for a purpose and excluded every word for a purpose". (*Brown v. State (App 5 Dist. 1995) 915 S.W. 2ⁿᵈ 533*). Where language is unambiguous and it meaning is clear, a court should give effect to the statue, according to its terms." (*Rio Grande Valley Sugar Growers, Inc v. Campesi (Civ. APP.1779) 580 S.W. 2ⁿᵈ 850*). "The primary objective in construing statue is to give effect to Legislature intent. (*Mitchell Energy Corp. v. Ashworth (Sup.1997) 943 S.W. 2ⁿᵈ 436*).

"City's contention that it will not construe challenged ordinance in unconstitutional manner is irrelevant to constitutional question of ordinance's susceptibility to such construction: well-intentioned prosecutors and judicial safeguards do not neutralize vice of vague law". (*City of Mesquite v. Aladdin's Castle Inc. (Civ. App. 1997) 559 S.W. 2ⁿᵈ 92*).

Draper contends Greg Guernsey, and the City of Austin breeched **CPRC § 101.0215, *Liability of a Municipality*,** made fraudulent misrepresentations, misconstrued the Legislature's intent taking a "narrow" view of chapter 245, ignored **§ 43.002** , and refusing to provide a definitive explanation for the refusal of Draper's application.

**Attorney General John Cornyn Opinion, October 13, 2001-**

"Section § 245.002 of the Local Government Code locks in, for the duration of a real-property "project", the development regulation in effect when the original application for the first necessary permit is filed. See TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001); *see also Quick v. City of Austin*, 7 S.W. 3d 109, 131 (Tex. 1998). Under the statutory definition of term "project", it is irrelevant whether the owner who files the original application for the first permit retains the property for the duration of the project or conveys the property. See TEX. LOC

9

GOV'T CODE § 245.001(3)(Vernon Supp. 2001) If another person purchases the tract of land, you inquire, is the purchaser "entitled to the rights and benefits" that Chapter 245 provides to the owner who filed the original application for the first permit, *see* Letter, not 1, at 1, and we thus understand you ask whether the property remains subject to the development regulations in effect when the original application for the first permit was filed despite the conveyance. We conclude that the property remains subject to the development regulations in effect at the time the original application for permit was filed, but only if the project remains the same." *(Pl. Exhibit K)*

**Attorney General Greg Abbott's Opinion, December 10 , 2012-**

"You inquire about a potential conflict between the City of Austin's Project Duration Ordinance ("Ordinance") and chapter 245 of the Local Government Code. *Id* § 245.005(b). Under the Ordinance, a project's expiration date could be sooner than five years after the filing of the first permit application. AUSTIN CITY CODE § 25-1-533(B).Under the statute, however, a project's expiration date must be no earlier than five years after the filing of the first permit application. TEX. LOC. GOV'T ANN. § 245.005(b) (West 2005). Thus, the Ordinance's expiration periods conflict with those of statute. Similarly, under the Ordinance, a project would expire if "all building permits are not obtained or notice of construction is not filed within the time periods" established by the city. AUSTIN CITY CODE § 25-1-533(B). However, under the statue, a project may not expire unless it meets dormancy criteria in section 245.005 TEX. LOC. GOV'T ANN. § 245.005(c)(2) (West 2005). The failure to obtain all building permits or file a notice of construction within a time period set by the city is not one of the criteria set forth in section 245.005. Thus, the Ordinance's criteria for expiring a project conflicts with that of the statute. *See In re Sanchez, 81 S.W. 3d at 796.*

Accordingly, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire sooner than it would under provisions of section 245.005 of the Local Government Code. Likewise, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire regardless of whether the project meets the section 245.005 criteria for progress towards completion of the project". *(Pl. Exhibit L).*

"While Attorney General opinions are not binding on Court of Appeals, they are persuasive and entitled to consideration". *(Glasscock Underground Water Conservation Dist. V. Pruitt (App. 8 Dist. 1996) 915 S.W. 2nd 577.*

Draper "project" complies with the accords of Attorneys General John Cornyn, and Greg Abbott's opinions, "...*the property remains subject to the development regulations in*

10

*effect at the time the original application for permit was filed...";*Travis County Flood Hazard Permit, August 9, 1985; prior to city annexation.

### Fraudulent Misrepresentation

As stated in abovementioned tort claim, Greg Guernsey, City of Austin, Susan Scallon, and the 1704 Committee made fraudulent misrepresentations. Susan Scallon assertion *"project complete" (Pl. Exhibit F)* fraudulently represent a misrepresentation of material fact. Three times, Greg Guernsey made further misrepresentations on May 13th, 2011 *(Pl. Exhibit H)*, May 23rd, 2011 *(Pl. Exhibit I)*, and September 21, 2012 in correspondence: *"...Based on this information, I have decide to uphold my original decision that the site would be subject to current code based on day of submittal..". (Pl. Exhibit ?N)*

Basic elements of **Fraudulent Misrepresentation:**
1. False representation of a material fact.
2. Scienter (fraud) defendant knew element were false.
3. Intent to induce plaintiff's reliance.
4. Act of reliance on false representation.
5. Plaintiff suffered damages.
   **Scienter** (elements of fraud)

- Plaintiff proved that the Defendant knew the statement was false, made the statement without belief in the truth, or made the statement in reckless disregard for the truth.
- Elements of negligence – the plaintiff must only prove that the defendant made the statement without using reasonable care to determine whether the statement was true or false.

In seeking claim for misrepresentation, a plaintiff may have suffers personal injury, property damages, or economic loss. The claim for misrepresentation is one of the few tort laws that will allow recovery for all three types of damages; compensatory, punitive, and exemplary.

Draper claims, Greg Guernsey and the City of Austin made fraudulent misrepresentations, attempted to induce Schissler, Kleeman, McClendon, and Draper into believing their misrepresentations, defendants knew the statements were false, and plaintiff suffered damages.

11

## Perjury and Breach of Contract

In early May of 2013, Sandra Kim, Assistant Attorney for the City of Austin, notified Draper, she would be out of the country on May 20th, 2013; whereby, Draper agreed to reset a scheduled hearing on the merits of *Plaintiff's Original Petition*. On May 6th, 2013, Draper entered into a **Rule 11 Agreement** with Defendant's attorney, Sandra Kim. The **Rule 11 Agreement** stipulated; *"Pursuant to Rule 11 of the Texas Rules of Civil Procedure, the parties have agreed to reset Plaintiff's Original Petition, Declaratory Judgment, Injunctive Relief and Supplement to the Record from its current setting of May 20, 2013, at 2:00 PM to June 10, 2013, at 2:00 PM"*. *(Plaintiff's Exhibit M)*.

On May 17th, 2013, Sandra Kim filed; *Affidavit in Support of Motion of Continuance*.

In Ms. Kim's Affidavit, Kim testifies: *"Counsel for Defendants ('..On May, 3, 2013, Defendant's received a Notice for Hearing set for May 20, 2013...') was not contacted prior to scheduling this hearing date and unable to attend because she will be in South Korea from May 18[th], 2013 to June 1, 2013."* *(Plaintiff's Exhibit M, p.1, p.2)*.

Ms. Kim further testified ('...*under the penalty of perjury'); "Any request for injunctive relief allowing the Plaintiff to develop his property would upset the [']status quo['] and constitute a hearing on the merits of the Plaintiff's case and be tantamount to adjudicating both parties' respective rights without the benefit of a trial, which is improper basis for granting a temporary injunction"*. *(Plaintiff's Exhibit M, p.9)*

Ms. Kim's *Affidavit in Support of Motion for Continuance* was a false statement. Ms. Kim committed perjury, in order to prevent Draper's hearing on the merits of his claim; scheduled: June 10, 2013 at 2:00 PM.

12

'*Status quo*' is Draper's valid *Travis County Flood Hazard Permit* issued; August 9, 1985. (*Plaintiff's Exhibit C*). Ms. Kim made a fraudulent statement under the oath of perjury.

### LGC § 43.002. Continuation of Land Use-

(a) A municipality may not, after annexing an area, prohibit a person from:
 (1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time; ...

### TX. JUR. 3d Criminal Law Offenses Against Public Administration

§ 109. **Preventing the Execution of Civil Process-** a person commits an offense if he or she intentionally or knowingly, by words or physical action, prevents the execution of any process in a civil cause. (**Tex. Penal Code Ann. § 38.16(a)**).

§ 85. **Knowledge of False Statement-** The evidence may be sufficient even if it does not show that the accused knew the statement was false because a person may commit perjury by swearing to a matter about which he or she has no knowledge or swears falsely to a belief in the existence of a fact which he or she knows does not exist. *Gauthier v. State*, 496 S.W. 2d, 584 (Tex. Crim. App. 1973); *Butler v. State*, 429 S.W. 2d, 497 (Tex Crim. App. 1968); *Hardy v. State*, 246 S.W. 3d 290 (Tex. App. Houston 14th Dist. 2008).


Ms. Kim's falsified *Affidavit in Support of Motion for Continuance*, was complicit with Assistant City Attorney, Christopher Coppola May 30th, 2013 hearing on *Defendant's Greg Guernsey and City of Austin Motion of Continuance*, granted by Judge Wisser.

Upon Judge Wisser Order, the City of Austin and Assistant City Attorney Sandra Kim breached the **Rule 11 Agreement,** signed on May 5, 2013. (*Plaintiff's Exhibit C*)

### TX. JUR. 3d Contracts

§ 326. **Prevention and Performance-** Where one party to the contract, by wrongful means, prevents the other party from performing, as by making it impossible for that party to perform, such action constitutes a breach of the agreement; the effect of such a breach is not only to excuse the performance by the injured party, but also to entitle it to recover for any damage sustained by reason of the breach. (Arceneaux v. Price, 468 S.W. 2d, 473 (Tex. Civ. App. Austin 1971); S.K.Y. Inv v. H.E. Butt Grocery Co. , 440, S.W. 2d 885 (Tex. App. Corpus Christi 1969)).

13

Draper sustained damages as a result of the City of Austin's complicit failure to adhere to Texas statutes, perjury, and breach of a **Rule 11 Agreement.**

## Damages

Given the egregious and reprehensible nature of Greg Guernsey's and the City of Austin's wonton disregard of State law, and given the City's practices are not an isolated event, Defendants' actions were committed, knowingly and intentionally, and therefore Plaintiff seeks to recover actual economic damages, compensatory, and exemplary damages, he has suffered.

## Compensatory Damages

As evidenced in Plaintiff's letter to Greg Guernsey, *Exhibit J* (dated: September, 2011),

*"...As a consequence of your un-relented position, I have experienced economic hardship, economic loss, and inability to rent my property, or generate economic rent from my investment...".*

Draper, further, evidenced his complaint of economic loss. On June 15th, 2013, Draper filed, *Plaintiff's Response to Defendant's Request for Disclosure*; which was in compliance of **TRCP 197.** Record Excerpt:

> **City of Austin: Pursuant to Rule 194.2(d), provide the amount and method of calculating all economic damages which you seek to recover in this cause.**
>
> **Draper's Response:**
> Correspondence between Draper's attorney, Robert Kleeman, Matt Hollon, Victoria Li, and Pat Murphy, reflect Draper contentions, he sought clarity on *Patton Lane JV* valid permit in accordance with *1704/Chp. 245* TX LGC (*Pl. Exhibit E*).
> Assuming the City of Austin would have complied with State law, Draper contends, a tilt-wall construction project could have been completed within one year. Consequently, Draper has been denied four years of economic rent. Had Draper developed the bare minimum foot print issued by the Travis County permit, he could have constructed 43,509 sq. ft. building (*Pl. Exhibit C*)
> *The 43,509 sq. foot print times, the Southwest Austin market office rate of $24.00 p.s.f, equals $4,524,936.00, lost economic rent through June 20, 2013.*

14

As filed in *United States District Court, Western District of Texas*, Case No. **1:11-CV-00505-SS**, *Charles N. Draper v. Bank of America*, Plaintiff acquired a 15 year Home Equity Loan from Bank of America on December 15th 2007 for the amount of $173,600.00 at 7.39% interest; in order for payoff the indebtedness at 6300-2 Hwy 290 W.

As a consequence of the City of Austin's "*un-relented position*", fraudulent misrepresentations, perjury, and breach of contract, Draper faced foreclosure on his primary residence, located at 4609 Trail Crest Circle, Austin TX 78735, through September 28th, 2012. Draper has been unable to generate sufficient economic rent from his commercial property; which he encumber with a Home Equity Loan from Bank of America on December 15, 2007.

Today, Draper faces the same threat, again; as a result of the City of Austin's "*un-relented position*", misrepresentation, perjury, breach of contract, and failure to comply with State law. Should Draper's primary residence may be foreclosed; as a result of the City of Austin, fraudulent behavior, negligence, and intentional tort, Draper claim's, he is entitled to $350,000.00 in additional compensatory damages; as the result of the loss of his homestead.

In addition, Draper has sustained hostile physical threats from opposing political interests. Draper's office; at 6300 Hwy 290 W was burgled. Draper loss computers, and related company equipment. Draper's homestead has been burgled on numerous occasion; as documented in City of Austin police reports. Draper has received physical threats from opposing political interest. Draper property has been vandalized, and his dogs physically beaten by threatening political interest. As a consequences, Draper fears his physical safety. Draper has listed his homestead for sale; since January of 2013, and is attempting to leave the Austin community.

Therefore, the total compensatory damages could exceed **$5,000,000.00**; should Draper loose

his homestead, coupled with project delays, and economic damages: *$4,524,936.00,( lost economic rent*

*through June 20, 2013);* plus attorney fees, court cost, and accrued interest.

## Exemplary Damages

Additionally, Draper is entitled to exemplary damages. Given the duration of wonton fraud,

misrepresentation, perjury, breech of contact, malice and physical threats, against Draper and his

property, Draper seeks an additional $5,000,000.00 in exemplary damages.

Exemplary damages are designed to penalize and deter conduct that is outrageous, malicious,

or morally culpable. (*Owen-Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 40 (Tex. 1998)) To the extent

the nature of the offenses offends the public interest, the City of Austin should be held accountable.

## Summary

In summary, **LGC §43, §245** limits a city's right to impose land- use regulations to

regulations in effect when a project is commenced. Greg Guernsey, acting in his capacity as

Director of Planning and Development Review Department for the City of Austin, took a

"narrow" view of chapter § 245, created a intentional tort for which Draper suffered economic

hardship. Greg Guernsey, and the City of Austin, breached a **Rule 11 Agreement**, committed

perjury, fraudulently misrepresented the law, acted in malice, ignored and misconstrued the

statues **LGC §43, §245 & §312.005**, failed to give effect of the Legislature's intent, failed to

provide evidence as to the City's legal basis for disputing *Draper's 1704/ Chapter 245*

*Application,* and denied Draper's vested rights.

## Prayer

Therefore, plaintiff, Draper requests the Court enter a *Declaratory Judgment, Damages,*

*Injunctive Relief* on Draper's *1704/ Chapter 245 Application,* and acknowledge, Draper's

16

permit is valid, and current; entitling Draper to proceed towards 'project completion' as provided under **LGC §43, §245** of the Tex. Local Gov't Code, granting Draper's... "vested-rights protections, was entitled to develop...., office, or any other commercial use consistent with rules, regulations, and ordinances in effect at time of initial permit application, along with zoning and restrictive covenants that were previously voluntarily imposed on property; "project" was "commercial" development, as defined under then-applicable ordinances, and was not limited to office building or other specific type of "commercial" development....".

In addition to compensatory damages of **$5,000,000.00** (Five Million dollars), Draper prays the court will award Draper exemplary damages in excess of **$5,000,000.00** (Five Million dollars); which should be calculated at the execution of Judicial Order from the Court. Total Damages awarded exceed **$10,000,000.00** (Ten Million Dollars) for one of the most egregious acts in municipal administration.

Respectfully submitted,

Charles N. Draper
4609 Trail Crest Circle
Austin, Texas 78735
Phone: 512.699.2199
Email: cd@tejasland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2013, a true and correct copy of the foregoing *Plaintiff's Final Amended Petition*, was sent by certified mail, return receipt request to Sandra Kim, *Austin Law Department*, City Hall, 301 West 2nd Street. P.O. Box 1546, Austin, Texas 78767-1546

Sandra Kim, Assistant City Attorney
Law Department, City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2925

## McClendon & Associates
**Development Consulting, LLC**

July 16, 2012

Mr. Greg Guernsey, Director
Planning and Development Review
505 Barton Springs Road, Ste. 500
Austin, TX. 78704

Re: Reconsideration of 1704/Chapter 245 Application for Lots 10A and 11A, Block 1, Town of
Oak Hill at 6300 and 6302 U.S. 290 West (Tracking #; 10547874)

Dear Mr. Guernsey;

Thank you for your previous determination of the above referenced application. Susan Scallon,
1704 Committee staff representative, was kind enough to visit with me regarding the application
and share some basis for not approving the application. In response, it seems additional
information, materials, and signed plans may provide clarification of the facts and additional
documentation of the justification and "continuing progress" by which we would respectfully
request for the 1704 Committee to reconsider the application.

A site development summary follows providing a chronology of development permitting for the
subject property in an effort to clarify and augment the facts of the application previously
submitted.

### Subdivision

The land was legally subdivided as Lots 10 and 11, Block 1, Town of Oak Hill, and recorded in
the Travis County Deed Records on December 16, 1872, (copy attached). In 1982, the City
adopted the Barton Creek Watershed Ordinance, however, legally subdivided land was exempted
from the ordinance and site development standards per Sec. 9-10-303(b). In short, a site
development, or waterway development permit from the City of Austin was <u>not</u> required.

### Site Development Permit

Travis County approved a site development or floodplain permit on August 8, 1985 for the
Patton Lane Office Building, a 3-story office development. Although the original subdivision
was platted in 1872, the site development permit represents the first in a series of permits for the
project. Two copies of the complete (11" x 17") plans are attached which show approvals from
the Travis County Engineer's office. Although construction was initiated and later paused due to
economic conditions, the floodplain permit does not expire. The Travis County Engineer's
Office issued a letter in 1987, indicating that a floodplain elevation certificate verifying the

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:    512 382 1017
e-mail: carlmcclendon@austin.rr.com

finished floor elevation of the building (to be constructed) had not been filed within one year of the issuance of the permit and, therefore, is a violation. (not expiration of the permit).

Construction commenced in 1985, with removal of existing homes on the site and construction of drilled pier locations for the building's foundation, as evidenced by notes from a City of Austin environmental inspector and an aerial photo in 1986, (attached).

The site included previously existing residential and commercial development from the 1950's and 1970's, which did not require City or County permits when it was constructed. All of this development was outside the City and within the County's jurisdiction, prior to the adoption of the Barton Creek and Williamson Creek Ordinances.

**Annexation to City of Austin**

The Patton Lane Office Building was under construction when the City of Austin annexed the property for full purpose on December 30, 1985, and zoned the property Single-Family-2 (SF-2).

Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for existing commercial development, which is an exemption from compliance with the City's building permit process per LDC, Sec. 25-1-365.

**Continuing Progress**

The Local Government Code Chapter 245.005(a) states for permits without an expiration date and for which there is no continuing progress towards completion, a local regulatory agency may enact an ordinance, rule, or regulation that places an expiration date on a project of no earlier than the fifth anniversary of the effective date of this chapter (Sept. 1, 2005).

The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 17, 1991, the City rezoned the property to Commercial Services-Conditional Overlay (CS-CO), (Case #: C14-91-0027).

In 2008, the current owner filed for rezoning of the property to Commercial Services-Conditional Overlay-Neighborhood Plan (CS-CO-NP), (Case # C14-2008-0152), which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit.

Please contact me if there are questions or further items for discussion.

Carl McClendon, AICP

cc: Charles Draper

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax: 512 382 1017
e-mail: carlmcclendon@austin.rr.com

# Development Summary
## Patton Lane Office Bldg

**12/16/1872**  Legally platted subdivision recorded for Town of Oak Hill, Lots 10 and 11 (Vol. X, Pg. 242)

**7/19/1951**  The subject property was annexed into the City's extra-territorial jurisdiction (ETJ).

**11/18/1982**  Barton Creek Ordinance passed by City Council (Ordinance No. 82-1118-N) requiring site development standards for land within the Barton Creek Watershed. Subdivisions legally platted prior to April 17, 1980, are exempted per Sec. 9-10-303(b).

**8/8/1985**  Travis County approves site development (or floodplain) permit (Case #: 85-2558) for Patton Lane Office Building and site construction commences. Foundation piers are drilled, but construction pauses due to economic conditions; aerial photo from 4/23/86 showing drilled piers is attached.

**12/30/1985**  City of Austin annexes property, and approves zoning for Single-Family-2 (SF-2).

**10/10/1991**  City of Austin approves rezoning from SF-2 to CS-CO for Lots 10 and 11, Town of Oak Hill (Case No. C14-91-0027).

**10/17/1991**  Amended plat recorded for Town of Oak Hill, Lots 10 and 11 to create Lots 10A and 11A, Town of Oak Hill, (Case #: C8-91-0039.0A).

**1/15/2009**  Based upon landowner's request for rezoning, the City of Austin revises the zoning and conditional overlay for Lots 10A and 11A, Block 1, Town of Oak Hill Amended Subdivision from CS-CO-NP to CS-CO-NP, (Case #: C14-2008-0152). The conditional overlay amendments revised the permitted uses and site restrictions on the property.

**2/16/2011**  Landowner files application for 3-story office building (Patton Lane Office Building) for Chapter 245 review and consideration.

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:   512 382 1017
e-mail: carlmcclendon@austin.rr.com



Filed Decr 16th 1872 at 11 A. M. Recorded same day

___, Clerk by M. S. Dunn, Deputy

- - - - - - - - - - -

STATE OF TEXAS }
COUNTY ___ } KNOW ALL MEN ___ THAT I, Mary ___ Goodrich of the County ___ Travis and State of ___ ___ in consideration of one dollar ___ ___ paid the receipt of which is hereby acknowledged ___ have this day and these presents, ___ grant, bargain, sold, ali ___ ___ delivered to James ___ Raymond of said County and State, ___ interest and claim in and to the following described ___ ___ lying and being in Travis County, in the State of Texas ___ ___ as follows, specially waiving all ___ ___ do ___ ___ secured under the Constitution and laws of Texas. ___ To the following described property, wit: ___ one ___ eighty-one (181) fronting o ___ ___ ___ (236) ___ in the ___ ___ numbers one hund ___ and thirty-eight (138) feet, a small ___ ___ drawn this numbers from (9) one (1) and ___ M ___ hundred and ___ ___ (130) in the City of Austin ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ said

Exhibit 3

# NOTICE OF CLASS "B"
## TRAVIS COUNTY FLOOD HAZARD AREA
## DEVELOPMENT PERMIT

STATE OF TEXAS        )
COUNTY OF TRAVIS      )

This Permit No. 85-2558     is issued on   August 9, 1985
and is effective immediately.

This Permit is issued to    Patton Lane Joint Venture
and is not transferrable.

This Permit authorizes the permittee to construct development in accordance with the requirements of Travis County Flood Plain Management Regulations on the following described property  2.14 acres of the Thomas Anderson Sur. #17

6300 Hwy. 290 West Tax Map #4-0834-06-05 & 08
(Lot, Block, Subdivision, Street Address) #4-0834-01-C1
(offices)

Foundation Inspection (is, XXXX) required.

Mechanical and Electrical Inspection (XX is not) required.

Special Provisions (XX, are not) attached.

A Notice of Permit has been issued with this permit which should be posted in a location where it will be protected from weather and secure from vandalism, and will remain posted until the work is complete.

The permittee shall notify the County Engineer forty-eight (48) hours before construction is ready for foundation and/or mechanical and electrical inspection, if required.

Finished slab to be at or above elevation    812.0' MSL

for H.E. Whittington, P.E.
COUNTY ENGINEER
TRAVIS COUNTY, TEXAS

### INSPECTION RECORD

| Inspection | Inspector | Date | Passed | Failed |
|---|---|---|---|---|
| Foundation | | | | |
| Mechanical and Electrical | | | | |
| Other | | | | |
| Other | | | | |

NOTE: All construction & site development shall be in compliance with Travis County Flood Plain Management Regulations, Sec. 5.B. and as per plans approved by Travis County.

NOTES.



AREA TABULATIONS

SITE PLAN

PATTON LANE

HWY. 290

OWNER    PATTON LANE JOINT VENTURE

ADDRESS    6340 390 WEST

LEGAL DESCRIPTION
LOTS 10 & 11
OAKHAVEN LF SUBDIVISION
VOL.3 PG. 843 (TOWN OF OAK HILL)
TRAVIS COUNTY, TEXAS

VICINITY MAP

PENROSE
AND
ARCHITECTURAL ENGINEERS

PATTON LANE OFFICE BUILDING

SITE PLAN

FIRST FLOOR PLAN



PENROSE
AND
ARCHITECTURAL ENGINEERS

PROJECT
PATTON LANE OFFICE BUILDING

SITE PLAN



VICINITY MAP

UTILITY SITE PLAN

NORTH

PATTON LANE
(60 FT R.O.W.)

LEGAL DESCRIPTION

OWNER

STREET ADDRESS

PROPOSED
3-STORY BUILDING
45,000 SF

U.S. HWY 290
(100 FT R.O.W.)

PROJECT
PATTON LANE OFFICE BUILDING

SITE PLAN

PENROSE
AND
ASSOCIATES INC.
ARCHITECTURAL ENGINEERS
AUSTIN, TEXAS



# NOTICE OF PUBLIC HEARING
# REZONING

Mailing Date: December 30, 2008                    Case Number: C14-2008-0152

Este aviso le informa de una audiencia pública tratando un cambio de zonificación dentro de una distancia de 500 pies de su propiedad. Si usted desea recibir una copia de este aviso en español, por favor llame al (512) 974-7668.

Please be advised that the City of Austin has received an application for a zoning change.

    Owner: Tejas Land & Commerce (Charles Draper)        Telephone: 512-358-7191

    Agent: Thrower Design (Ron Thrower)           Telephone: 512-476-4456

Address and/or Legal Description:
6300 US Hwy 290 West

Proposed Zoning Change
  From  CS-CO-NP – **General Commercial Services district** is intended predominately for commercial and industrial activities of a service nature having operating characteristics or traffic service requirements generally incompatible with residential environments. CO – **Conditional Overlay combining district** may be applied in combination with any base district. The district is intended to provide flexible and adaptable use or site development regulations by requiring standards tailored to individual properties. NP – **Neighborhood Plan district** denotes a tract located within the boundaries of an adopted Neighborhood Plan.

  To  CS-CO-NP – **General Commercial Services district** is intended predominately for commercial and industrial activities of a service nature having operating characteristics or traffic service requirements generally incompatible with residential environments. CO – **Conditional Overlay combining district** may be applied in combination with any base district. The district is intended to provide flexible and adaptable use or site development regulations by requiring standards tailored to individual properties. NP – **Neighborhood Plan district** denotes a tract located within the boundaries of an adopted Neighborhood Plan.

This application is scheduled to be heard by the City Council on January 15, 2009. The meeting will be held at City Hall Council Chambers, 301 West 2nd Street beginning at 4:00pm.

You are being notified because City Ordinance requires that all property owners within 500 feet, those who have a City utility service address within 500 feet and registered environmental or neighborhood organizations whose declared boundaries are within 500 feet be notified when an application is scheduled for a public hearing.

If you have any questions concerning this application, please contact Stephen Rye, of the Neighborhood Planning and Zoning Department at 512-974-7604 and refer to the Case Number at the top right of this notice. However, you may also find information on this case at our web site: **https://www.ci.austin.tx.us/devreview/index.jsp**.

For additional information on the City of Austin's land development process, please visit our **www.ci.austin.tx.us/development**.



**ZONING**

| | |
|---|---|
| ⧄ | SUBJECT TRACT |
| ▦ | ZONING BOUNDARY |
| ▭ | PENDING CASE |

ZONING CASE#: C14-2008-0152
ADDRESS: 6300 W US 290 HWY WB
SUBJECT AREA: 2.357 ACRES
GRID: C19
MANAGER: C. PATTERSON

OPERATOR S MEEKS

1" = 400'

This map has been produced by G I S Services for the sole purpose of geographic reference. No warranty is made by the City of Austin regarding specific accuracy or completeness.

## Kleeman, Robert

| | |
|---|---|
| **From:** | Murphy, Pat [pat.murphy@ci.austin.tx.us] |
| **Sent:** | Wednesday, February 20, 2008 10:22 AM |
| **To:** | Kleeman, Robert; Hollon, Matt |
| **Subject:** | RE: info on property |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Robert,

This is a pretty complicated question that you are asking. I would suggest that we sit down at some point and go through the regulations that might apply to this project.

Pat

---

**From:** Kleeman, Robert [mailto:rkleeman@munsch.com]
**Sent:** Tuesday, February 19, 2008 12:06 PM
**To:** Hollon, Matt
**Cc:** Murphy, Pat
**Subject:** RE: info on property

Guys:

I need some guidance. The property in question has an original plat that goes back to a plat called the "Town of Oak Hill" recorded in Volume X, Page 242, Deed Records of Travis County. I am working on getting a copy of this plat but I feel comfortable in guessing that this plat goes back to at least the 1960s if not earlier. The plat was amended in 1991 by moving lot lines. The current property description is Town of Oak Hill, Amended Lots 10 and 11, according to the plat recorded in Volume 90, Page 61, Travis County Plat Records. The amended plat was administratively approved by the City of Austin.

The Williamson Creek Ordinance, Ord No. 810319-M, states in Section 101.2 that the requirement for a site development permit does apply to development within a recorded subdivision which was finally approved by the Planning Commission prior to December 18, 1980. I strongly suspect that the original plat pre-dates December 18, 1980.

Was there a Williamson Creek Ordinance prior to Ord. No. 810319-M? Was there another Williamson Creek Ordinance between 1981 and the CWO?

Was there some other, earlier City Ordinance that would have required a site development permit or site plan in the Williamson Creek Watershed? Ordinance No. 801218-W appears to only address subdividing, which isn't an issue here.

If there are other, earlier ordinances, can you send me a copy of those earlier ordinances?

Now going Back to the Future, I am thinking that under 13-2-502(d), May 18, 1991 would be the first date that a site development permit requirement would apply to this property. Under 13-2-502(b), this platted property would have been exempt from the Comprehensive Watersheds Ord. Under 13-2-502(g), development of the property would have been governed by the applicable watershed ordinance, if any, in effect on May 18, 1986. Unless there is a pre-1981 ordinance, I believe that there was not a site development permit requirement applicable to this property on May 18, 1986.



2/25/2008

Thanks

Robert Kleeman
**MUNSCH HARDT
KOPF & HARR, P.C.**
**DALLAS | HOUSTON | AUSTIN**

One American Center
600 Congress Avenue, Suite 2900
Austin, Texas 78701-3057
Direct: (512) 391-6115
Fax: (512) 482-8932
rkleeman@munsch.com
munsch.com

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail. Please virus check all attachments to prevent widespread contamination and corruption of files and operating systems. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Hollon, Matt [mailto:Matt.Hollon@ci.austin.tx.us]
**Sent:** Friday, January 18, 2008 3:40 PM
**To:** Kleeman, Robert
**Cc:** Murphy, Pat
**Subject:** info on property

Robert,

OK, I made a couple of quick maps of Charles Draper's properties along 290 (6300 & 6302 Hwy 290 W) and am attaching them for your use. I noted that the area to the back is functionally impervious-looking, but am not certain as to its actual status. I talked with Pat Murphy and he said that you will need a determination of the legality of the impervious cover (i.e., whether it was permitted). We'll get into more of a grey area if it was put in illegally. Anyway, the smaller 6300 property WAS included in our analysis of properties for the BSZ Redevelopment Ordinance. We didn't pick up the other property because it was listed as "undeveloped" in our coverage. Obviously it IS developed, and now we just need to confirm its status.

Definitely feel free to call us back to talk more about it if you have questions. Pat Murphy (974-2821) will likely be your best contact in terms of interpretation of the rules.

Matt

Matt Hollon
Env. Program Manager, Planning & GIS
Watershed Protection & Development Review
City of Austin
505 Barton Springs Rd. 11th Floor; Austin, Texas 78704
512.974.2212 voice / 512.974.2846 fax

# MUNSCH HARDT
## KOPF & HARR pc

ATTORNEYS & COUNSELORS

DALLAS | HOUSTON | AUSTIN

ROBERT J. KLEEMAN
Writer's Direct Dial: 512.391.6115
E-Mail rkleeman@munsch.com
Direct Fax: 512.482.8932

July 22, 2008

Ms. Victoria Li, P.E.
Director
Watershed Protection and
    Development Review Department
City of Austin
P.O. Box 1088
Austin, Texas 78767

Re:    6300 & 6302 U.S. Hwy. 290 West; Applicability of Redevelopment Ord.

Dear Ms. Li:

This firm represents Charles Draper, the owner of an approximately 2.36 acre tract of land located at the above-referenced address ("Property"), with regard to the applicability of the Redevelopment Ordinance, codified as Section 25-8-27, to the Property. The Property is also described as Lots 10A and 11A, Block 1, Town of Oak Hill Amended Plat, according to the plat recorded in Volume 90, Page 61, Plat Records of Travis County, Texas. At this time, the owner of the property requests confirmation that the Property has "existing commercial development" for purposes of Section 25-8-27. The area of "existing commercial development" is discussed below.

The original plat of the Property dates back to the 1870s. As shown on the enclosed aerial photographs, the Property has been under constant development and redevelopment since at least the mid 1960s. Each photograph has the year written on it and the Property is circled to assist you. As you will see, buildings have occupied various locations throughout the Property.

The Property is located in the Barton Creek Watershed. The City annexed the Property for full purposes in late December 1985. Prior to its annexation, the Property was subject to the City's water quality regulations found in Chapter 9-10, Division 4, Sections 301 through 355. According to Section 9-10-303(b), the Property was exempt from the requirements of the Barton Creek Watershed Ordinance due to the fact that the Property was lawfully subdivided prior to April 17, 1980. Due to the Property's exempt status under the Barton Creek Watershed Ordinance, development on the Property prior to the full annexation of the Property was legal without having to obtain an approved site development or waterway development permit from the City of Austin. The City granted CS zoning for the Property in 1991 pursuant to Ordinance No 911010-B. According to staff comments to the zoning case in 1991, retail and commercial uses already existed on the Property.

Unfortunately, there is no aerial photograph of the property taken in the time frame of December 1985. Enclosed are photographs taken in 1984 and another in 1987. Based on

MHDocs 1639277_1 10047.1

discussions with City staff, my client proposes the north line of the development shown on the 1987 aerial photograph as the northern boundary of the "existing commercial development" for purposes of Section 25-8-27. The "existing commercial development" would encompass the Property south of the line all the way to the US 290 West right of way on the south, Patton Ranch road to the west and the Austin Pizza Garden tract to the east. Exact dimensions based on a survey would be provided in conjunction with a site plan application for the Property.

Please provide me a written confirmation that the area of the Property described in the previous paragraph is the amount and location of the "existing commercial development" for Section 25-8-27.

Please let me know if you have any questions.

Very truly yours,

Robert J. Kleeman

RJK:akm

Enclosures

cc:     Mr. Charlie Draper (w/o enclosures)
        Ms. Mitzi Cotton (w/o enclosures)
        Mr. Pat Murphy (w/o enclosures)
        Mr. Bob Ray, Assistant Director (w/o enclosures)
        Mr. Matt Hollon (w/o enclosures)

August 28, 2008

Mr. Robert J. Kleeman
Munsch Hardt
Kopf & Harr PC
One American Center
600 Congress Avenue - Suite 2900
Austin, Texas 78701-3057

Dear Mr. Kleeman:

I am writing you in response to your request to verify your client's entitlements for a redevelopment project in the Barton Springs Zone located at the intersection of U.S. Hwy. 290/71 West and Patton Ranch Road. I agree that a successful redevelopment project under 25-8-27 would be a benefit to the City and your client.

As you know, City Code Section 25-8-27 provides an exception to compliance with the City's water quality regulations in the Barton Springs Zone under limited circumstances. Applicable to your client's situation is the requirement that only existing commercial development that does not increase non-compliance with code requirements qualifies. My understanding is that your client wishes to redevelop commercial property in the Barton Springs Zone, but at least some of the existing development on the property was not built in compliance with City Code requirements.

The development on the site has occurred in several phases as you have evidenced by comparing the City's aerial photographs from different dates. The site is located within the Barton Creek watershed and the first watershed regulations limiting impervious cover that would have applied to your client's property was the 1980 Barton Creek Ordinance. Because of the lack of City records documenting any permits or construction dates, I agree that it is reasonable for you to document through aerial photographs or other credible evidence the portion of the commercial development that was built in compliance with City regulations in existence at that time.

You are required to provide documentation and impervious cover calculations based on this agreed upon methodology at the time that your client files a development permit application requesting the redevelopment exception under City Code section 25-8-27. To clarify, this means that any impervious cover placed on the site not in compliance with City regulations at the time it was constructed must be removed. The remaining impervious cover, i.e., the portion that was built in



# City of Austin

Formerly the Congress, Republic of Texas, 1839
Watershed Protection and Development Review Department
P.O. Box 1088, Austin, Texas 78767

August 28, 2008

Mr. Robert J. Kleeman
Munsch Hardt
Kopf & Harr PC
One American Center
600 Congress Avenue – Suite 2900
Austin, Texas 78701-3057

Dear Mr. Kleeman:

I am writing you in response to your request to verify your client's entitlements for a redevelopment project in the Barton Springs Zone located at the intersection of U.S. Hwy. 290/71 West and Patton Ranch Road. I agree that a successful redevelopment project under 25-8-27 would be a benefit to the City and your client.

As you know, City Code Section 25-8-27 provides an exception to compliance with the City's water quality regulations in the Barton Springs Zone under limited circumstances. Applicable to your client's situation is the requirement that only existing commercial development that does not increase non-compliance with code requirements qualifies. My understanding is that your client wishes to redevelop commercial property in the Barton Springs Zone, but at least some of the existing development on the property was not built in compliance with City Code requirements.

The development on the site has occurred in several phases as you have evidenced by comparing the City's aerial photographs from different dates. The site is located within the Barton Creek watershed and the first watershed regulations limiting impervious cover that would have applied to your client's property was the 1980 Barton Creek Ordinance. Because of the lack of City records documenting any permits or construction dates, I agree that it is reasonable for you to document through aerial photographs or other credible evidence the portion of the commercial development that was built in compliance with City regulations in existence at that time.

You are required to provide documentation and impervious cover calculations based on this agreed upon methodology at the time that your client files a development permit application requesting the redevelopment exception under City Code section 25-8-27. To clarify, this means that any impervious cover placed on the site not in compliance with City regulations at the time it was constructed must be removed. The remaining impervious cover, i.e., the portion that was built in



compliance with City regulations, may remain in accordance with 25-8-27 as long as the redevelopment otherwise fully complies with 25-8-27.

My staff and I look forward to working with you on this project.

Sincerely,

Victoria J. Li, Director
Watershed Protection and Development Review Department

**JC JONES & CARTER,** INC.
ENGINEERS • PLANNERS • SURVEYORS

1701 Directors Blvd., Suite 400      TEL  512 441 9493
Austin, Texas 78744-1024            FAX  512 445 2296

AUSTIN                    DALLAS
HOUSTON                   BRENHAM
SAN ANTONIO               ROSENBERG
COLLEGE STATION           THE WOODLANDS

*Texas Board of Professional Engineers Registration No. F-479*

February 15, 2011

Ms. Susan Scallon
Planning and Development Review
505 Barton Springs Road
Austin, Texas 78705

Re:     Patton Lane Office Building
        6302 West US Hwy 290
        Austin, Texas 78735

Dear Susan:

On behalf of the owner, Charles Draper, Jones & Carter, Inc. is submitting a Site Plan Fair Notice and a H.B.1704 Chapter 245 Determination Application for the Patton Lane Office Building project. The project is located on the northeast corner of West US Hwy 290 and Patton Ranch Road in southwest Austin. A brief history of the project is that the building was designed, the project site was cleared and construction began in 1985 with the construction of 50 building piers. Due to the economic downturn of the mid 1980's, the project was halted and the property became owned by the lending institute. At the time, the project was outside the Austin city limits, so no permit was required for the project. Attached are site plan, floor plan and utility plan for the project, a copy of an aerial photograph from February 16, 1984 showing the site, plus a copy of an aerial photograph from April 23, 1986 showing the site had been cleared, the houses and other building had been demolished and construction activity had commenced. There are currently fifty building piers that were constructed for the building foundation prior to the project being halted.

On December 30, 1985, the property was annexed into the City. Based on the fact that the project had commenced prior to annexation by the City, the project should be grandfathered to the regulations at the time construction began and can continue construction.

We appreciate your favorable review of the H.B. 1704 Chapter 245 determination. If there is additional information that you require, please contact me at (512) 441-9493.

Very truly yours,

*James M. Schissler*

James M. Schissler, P.E.

Cc:     Charles Draper, Tejas Land Company

J:/projects/A655/001/general/letter/1704 letter 020111.doc

EXHIBIT
G

# Exhibit D
## PROJECT APPLICATION H.B. 1704/Chapter 245 DETERMINATION
### (Chapter 245, Texas Local Government Code)
*(This completed form must accompany all subdivision and site plan applications.)*

FOR DEPARTMENTAL USE ONLY

File # Assigned: _SP 2011-0040C_    Date Filed: _2/16/2011_

Original Application Date: _Corporate_ Signature: _Susan Fall_   Date: _2/22/2011_
Comments: _project complete_

_____Insufficient Information to establish Chapter 245 rights.

Proposed Project Name: Patton Lane Office Building

Address / Location: 6302 West US Hwy 290, Austin, TX 78735

Legal Description: Lots 10 and 11 Town of Oak Hill

A. [ ] The proposed application is for a New Project and is submitted under regulations currently in effect.

**NOTE: If A is checked above, proceed to signature block below.**

B. [ ] The proposed application is for an ongoing project not requesting House Bill 1704 consideration. The choice of this option does not constitute a waiver of any rights under Chapter 245.

C. [ ] The proposed application is for a project requesting review under regulations other than those currently in effect, but not on the basis of House Bill 1704. All appropriate supporting documentation must be attached to this request. Provide a brief description of the basis for this request here: _____

D. [ ] The proposed application is for a project requesting review under a specific agreement, not on the basis of House Bill 1704. All appropriate supporting documentation must be attached to this request. Provide a brief description of the basis for this request here: _____

E. [ X ] Original Application Filing Date: Not required at time construction began   File #: _____

The proposed application is submitted as a Project In Progress under Chapter 245 (HB 1704) and should be reviewed under the applicable regulations pursuant to state law. **The determination will be based on information submitted on and with this form.**

## The following information is required for Chapter 245 Review:

*Attach supporting documentation, including a summary letter with a complete project history from the Original Application to the present, with a copy of the original subdivision or site plan approval by the City and subsequent application approvals. Specify project information for date claiming 1704 grandfathering; include a copy of the relevant permit upon which Chapter 245 vesting is claimed.*

| Project Application History | File # | Application Date | Approval Date |
|---|---|---|---|
| Annexation/zoning (if applicable to history) | | | |
| Preliminary Subdivision | | | |
| Final Subdivision Plat | Volume X, Page 242 | | December 16, 1872 |
| Site Plan / Devel. Permit | Not required at time construction began | | |

Proposed Project Application *(check one):* Preliminary Subdivision_____ Final Plat_____ Site Plan _X_

Proposed Project Land Use: Specify _acreage_ in each of the following land use categories:
Single Family / Duplex _____ Townhouse / Condo / Multi-family _____ Office _____

Commercial _2.1313_ Industrial / R&D _____ Other (Specify) _____

Total acreage: _2.1313_ Watershed _Williamson Creek_ Watershed Classification _Barton Springs Zone_

*This proposed project application will still be reviewed under those rules and regulations that are not subject to Chapter 245, such as those to prevent imminent destruction of property or injury to persons, including regulations dealing with stormwater detention, temporary erosion and sedimentation controls, and regulations to protect critical/significant recharge features.*

Signature - Property Owner or Agent _James M. Schissler_   Date: _2-14-11_

Printed Name _James M. Schissler, P.E._   Phone / Fax _512-441-9493 / 512-445-2286_

Form Date 5/06/2005

City of Austin / Planning and Development Review Department
505 Barton Springs Road, Austin, Texas 78704   Ph 974-2859 / Fax 974-2934





## Planning and Development Review Dept.

Before an application is accepted for formal review, City Staff conducts a completeness check to ensure the application packet contains the necessary components to complete a review.

A completeness check application **must be deemed complete** before formal application can be submitted

**A formal application must be filed within 45 calendar days of the initial completeness check (by 04/02/2011) or the application will expire and a new completeness check application must be filed.**

Applicants must pick up the completeness check packet at the Intake office within 72 hours of receiving a response. The City is not responsible for lost or stolen packets. **The applicant must schedule an appointment with the Intake office for formal application submittal.** Please call 974-2681, 974-2350, or 974-7208 for more information.

| Completeness Check Results: Incomplete | | 45 Day Expiration date: **04/02/2011** |
|---|---|---|
| Tracking #: **10547374** | Revision #: **00** | Watershed: **Williamson Creek** |
| Project Name: **Patton Lane Office Building** | | |
| Ch.245 Team Review Req'd: **Yes** | Orig. Submittal Date: **02/16/2011** | Resubmittal Date: |
| Date Sent to Ch.245: | Current Results to Applicant: **03/02/2011** | |
| Date Rec'd back in LUR: | | |

This application is incomplete for the reasons given below. The Applicant must address the noted deficiencies and resubmit it along with a comment response letter to the Intake Office, at One Texas Center, 505 Barton Springs Rd., 4th Floor, Austin TX 78704.

**Checked for Completeness by the following reviewers:**

| | | | Complete/Incomplete | Initials |
|---|---|---|---|---|
| Drainage Engineering | Jay Baker | 512-974-2636 | Complete | JB |
| Transportation | Joe Almazan | 974-2674 | Complete | JA |
| Site Plan | Lynda Courtney | 974-2810 | InComplete | LC |
| Environmental | Ingrid McDonald | 974-2711 | Complete | IM |
| Water Quality Eng. | Jay Baker | 974-2636 | Complete | JB |
| Env.Res.Mgmt | David Johns | 974-2781 | Complete | DJ |
| Floodplain | Jameson Courtney | 974-3399 | Complete | JC |
| Row Mgmt. | Joan Caldwell | 974-7024 | Complete | JC |
| Utility Coord | Eva Moore | 974-7671 | Complete | EM |
| Traffic Control | Javier Martinez | 974-1584 | Complete | JM |
| AWU-DPR | Monty Lowell | 974-2882 | Complete | ML |
| AWU | Neil Kepple | 972-0077 | Incomplete | NK |
| UST | Schuyler Schwarting | 974-2715 | | |

| Staff Reviewers as follows | | Case Manager: | |
|---|---|---|---|
| **Team A** | **Team B** | **Team C** | **Team D** |
| Nikki Hoelter (SP) | Donna Galati (SP) | Sue Welch (SP) | Sarah Graham (SP) |
| Jennifer Groody (DR/WQ) | Leslie Daniel (DR/WQ) | Kevin Selfridge (DR/WQ) | Jay Baker (DR/WQ) |
| Ron Czajkowski (DR/WQ) | Michael Duval (DR/WQ) | Beth Robinson (DR/WQ) | Benny Ho (DR/WQ) |
| Jim Dymkowski (EV) | Mike McDougal (EV) | Joydeep Goswami (DR/WQ) | Brad Jackson (EV) |
| Candace Craig (TR) | Jeb Brown (EV) | Michael Clay (EV) | Shandrian Jarvis (TR) |
| | | Sangeeta Jain (TR) | |
| **Other Disciplines required:** | | | |
| Mapping | Traffic Control-No addn. review | WWW | PARD |
| Electric (3) | Fire | Floodplain | Industrial Waste |

RSMP: Yes/No          Waiver:          Yes/No          Onsite Drainage:          Yes/No

Additional Copies to ERM/Other:

Small Project: Yes/No

Fees:

Total # of Plans ___/ Engineering Reports ___ required at formal

The City of Austin encourages applicants to contact neighborhood organizations prior to formal submittal. To
find out contact information for neighborhood associations visit our web page at
http://www.ci.austin.tx.us/neighborhoodservices/ or contact our Neighborhood Liaisons for more information:
Carol Gibbs @ 974-7219 or Jody Zemel @ 974-7117.

**Comments:**
**Please respond to each comment in letter form.**


TR:     OK for HB 1704 determination only

AWU: Plan is for 1704 only, No Site Plan to review.

SP:     Submit new project Site Plan Packet

ERM: FYI, if 1704 is not granted, project will require an EA.



# City of Austin

Founded by Congress, Republic of Texas, 1839
Planning and Development Review Department
P.O. Box 1088, Austin, Texas 78767

May 13, 2011

Mr. Charles Draper
Tejasland and Commerce
6300 Highway 290 West
Austin, TX 78735

RE: 6302 Highway 290 West, Lot 11A, Block 1, Oak Hill Township
1704 Application/Chapter 245 City Admin Code; Tracking 10547874

Dear Mr. Draper:

Thank you for your letter of April 6, 2011 regarding the above referenced property. In response to your request to reconsider the Chapter 245 determination for the site plan at the referenced property, it is my decision to uphold the original decision that the site plan would be subject to current code as of the date of submittal. This decision was reached after reviewing information submitted with your original determination request, aerial photography and your most recent letter and its attachment. If you have questions regarding the terms of this letter, please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
    Brent Lloyd, Law Department





# City of Austin

Founded by Congress, Republic of Texas, 1839
Planning and Development Review Department
P.O. Box 1088. Austin, Texas 78767

September 23, 2011

Mr. Charles Draper
Tejasland and Commerce
6300 Highway 290 West
Austin, TX 78735

RE:     6302 Highway 290 West, Lot 11A, Block 1, Oak Hill Township
        1704 Application/Chapter 245 City Admin Code; Tracking 10547874

Dear Mr. Draper:

Thank you for your email of August 17, 2011 regarding your reconsideration request of my previous Chapter 245 determination on the referenced property. In light of the attachments to your email, I requested and obtained additional permit information from Travis County. Based on this additional information, the information you submitted and the previous information from your original Chapter 245 determination request; I have decided to uphold my original decision that the site plan would be subject to current code as of the date of submittal. If you have questions regarding the terms of this letter, please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
    Brent Lloyd, Law Department
    Mitzi Cotton, Law Department





# City of Austin

Founded by Congress, Republic of Texas, 1839
Planning and Development Review Department
P.O. Box 1088. Austin. Texas 78767

September 21, 2012

Mr. Carl McClendon, AICP
McClendon & Associates Development Consulting, LLC
4808 Canyonwood Drive
Austin, TX 78735

RE:     Reconsideration of 1704/245 Application of Lots 10A and 11A, Block 1,
        Town of Oak Hill at 6300 and 6302 U.S. Highway 290 West, Tracking 10547874

Dear Mr. McClendon:

Thank you for your correspondence of July 25, 2012 and meeting with me on August 16, 2012 regarding your reconsideration request of my previous Chapter 245 determination on the referenced property. I have reviewed your addition information and considered the points you expressed at our meeting. Based on this information I have decided to uphold my original decision that the site plan would be subject to current code as of the date of submittal.

If you have questions regarding the terms of this letter, please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
     Brent Lloyd, Law Department
     Mitzi Cotton, Law Department

Phone: 512.699.2199                                          Email: cd@tejasland.com

September 29, 2011

Mr. Greg Guernsey, AICP Director
City of Austin
Planning and Review Department
PO Box 1088
Austin, TX 78767

RE: *Freedom of Information Act, and* request for meeting:
6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township*
1704 Application/Chapter 245 City Admin Code; Tracking # 10547

Dear Mr. Guernsey,

I appreciated your letter, you submitted on September 23, 2011. The letter states;"...*In light of the attachments to your email, I requested and obtained additional permit information from Travis County....I have decided to uphold my original decision that the site plan would be subject to current code...*".

Regrettably, your letter does not respond to my letter of August 17, 2011. I will repeat the question: "*Again, I appeal to your judgment; on what 'legal basis' are you denying the application?*"

I request. You furnish, through the *Freedom of Information Act* all copies of correspondences the City of Austin, and Travis County have on record *for Lots 11A, and Lot 10A Block 1 of the Oak Hill Township*; as well as those which your decision was moored.

It is my understanding; you are not an attorney, Mr. Guernsey. Given the City recent rescission in *Harper Park Two, LLC vs. City of Austin,* I believe, I am entitled to more than; "*...I have decided to uphold my original decision...*".

I, formally, request a meeting with you, the City Attorney, my engineer, my attorney, and myself; so we may ascertain the "legal basis" of your decision.

As a consequence of your un-relented position, I have experienced economic hardship. economic loss, and inability to rent my private property, or generate economic rent from my investment. I believe. the law affords me a reason for the basis of your decision.

I look forward to meeting with you in the next couple of weeks.

Sincere regards,

Charles Draper
Tejasland & Commerce, President

CC:     Susan Scallon
         City Manager, Marc Ott
         Honorable Mayor Lee Luffingwell
         Greg Anderson, Chief-of-Staff, Mayor Pro Tem Sherly Cole
         Honorable Representative Paul Workman
         Jim Schissler, Jones & Carter



# Tejasland & Commerce
**6300 Highway 290 West**
**Austin, TX 78735**

Phone: 512.699.2199                                        Email: cd@tejasland.com

August 17, 2011

Mr. Greg Guernsey, AICP Director
City of Austin
Planning and Review Department
PO Box 1088
Austin, TX 78767

RE: 6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township*
1704 Application/Chapter 245 City Admin Code; Tracking # 10547

Dear Mr. Guernsey,

Following our last week's discussion at First Evangelical Free Church, I have, patiently, awaited acknowledgement of my 1704 Application; submitted in early spring of 2011. Attached is a copy of your denial from May 2011. Again, I appeal to your judgment; on what 'legal basis' are you denying the application?

Attached is a copy of Chapter 245 of the Local Government Code. Equally, attached are a site plan, and permit issued by Travis County engineer H. E. Whittington on August 9, 1985; prior to City annexation.

Because the term SB 1704 and Chapter 245 are interchangeable, and refer to the legislative intent of the State; please provide written notice, why my project does not comply with the Local Government Code; because, I can not locate it in statute.

I pray. You recognize my project conforms to State law, and you will issue a letter of approval.

I look forward to hearing from you.

Sincere regards,

Charles Draper
Tejasland & Commerce, President

CC:     Susan Scallon
        City Manager, Marc Ott
        Honorable Mayor Lee Luffingwell
        Greg Anderson. Chief-of-Staff, Mayor Pro Tem Sherly Cole
        Honorable Representative Paul Workman
        Jim Schissler, Jones & Carter

I

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

October 19, 2001

The Honorable Frank Madla
Chair, Committee on
   Intergovernmental Relations
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0425

Re: Whether real property for which an original application for a first permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time of that filing although the property has been conveyed to a different owner (RQ-0386-JC)

Dear Senator Madla:

    Section 245.002 of the Local Government Code locks in, for the duration of a real-property "project," the development regulations in effect when the original application for the first necessary permit is filed. See TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001); see also Quick v. City of Austin, 7 S.W.3d 109, 131 (Tex. 1998). Under the statutory definition of the term "project," it is irrelevant whether the owner who files the original application for the first permit retains the property for the duration of the project or conveys the property. See TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). You ask a question regarding a tract of land for which an owner has filed an original application for the first necessary permit.[1] If another person purchases that tract of land, you inquire, is the purchaser "entitled to the rights and benefits" that chapter 245 provides to the owner who filed the original application for the first permit, see Request Letter, note 1, at 1, and we thus understand you to ask whether the property remains subject to the development regulations in effect when the original application for the first permit was filed despite the conveyance. We conclude that the property remains subject to the development regulations in effect at the time the original application for the first permit was filed, but only if the project remains the same. Whether a project remains the same is a fact question, and this office cannot resolve it. See, e.g., Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in

---

[1]See Letter from Honorable Frank Madla, Chair, Committee on Intergovernmental Relations, Texas Senate, to Honorable John Cornyn, Texas Attorney General (May 24, 2001) (on file with Opinion Committee) [hereinafter Request Letter].



attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

Section 245.002 of the Local Government Code specifies that a real-property "project" will be subject to the development regulations in effect when the original application for the first permit required for the project is filed:

> (a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the permit is filed.
>
> (b) If a series of permits is required for a project, the orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project. All permits required for the project are considered to be a single series of permits. Preliminary plans and related subdivision plats, site plans, and all other development permits for land covered by the preliminary plans or subdivision plats are considered collectively to be one series of permits for a project.
>
> . . . .

TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). The terms "permit," "project," and "regulatory agency" are defined in section 245.001:

> (1) "Permit" means a license, certificate, approval, registration, consent, permit, or other form of authorization required by law, rule, regulation, order, or ordinance that a person must obtain to perform an action or initiate, continue, or complete a project for which the permit is sought.
>
> . . . .
>
> (3) "Project" means an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor.

> (4) "Regulatory agency" means the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit.

*Id.* § 245.001. Chapter 245 applies only to a project "in progress on or commenced after September 1, 1997," *see id.* § 245.003, and certain permits and regulations are exempt from the chapter, *see id.* § 245.004. In addition, a regulatory agency may, by ordinance or regulation, place an expiration date on dormant projects, after which date the project would be subject to current development regulations. *See id.* § 245.005. We understand that the property about which you are concerned is not exempt from chapter 245 and is not dormant. *See generally* Request Letter, *supra* note 1.

With respect to property for which an original application for a first permit has been filed, the property is subject to the development regulations that are effective at the time of the filing (with the exceptions listed in chapter 245 of the Local Government Code) for the duration of the project regardless of any conveyances that may occur during the project. Nothing in chapter 245 suggests that the development regulations to which a property is subject, locked in at the time of filing the original application for the first permit, no longer apply to the property solely because the property has been conveyed to another owner. Section 245.002 facially directs that a property is, for the duration of a project, subject to the development regulations in effect when the original application for the first permit was filed, without mentioning the possibility of a conveyance. *Cf. Quick*, 7 S.W.3d at 131 (examining prior statute, which "provides that if a series of permits is for a project, the ordinances in effect at the time the original application for the first permit is filed shall be the sole basis for consideration of all subsequent permits required for the completion of a project"). Additionally, the term "project," as defined in section 245.001(3), does not indicate that a project is specific to a person or terminates each time the property is sold. *See* TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). A project is an "endeavor," *see id.*, which is commonly defined as "the action of endeavouring; effort, or pains, directed to attain an object." V OXFORD ENGLISH DICTIONARY 226 (2d ed. 1989); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (requiring us to read statutory words and phrases in context and to construe them according to rules of grammar and common usage); *Thompson v. Corbin*, 137 S.W.2d 157, 159 (Tex. Civ. App.–Texarkana 1940, no writ) (defining verb "endeavor" as "to exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort") (quoting *Webster's New International Dictionary*).

Nevertheless, neither a purchaser nor an owner may alter a project without the possibility of a consequence. If a project is altered by a purchaser, for example, the development regulations are no longer locked in under chapter 245 and current development regulations apply. Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. The statute defines

"regulatory agency" as "the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit." TEX. LOC. GOV'T CODE ANN. § 245.001(4) (Vernon Supp. 2001). Nothing in chapter 245 provides any other body jurisdiction to decide such a question. *Cf. id.* § 245.005 (authorizing regulatory agency to adopt rules placing expiration date on dormant projects). Furthermore, this agency cannot determine whether a project has changed, as the question cannot be resolved without considering fact questions. Fact questions are not amenable to the opinion process. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

### SUMMARY

Under section 245.002 of the Local Government Code, property for which an original application for the first development permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time the application was filed for the duration of a project, regardless of any changes in ownership that may occur before the project is completed. *See* TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). If a project changes, however, the project becomes subject to current development regulations. *See id.* § 245.001(3) (defining "project"). Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. *See id.* § 245.001(4) (defining "regulatory agency").

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee



# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 10, 2012

The Honorable René O. Oliveira
Chair, Committee on Land and Resource
   Management
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0980

Re: Whether a "project duration ordinance" adopted by the City of Austin contravenes section 245.005 of the Local Government Code (RQ-1070-GA)

Dear Representative Oliveira:

You inquire about a potential conflict between the City of Austin's Project Duration Ordinance ("Ordinance") and chapter 245 of the Local Government Code.[1] You contend that the Ordinance violates chapter 245 by establishing expiration criteria for building projects that differ from the expiration criteria specified in chapter 245. Request Letter at 3–4. The Ordinance provisions about which you ask are contained in the Austin City Code as sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3).[2] See Request Letter at 3. Section 25-1-533(B) provides that:

> [i]f a building permit for a building shown on a site plan or a notice of construction expires before construction begins, the project, including the preliminary subdivision plan, expires. If all building permits are not obtained or a notice of construction is not filed within the time periods contained in . . . [section] 25-1-535 . . . , the project, including the preliminary subdivision, expires.

AUSTIN CITY CODE § 25-1-533(B). Section 25-1-535(B)(4) applies in the City's "Drinking Water Protection Zone" and provides that:

---

[1] See Letter from Honorable René Oliveira, Chair, House Comm. on Land & Res. Mgmt., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 22, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2] The City of Austin informs us that it does not enforce certain provisions of the Ordinance. See Brief from Brent D. Lloyd, Assistant City Att'y, City of Austin Law Dep't at 2 (July 30, 2012) (attaching affidavit of Greg Guernsey, Dir. of Planning & Dev. Review, which identifies provisions no longer enforced) ("City of Austin Brief"). The provisions the City asserts it still enforces are the same provisions that you specifically cite to in your request letter. Thus, we assume that you are concerned about only sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3) of the Austin City Code. See AUSTIN, TEX., AUSTIN CITY CODE ch. 25-1, art. 12, §§ 25-1-533(B), 25-1-535(B)(4), (C)(3) (2012).



> [a]n application for a project for which the first application was filed
> on or after September 6, 1997, may comply with original regulations
> if all building permits are approved and a notice of construction is
> filed within three years of the date the first application is filed.

*Id.* § 25-1-535(B)(4). Section 25-1-535(C)(3) applies in the City's "Desired Development Zone" and provides that:

> [a]n application for a project for which the first application is filed on
> or after September 6, 1997, may comply with original regulations if
> all building permits are approved and a notice of construction is filed
> within five years of the date the first application is filed.

*See id.* § 25-1-535(C)(3).[3]

Home-rule cities, such as Austin, derive their powers from the Texas Constitution. TEX. CONST. art. XI, § 5; TEX. LOC. GOV'T CODE ANN. § 51.072 (West 2008). They possess "the full power of self government and look to the Legislature not for grants of power, but only for limitations on their power." *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993).

The Texas Constitution prohibits a city ordinance from containing "any provision inconsistent with . . . the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5(a); *see also City of Fort Worth v. Atlas Enters.*, 311 S.W.2d 922, 924 (Tex. Civ. App.—Fort Worth 1958, writ ref'd n.r.e.) (discussing severability of municipal ordinances and stating that "[a] municipal ordinance may be void as to some of its provisions and valid as to others"). A court would not invalidate an ordinance as inconsistent with a statute unless the court can reach no reasonable construction that leaves both the ordinance and the statute in effect. *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). Nevertheless, "an ordinance which conflicts or is inconsistent with state legislation is impermissible." *City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 796 (Tex.), *cert. denied*, 459 U.S. 1087 (1982).

Chapter 245 of the Local Government Code is a legislative limit on cities' home-rule power to regulate construction and development within their jurisdiction. The statute "prohibit[s] land-use regulators from changing the rules governing development projects 'in the middle of the game,' thereby insulating already underway development and related investment from the vicissitudes and uncertainties of regulatory decision making and all that may influence it." *Harper Park Two, LP v. City of Austin*, 359 S.W.3d 247, 250 (Tex. App.—Austin 2011, pet. denied). Subsection 245.002(b) provides that "[i]f a series of permits is required for a project, the orders, regulations,

---

[3]The Municipal Code defines "Drinking Water Protection Zone" as "the areas within the Barton Springs Zone, the Barton Creek watershed, all water supply rural watersheds, and all water supply suburban watersheds . . . that are in the planning jurisdiction." *Id.* § 25-1-21(30). The "Desired Development Zone means the area not within the drinking water protection zone." *Id.* § 25-1-21(26).

ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.002(b) (West 2005). The effect of the statute is that "once an application for the first permit required to complete a property-development 'project' is filed with the municipality or other agency that regulates such use of the property, the agency's regulations applicable to the 'project' are effectively 'frozen' in their then-current state and the agency is prohibited from enforcing subsequent regulatory changes to further restrict the property's use." *Harper Park Two, LP*, 359 S.W.3d at 248–49.

Section 245.005, entitled "Dormant Projects," authorizes cities to enact ordinances that expire projects when "no progress has been made towards completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005); *see id.* § 245.005(c) (providing a list of factors used to determine whether progress is being made toward the completion of a project). A project's "expiration" necessarily results in the project losing the "frozen" rights granted by chapter 245. Although the Legislature has permitted cities to expire projects that meet the statutory criteria for dormancy, it has not provided any further authority under which cities may cause a project to lose the rights granted by chapter 245. As a result, any project expiration ordinance that does not comport with section 245.005's dormancy criteria conflicts with chapter 245.

Section 245.005 provides:

> Notwithstanding any other provision of this chapter, any ordinance, rule, or regulation enacted pursuant to this section shall place an expiration date on a project of no earlier than the fifth anniversary of the date the first permit application was filed for the project if no progress has been made towards completion of the project.

*Id.* § 245.005(b). Under the Ordinance, a project's expiration date could be sooner than five years after the filing of the first permit application. AUSTIN CITY CODE § 25-1-533(B). Under the statute, however, a project's expiration date must be no earlier than five years after the filing of the first permit application. TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005). Thus, the Ordinance's expiration periods conflict with those of the statute. Similarly, under the Ordinance, a project would expire if "all building permits are not obtained or a notice of construction is not filed within the time periods" established by the city. AUSTIN CITY CODE § 25-1-533(B). However, under the statute, a project may not expire unless it meets the dormancy criteria contained in section 245.005. TEX. LOC. GOV'T CODE ANN. § 245.005(c)(2) (West 2005). The failure to obtain all building permits or file a notice of construction within a time period set by the city is not one of the criteria set forth in section 245.005. Thus, the Ordinance's criteria for expiring a project conflicts with that of the statute. *See In re Sanchez*, 81 S.W.3d at 796.[4]

---

[4]Briefing we received in connection with your request argues that subsection 245.002(a)'s reference to "expiration dates" implicitly authorizes a regulatory agency to impose expiration dates on permits. *See* City of Austin
(continued...)

Accordingly, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire sooner than it would under the provisions of section 245.005 of the Local Government Code. Likewise, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire regardless of whether the project meets the section 245.005 criteria for progress towards completion of the project.[5]

---

[4](...continued)
Brief at 3; Brief from Scott N. Houston, General Counsel, Texas Municipal League at 2 (Aug. 9, 2012). No Texas court has addressed this issue, and we need not address it here. The argument is unavailing to our consideration because the Ordinance results in the expiration of projects, not permits. The rights guaranteed to projects by chapter 245 continue to apply regardless of the expiration of individual permits within a project.

[5]It has been suggested in briefing submitted to this office that, because the Ordinance became effective on September 6, 1997, it is in violation of sections 2 and 3(a) of House Bill 1704 enacted in 1999. *See* Brief from Andrew Weber, Kelly Hart & Hallman, on behalf of the Real Estate Council of Austin at 2–4 (June 29, 2012). *See also* Act of Apr. 29, 1999, 76th Leg., R.S., ch. 73, §§ 1(a), 2, 1999 Tex. Gen. Laws 431, 432, 434 (eff. May 11, 1999) (finding that former subchapter I, chapter 481 of the Government Code "was inadvertently repealed" and adding chapter 245). House Bill 1704 provides that chapter 245 applies retroactively to a "project in progress on or commenced after September 1, 1997" and that "any actions taken by a regulatory agency for the issuance of a permit, as those terms are defined by Section 245.001, Local Government Code, . . . after that repeal and before the effective date of this Act, shall not cause or require the expiration or termination of a project, permit, or series of permits to which Section 2 of this Act applies." *Id.* §§ 2, 3(a). We do not address the question because we have concluded that the Ordinance conflicts with chapter 245.

## S U M M A R Y

A court would likely conclude that the Ordinance provisions about which you ask are void because they conflict with chapter 245 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee



City of Austin

# Law Department

City Hall, 301 West 2nd Street. P.O. Box 1546
Austin. Texas 78767-1546
(512) 974-2268

Writer's Direct Line
(512) 974-2925

Writer's Fax Line
(512) 974-1311

May 3, 2013

Charles Draper
4609 Trail Crest Circle
Austin, TX 78735

*Via e-mail only to: cd@tejasland.com*

Re:  Cause No. D-1-GN-13-000778, *Charles N. Draper, pro se, v. Greg Guernsey, In His Capacity as Director of Planning and Development Watershed Protection Review Department, and City of Austin* in the 419th District Court for Travis County, Texas

Dear Mr. Draper:

Pursuant to Rule 11 of the Texas Rules of Civil Procedure, the parties have agreed to reset Plaintiff's Original Petition, Declaratory Judgment, Injunctive Relief and Supplement to the Record from its current setting of May 20, 2013, at 2:00 pm to June 10, 2013, at 2:00 pm. Please indicate your agreement by signing where indicated below and returning the signed letter to me for filing with the court.

If you have any questions or concerns, please do not hesitate to let me know.

Thank you,

Sandra F. Kim
Assistant City Attorney

AGREED:

_____          5/6/13
Charles Draper, Plaintiff                Date



City of Austin

# Law Department

City Hall. 301 West 2nd Street. P.O. Box 1546
Austin. Texas 78767-1546
(512) 974-2268

Writer's Direct Line
(512) 974-2691

Writer's Fax Line
(512) 974-1311

May 30, 2013

Charles N. Draper
4609 Trail Crest Circle
Austin, TX 78735

<u>via USPS first-class mail &</u>
<u>USPS certified mail, return receipt requested</u>:
#91 7199 9991 7030 3940 9201

Re:     Cause No. D-1-GN-13-000778, *Charles N. Draper, pro se, v. Greg Guernsey, In His*
        *Capacity as Director of Planning and Development Watershed Protection Review*
        *Department, and City of Austin* in the 419th District Court for Travis County, Texas

Dear Mr. Draper:

Enclosed please find a file-stamped copy of the Order on Defendants Greg Guernsey and City of
Austin's Motion for Continuance of Plaintiff's Hearing on Plaintiff's Original Petition,
Declaratory Judgment, Injunctive Relief and Supplement to the Record.

Sincerely,

Cathy Curtis, Paralegal to
Christopher Coppola
Assistant City Attorney

Enclosure

| | | |
|---|---|---|
| CHARLES N. DRAPER, | § | IN THE DISTRICT COURT |
| Plaintiff, *Pro Se*. | § | |
| | § | |
| V. | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

## AFFIDAVIT IN SUPPORT OF MOTION FOR CONTINUANCE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| TRAVISC COUNTY | § |

BEFORE ME, the undersigned notary, on this day personally appeared Sandra F. Kim, the affiant, a person whose identify is known to me. After I administered an oath to affiant, affiant testified:

"1.    My name is Sandra Kim, and I represent Defendants Greg Guernsey and City Of Austin in this lawsuit filed by Plaintiff Charles Draper. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    Plaintiff is Charles Draper; Defendants are City of Austin and Greg Guernsey.

3.    On March 4, 2013, Plaintiff filed an Original Petition. On March 29, 2013, Defendants filed an Original Answer.

4.    On May 3, 2013, Defendants received a Notice of Hearing set for May 20, 2013 regarding Plaintiff's Original Petition, Declaratory Judgment, Injunctive Relief, and Supplement to the Record. Counsel for Defendants was not contacted prior to scheduling this hearing date

1

and unavailable to attend because she will be in South Korea from May 18, 2013 to June 1, 2013. As a result, Counsel for Defendants contacted Plaintiff to attempt to reset the hearing for a later date, and June 10, 2013 was the new agreed upon date.

5. Plaintiff seeks to develop certain land located at 6300-02 Highway 290 West, Austin, Texas 78735 and requests approval of a previously denied Project Application H.B. 1704/Chapter 245 Determination (referring to Chapter 245 of the Texas Local Government Code).

6. On May 3, 2013, Defendant first received notice of Plaintiff's hearing, now set for June 10, 2013, which is essentially a trial on the merits, thereby constituting thirty-eight days' notice of trial. The abbreviated notice was unreasonable, does not provide Defendants' adequate time to prepare for trial, will prevent Defendants' attorney from preparing available defenses, and violates Defendants' right of due process and the mandate in Rule 245 of the Texas Rules of Civil Procedure.

7. Plaintiff's Petition does not provide fair notice of his allegations regarding grandfathering, his vested rights to develop the subject land, how the development on the subject land does not constitute a completed project, how his land was legally subdivided, the basis for a declaratory judgment, and the type and form of injunctive relief he desires. Defendants filed Special Exceptions addressing such deficiency on May 16, 2013.

8. Plaintiff has failed to allege whether discovery is intended to be conducted under Level 1, 2, or 3 pursuant to Rule 190.1 of the Texas Rules of Civil Procedure. Defendants filed a Special Exception addressing such deficiency on May 16, 2013.

2

9. Any request for injunctive relief allowing Plaintiff to develop his property would upset the status quo and constitute a hearing on the merits of Plaintiff's case and be tantamount to adjudicating both parties' respective rights without the benefit of a trial, which is an improper basis for granting a temporary injunction.

10. No discovery has been completed. Defendants served Interrogatories, Requests for Disclosure, Requests for Production, and Requests for Admissions to Plaintiff on May 13, 2013 so as to investigate the case and elicit information regarding Defendant's disagreement with a finding of "project complete" by Defendants, the reasons Plaintiff believes he is entitled to grandfathering, facts surrounding the vesting of his rights to develop the subject land, and facts surrounding the subdivision of his land. Such information is material to the case and cannot be obtained by another source, as Plaintiff is the only witness possessing documents regarding developments to his land. Defendants served the discovery a month and a half after filing its Answer, thereby establishing due diligence in seeking out such information. The response to such discovery is due on June 17, 2013 and Defendants require additional time to review the response to such discovery before any hearing on the merits of Plaintiff's claims. Defendants attempted to secure a continuance by agreement but Plaintiff refused.

11. This case is set for hearing on June 10, 2013.

12. I have read Defendants Greg Guernsey and City Of Austin's Motion for Continuance of Plaintiff's Hearing on Plaintiff's Original Petition, Declaratory Judgment, Injunctive Relief, and Supplement to the Record. The facts stated in it are within my personal knowledge and are true and correct under penalty of perjury.

3

13. This is Defendant's first motion for continuance, and thus, it is not required to show it cannot obtain the information sought from this additional discovery from any other source. Tex. R. Civ. P. 252.

14. This request for continuance is not for delay only, but so that justice may be done."

SANDRA F. KIM
Date of Birth: 01-01-78
Assistant City Attorney
State Bar No. 24046212
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2925
(512) 974-1311 [FAX]

Sworn to and subscribed before me by Sandra F Kim on May 17th, 2013.

_____
Notary Public in and for the State of Texas

4

Filed in The District Court
of Travis County, Texas

LM MAY 3 0 2013
At_____ _10:19A____M.
Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER, | § | IN THE DISTRICT COURT |
| Plaintiff, *Pro Se*, | § | |
| | § | |
| V. | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

### <u>ORDER ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S MOTION FOR CONTINUANCE OF PLAINTIFF'S HEARING ON PLAINTIFF'S ORIGINAL PETITION, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND SUPPLEMENT TO THE RECORD</u>

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

On the 30th day of May, 2013, came to be heard the *City of Austin's Motion for Continuance of Plaintiff's Hearing on Plaintiff's Original Petition, Declaratory Judgment, Injunctive Relief, and Supplement to the Record*. The Court, after having considered such motion and response, other pleadings on file with the Court, and argument of counsel and pro se Plaintiff, finds the City of Austin's Motion to be meritorious.

**IT IS HERBY ORDERED, ADJUDGED, AND DECREED** that the *City of Austin's Motion for Continuance of Plaintiff's Hearing on Plaintiff's Original Petition, Declaratory Judgment, Injunctive Relief, and Supplement to the Record* is hereby **GRANTED**, and the hearing will be reset within 180 days of the signing of this Order. *jw*

SIGNED this _30th_ day of May, 2013.

_____
Honorable Judge Presiding



| | | |
|---|---|---|
| CHARLES N. DRAPER, | § | IN THE DISTRICT COURT |
| Plaintiff, *Pro Se*, | § | |
| | § | |
| V. | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

## NOTICE OF HEARING ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S SPECIAL EXCEPTIONS

Please be advised that a hearing has been set on Defendants Greg Guernsey and City of Austin's Special Exceptions in the District Court of Travis County, Travis County Courthouse, 1000 Guadalupe, Austin, Texas, on the 6th day of June, 2013, at 9:00 a.m.

RESPECTFULLY SUBMITTED,

KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION DIVISION

\s\ Sandra Kim
SANDRA F. KIM
Assistant City Attorney
State Bar No. 24046212
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2925
(512)974-1311 [FAX]

**ATTORNEYS FOR CITY OF AUSTIN**

8/11/2016 12:57:32 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-13-000778
Terri Juarez

CAUSE NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER, | § | IN THE DISTRICT COURT |
| Plaintiff, *Pro Se*, | § | |
| | § | |
| v. | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

## DEFENDANTS' TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendants City of Austin and Greg Guernsey[1] (collectively referred to as "Defendants" and respectively referred to as the "City" or "Guernsey") file their Motion for Summary Judgment and respectfully show the Court the following:

### I.
### INTRODUCTION

Plaintiff's legal theories and factual allegations are difficult to follow. *See* Ex. A (Plaintiff's Final Amended Petition). What is clear, however, is the City denied Plaintiff's application for vested rights, codified at Chapter 245 of the Local Government Code ("Chapter 245"), to develop property at 6300-02 Highway 290, requesting an exemption from current City regulations based on a plat recorded in 1872 and/or an expired permit issued by Travis County on August 9, 1985.[2] Plaintiff's lawsuit challenges Defendants' denial of his vested rights application and asserts that various City employees made fraudulent misrepresentations,

---

[1] Greg Guernsey has been dismissed from this suit for all claims other than Plaintiff's ultra vires claim as ruled by the Third Court of Appeals in Memorandum Opinion No. 03-14-00265-CV.

[2] The City's application for vested rights is titled "Project Application H.B. 1704/Chapter 245 Determination", but for ease of reference is referred to herein as a "vested rights application."

committed perjury, and breached a contract in connection with the denial of his vested rights application and the handling of the current lawsuit.

In general, Chapter 245 provides that all permits required to complete a development project are "locked-in" to the regulations in effect on the date that the first permit application, development plan or plat application for the project is filed which "gives the regulatory agency fair notice of the project and the nature of the permit sought." TEX. LOCAL GOV'T CODE § 245.002. Contrary to Plaintiff's Final Amended Petition, the rights conferred by Chapter 245 are not so broad that any permit application filed for the development of property with one regulatory agency is sufficient to exempt it from current regulations with respect to a different regulatory agency. The evidence presented by Plaintiff in this case—a plat from 1872 and a lapsed Travis County permit issued in 1985—is legally insufficient in establishing vested rights from current City regulations. As for the remainder of Plaintiff's claims (fraudulent misrepresentation, perjury, and breach of contract), these claims are confusing, unsubstantiated and conclusory. Plaintiff's claims must be dismissed and Defendants are entitled to summary judgment as a matter of law.

## II.
### SUMMARY JUDGMENT EVIDENCE

To support the facts in this response, Defendants offer the following summary-judgment evidence and incorporates them by reference.

Exhibit A:    Plaintiff's Final Amended Petition.

Exhibit B:    Supplemental Affidavit of Susan Scallon with attachments.

Exhibit C:    Affidavit of Stacey Scheffel.

Exhibit D:    Affidavit of Christopher Johnson.

Exhibit E:    Rule 11 Agreement dated May 3, 2013 regarding rescheduling a hearing.

Exhibit F:    Affidavit dated May 17, 2013 signed by Defense counsel in support of Defendants' Motion for Continuance.

Exhibit G:    Order dated May 30, 2013 granting Defendants' Motion for Continuance.

## III.
### STANDARD OF REVIEW

Under Rule 166a (c), a court must grant summary judgment if the movant presents sufficient evidence to show that there are no issues of material fact and that it is entitled to summary judgment as a matter of law. *Park Place Hospital v. Estate of Milo*, 909 S.W.2d 508 510 (Tex. 1995); TEX. R. CIV. P. 166a (c). A defendant whose summary judgment evidence conclusively negates at least one of the elements of plaintiff's cause of action, or whose evidence conclusively proves all of the elements of an affirmative defense, is entitled to summary judgment as a matter of law. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

Under a no-evidence motion, a defendant asserts that there is no evidence of one or more essential elements of a plaintiff's claim(s) upon which the plaintiff would have the burden of proof at trial. TEX. R. CIV. P. 166a (i). The defendant, as movant, does not bear the burden of establishing each element to its own claim or defense. *General Mills Restaurants v. Texas Wings, Inc.*, 12 S.W.3d 827, 832 (Tex. App.—Dallas 2000, no pet.); *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 432-33 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Rather, the movant lists the elements for which the party lacks evidentiary support. The burden then shifts to the plaintiff to present enough evidence to be entitled to a trial, i.e., evidence that raises a genuine fact issue on the challenged elements. TEX. R. CIV. P. 166a (i).

A plaintiff must produce evidence of probative force to raise a fact issue on the material questions presented. *General Mills*, 12 S.W.3d at 833. If plaintiff is unable to provide more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential

element of plaintiff's claim, the trial judge must grant the motion. *Id.* at 832-33; *Lampases*, 988 S.W.2d at 433. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Less than a scintilla of evidence occurs "when the evidence offered to prove a vital fact is so weak so as to do no more than create a mere surmise or suspicion of its existence and in legal effect is no evidence." *Coastal Conduit & Ditching v. Noram Energy*, 29 S.W.3d 282, 284-85 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

## IV.
### ARGUMENT

**A.      Plaintiff is not entitled to vested rights under Chapter 245.**

Under Plaintiff's interpretation of Chapter 245, a property would remain forever exempt from current City development regulations based on nothing more than a plat recorded for the property in the year of 1872 and/or an expired permit issued by another regulatory agency in 1985. Plaintiff's arguments are inconsistent with controlling precedent and fail as a matter of law to establish vested rights under Chapter 245.

> **i.      A permit application submitted to one regulatory agency does not establish vested rights for purposes of another agency's regulations.**

"Generally, the right to develop property is subject to intervening regulatory changes." *Shumaker Enterprises, Inc. v. City of Austin*, 325 S.W.3d 812, 814 (Tex. App.—Austin 2010, no pet.); *Harper Park Two, L.P. v. City of Austin*, 359 S.W.3d 247, 256 (Tex. App.—Austin 2011, pet denied); *Quick v. City of Austin*, 7 S.W.3d 109, 124 (Tex. 1998). Chapter 245 creates a *"narrow exception* to this rule." *Id.* (emphasis added). Under Chapter 245, once an individual files a development application or plan with a regulatory agency, that agency may not enforce

any subsequent changes to its land-use regulations to the detriment of the applicant. *Shumaker*, 325 S.W.3d at 814; *see also* TEX. LOCAL GOV'T CODE § 245.002(a). These vested rights may only accrue against a regulatory agency, however, if the application under Chapter 245 "gives the regulatory agency *fair notice* of the project and the nature of the permit sought." TEX. LOCAL GOV'T CODE § 245.002(a-1) (emphasis added); *see also Shumaker*, 325 S.W.3d at 815. Accordingly, an application filed with one agency does not provide "fair notice" to another agency and is thus not sufficient to establish vested rights from that agency's regulations. *Shumaker*, 325 S.W.3d at 815.

The present case is almost identical to the *Shumaker* case. In *Shumaker*, a landowner was required to obtain a city permit after the city's extraterritorial jurisdiction ("ETJ") expanded to include the landowner's property. *Shumaker*, 325 S.W.3d at 815. The landowner argued that it was not required to obtain a city permit for its intended sand-and-gravel mining operations because it had already applied for an application with the county before the expansion of the city's ETJ included the property in question. *Id.* at 812-13. In rejecting that argument, the *Shumaker* court held the reference to "permits" as opposed to a "project" or "property," in Section 245.002(a)(1) of the Local Government Code meant a landowner can only establish vested rights with an agency's regulations if he or she filed a permit application with that same agency. *Id.* at 814-15. The landowner in *Shumaker* was required to file an application with the city after the city's ETJ expanded to include the landowner's property in order to establish vested rights with the city, and the previous filing with the county could not accomplish this result. *Id.* at 815; TEX. LOCAL GOV'T CODE § 245.002(a)(1).

Similar to the landowner in *Shumaker*, Plaintiff requests this Court recognize vested rights under City regulations following the filing of an 1872 plat of unknown origin or a 1985

Travis County development permit. Ex. A. Neither was filed with the City, and in accordance with *Shumaker*, vested rights with the City was not established on either date. Ex. B (Affidavit of Susan Scallon). In fact, Plaintiff's claims are even weaker than those rejected by the court in *Shumaker* because the subject property came within the City's ETJ on July 19, 1951, prior to the issuance of the 1985 Travis County development permit, and would therefore have required a City permit in 1985. Ex. B.

Since no application giving the City "fair notice" of a development project was ever filed with the City, Plaintiff's argument that development of the subject property is vested to City regulations in effect on August 9, 1985, or in the year 1872, directly contradicts *Shumaker* and fails as a matter of law. Ex. B. Only an application filed with the City in 1985 could possibly afford Plaintiff vested rights to City regulations in effect in 1985. Accordingly, Plaintiff is not entitled to vested rights.

ii. **A permit does not entitle a project to vested rights if the original project has changed, been completed, abandoned, or become dormant.**

Even if this Court could find that the City was somehow given fair notice of the subject property development and thus Plaintiff entitled to vested rights, the overall project was completed, abandoned, or dormant well before Plaintiff submitted his request for vested rights to the City on February 14, 2011. Accordingly, any proposed development on the subject property as of 2011 or thereafter constitutes a new project subject to current regulations.

1. **The scope of a "project" under Chapter 245 is defined by the original permit.**

The rationale for Chapter 245 protections only works with the assumption that the same "project" is being pursued by the developer—as rights are vested in a particular project not the property. *Seguido*, 227 S.W.3d at 242, 250. For purposes of Chapter 245, a "project" is "an

endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor." TEX. LOCAL GOV'T CODE § 245.001(3). A project is the single endeavor reflected in the original application for the first permit in the series of permits connected to a project. *Harper Park Two, L.P.*, 359 S.W.3d at 256. The term "endeavor" is not defined in the statute, but the common definition is "the action of endeavoring; effort, or pains, directed to attain an object." *City of San Antonio v. En Seguido, Ltd*, 227 S.W.3d 237, 243 (Tex. App.—San Antonio 2007, no pet.) (citing Op. Tex. Att'y Gen. No. JC-0425, 3).

> **2.    Plaintiff's project was completed or changed subsequent to the 1872 plat and 1985 Travis County development permit, and is therefore subject to current regulations.**

A development is no longer entitled to vested rights if it constitutes a new or different "project" from the one sought in the initial permit application. *Harper Park Two, L.P.*, 359 S.W.3d at 249-50; *Seguido*, 227 S.W.3d at 242-43 (holding that property owner could not develop property more than thirty years after a previous owner filed a subdivision plat because a permit is for a specific project, rights vest in a particular project, and rights are no longer vested when a project changes); Op. Tex. Att'y Gen. No. JC-0425, 1 (opining "property remains subject to the development regulations in effect at the time the original application for the first permit was filed, but only if the project remains the same").

If the 1872 plat is regarded as the first permit application for the "project," there is no evidence construction was intended on the lot in question after issuance of the permit. *See* Exs. A-B. Certainly the 1872 plat does not evidence a specific "endeavor" or plan for development of this lot or any other lot included in the plat. *Id.* The plat itself does nothing more than evidence a transfer in ownership. Even if the plat had been filed with the City, which it was not, it would not

have provided notice of the intent to develop the subject lot for purposes of vested rights accrual. *See* Ex. B; *see also* TEX. LOCAL GOV'T CODE § 245.002.

If the 1985 Travis County development permit is regarded as the first permit application for the project, based on evidence provided to the City in Plaintiff's vested rights application dated February 14, 2011 and additional research conducted by City staff, it appears that the development began on the property in 1985 and that any "project" contemplated by the 1985 Travis County development permit was completed by 2006. Ex. B. The permit was issued for the construction of an office building. Ex. B. Geographic information system (GIS) aerial maps of the subject property show that a structure was completed in 1987. Ex. B. The last structure to be built on the property was in 2006, making a total of nine structures constructed on the subject property over a twenty-one year period. Ex. B. Clearly, any development contemplated by the 1985 permit was completed well before Plaintiff submitted his 2011 vested rights application.

### 3.    A dormant project is no longer entitled to vested rights protections.

A project becomes dormant if no progress has been made towards completion of the project. TEX. LOCAL GOV'T CODE § 245.005; *Seguido*, 227 S.W.3d at 244. Even if the 1985 Travis County development permit could have conferred vested rights with the City, vested rights do not continue in perpetuity and Plaintiff's project became dormant pursuant to Section 245.005 long before Plaintiff submitted his vested rights application in 2011. TEX. LOCAL GOV'T CODE § 245.005.

Chapter 245's dormancy rules first went into effect on May 11, 1999. 1999 Tex. Sess. Serv. Ch. 73 (H.B. 1704). The 1999 version of this subsection reads as follows:

> Notwithstanding any other provision of this chapter, after the first anniversary of the effective date of this chapter, a regulatory agency may enact an ordinance, rule, or regulation that places an expiration date on a permit if as of the first anniversary of the effective date of this chapter: (i) the permit does not have an

expiration date; and (ii) no progress has been made towards completion of the project. Any ordinance, rule, or regulation enacted pursuant to this section shall place an expiration date of no earlier than the fifth anniversary of the effective date of this chapter. Progress towards completion of the project shall include any one or more of the following:

(1) an application for a final plat or plan is submitted to a regulatory agency;

(2) a good-faith attempt is made to file with a regulatory agency an application for a permit necessary to begin or continue towards completion of the project;

(3) costs have been incurred for developing the project including, without limitation, costs associated with roadway, utility, and other infrastructure facilities designed to serve, in whole or in part, the project (but exclusive of land acquisition) in the aggregate amount of five percent of the most recent appraised market value of the real property on which the project is located;

(4) fiscal security is posted with a regulatory agency to ensure performance of an obligation required by the regulatory agency; or

(5) utility connection fees or impact fees for the project have been paid to a regulatory agency.

1999 Tex. Sess. Serv. Ch. 73 (H.B. 1704).

In 1985, a Travis County "land development permit expire[d] after (1) 180 days from the date of issuance if no work commenced on the subject property or (2) work authorized under the permit is suspended or abandoned for a period of at least 180 days."[3] Ex. C (Affidavit of Stacey Scheffel). Accordingly, reading Travis County's rules in harmony with Section 245.005, at the latest possible date, Plaintiff's project became dormant and his 1985 Travis County permit expired on May 11, 2004, five years after the enactment of the dormancy provisions. The only continued progress alleged by Plaintiff which occurred after the enactment of Section 245.005 occurred in 2008, Ex. A at pp. 3-

---

[3] This appears to have been amended in 2008 to comply with Chapter 245 five years expiration requirement. *See* Travis County Code § 64.061(d).

4, well after Plaintiff's permit expired and the project became dormant. Accordingly, Plaintiff's project was dormant long before he requested vested rights in 2011.

### iii.     Amnesty was requested and granted, further evincing the absence of the proper filings with the City of Austin that would constitute notice of legal development of the subject property.

On December 2, 2011 and January 10, 2012, Plaintiff requested an Amnesty Certificate of Occupancy (ACO) in regards to two existing structures on the subject property. Ex. D (Affidavit of Christopher Johnson). An ACO establishes the continued use of property from 1986 until the present and is typically granted to properties without an existing certificate of occupancy. Ex. D. An ACO does not authorize the development of property. *See* Ex. D. In other words, amnesty is often granted to structures not otherwise known to exist by the City.

ACO's for the two structures on the subject property were granted because the applicant presented evidence of the continuing use of one structure as an office and the other as a nursery. Ex. D. This fact further supports the lack of filings with the City by Plaintiff that would otherwise notify the City of development on the subject property. Ex. D. Any development commenced between 1986 and the present would only evince illegal development, proving vested rights never accrued in connection with Plaintiff's property. Further, for the reasons addressed above, any project commenced between 1986 and 2006 is now complete and cannot support the grant of vested rights for the new project currently under dispute.

### iv.     Ultra Vires Claim[4]

"Governmental immunity protects political subdivisions of the state, such as cities and their officers, from liability." *Houston Belt & Terminal Railway Co. v. City of Houston*, 487 S.W.3d 154, 157 (Tex. April 1, 2016). An *ultra vires* claim, however, does not "waive"

---

[4] Plaintiff did not explicitly plead an ultra vires claim. The Third Court of Appeals, however, interpreted Plaintiff's pleadings as an ultra vires claim. *See* Third Court of Appeals in Memorandum Opinion No. 03-14-00265-CV.

immunity, as "it is the Legislature's sole province to waive or abrogate sovereign immunity." *See Id.* at 158, fn. 1 (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Instead, when an official performs an act that is without legal authority or fails to perform a ministerial act—an *ultra vires* act—governmental immunity does not apply from the outset. *Id.* This is because an official derives his immunity from the State, and when an official performs acts that are not lawfully authorized, they are not considered acts of the State. *E.g. Texas Dept. of Ins. v. Reconveyance Services, Inc.*, 306 S.W.3d 256, 258 (Tex. 2010); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). Thus, the Texas Supreme Court has long recognized "that suits complaining of *ultra vires* action may not be brought against a governmental unit possessed of sovereign immunity, but must be brought against the allegedly responsible government actor in his official capacity." *Texas Dept. of Ins. v. Reconveyance Services, Inc.*, 306 S.W.3d 256, 258 (Tex. 2010).

Accordingly, any *ultra vires* claim that could be read from Plaintiff's pleadings would have to be that Guernsey, in the process of reviewing Plaintiff's vested rights application, failed to perform a ministerial act or acted without legal authority. *Southwestern Bell Telephone, L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). Ministerial acts are those required and defined under law with such specificity that the state actor cannot exercise any discretion or judgment. *Id.* Conversely, discretionary acts are those requiring judgment and personal deliberation. *Id.*

Any allegation by Plaintiff that Guernsey failed to perform a ministerial task or acted without legal authority while in his official capacity when denying Plaintiff's vested rights applications is unfounded. At all times, Guernsey was performing the ministerial task of determining whether Plaintiff's application met the requirements of Chapter 245, and in finding it did not, he was acting within the confines of his official capacity. Plaintiff, however, has no

evidence that Guernsey failed to perform a ministerial task or that he acted without legal authority in denying Plaintiff's vested rights application for the same reasons addressed above for why Plaintiff was not entitled to vested rights. Accordingly, no *ultra vires* claim applies to the facts of this case and Plaintiff's allegations regarding such are baseless and fail as a matter of law.

## C. Fraudulent Misrepresentation

Municipalities enjoy governmental immunity for claims "arising out of assault, battery, false imprisonment, *or any other intentional tort.*" TEX. CIV. PRAC. & REM. CODE § 101.057 (emphasis added). Fraudulent misrepresentation is an intentional tort for which the City, as a municipality, is entitled to governmental immunity. *See e.g. LTTS Charter School, Inc. v. Palasota*, 362 S.W.3d 202, 209 (Tex. App.—Dallas, no pet.). Furthermore, a civil action against a municipal employee acting in his official capacity is essentially an action against the municipality itself. *Morris v. Copeland*, 944 S.W.2d 696, 698 (Tex. App.—Corpus Christi 1997, no writ); *see also Aguilar v. Frias*, 366 S.W.3d 271, 273 (Tex. App.—El Paso 2012, pet. denied). Accordingly, Greg Guernsey, who is only being sued in his official capacity, is entitled to the same immunities as the City.[5] Both are immune from suit and liability and this claim must be dismissed in its entirety.

Moreover, Plaintiff has no evidence that the City or any of its employees made fraudulent misrepresentations. The elements of fraudulent misrepresentation are (1) defendant made a material representation to the plaintiff; (2) the representation was false; (3) when the representation was made, the defendant knew it was false; (4) the defendant made the

---

[5] It appears, based on the pleadings filed in this case, that Appellant is also alleging fraudulent misrepresentations made by Susan Scallon and the rest of the Chapter 245 completeness check team, none of whom are defendants in this case.

representation with the intent that the plaintiff act on it; (5) the plaintiff detrimentally relied on the defendant's misrepresentation. *Baribeau v. Gustafson*, 107 S.W.3d 52, 58 (Tex. App.—San Antonio, pet. denied (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992)).

Plaintiff alleges that Greg Guernsey and Susan Scallon, both City employees, made false misrepresentations, acted in malice, and ignored and misconstrued Chapters 43, 245, and Section 312.005 of the Local Government Code, when denying Plaintiff's vested rights application. Ex. A. Every City employee involved in determining the denial of Plaintiff's application merely carried out their job duties in good faith by making a Chapter 245 Determination as requested by Plaintiff. Ex. B. Plaintiff's dissatisfaction with the denial of this request does not falsify the premise for such denial. Plaintiff has no evidence that Defendants made a knowingly false representation to Plaintiff.

Further, there is no evidence of intent to induce Plaintiff's reliance. Any action by Plaintiff as a result of this determination was outside the control of the City. The denial of Plaintiff's vested rights application simply meant Plaintiff's rights were not vested because documents were issued by regulatory agencies other than the City, including the 1872 plat of unknown origin and the 1985 Travis County development permit. Plaintiff was free to develop his property and pursue a project under the current land development rules and regulations at any time after receiving the denial of his vested rights application.

### D. Perjury

Plaintiff alleges that former defense counsel Assistant City Attorney Sandra Kim committed perjury when she signed an affidavit in support of Defendants' Motion for Continuance filed May 17, 2013. *See* Exs. A, F (Affidavit of Sandra Kim). A claim of perjury

relates to criminal matters, the venue for which would take place in the criminal courts. Tex. Penal Code §§37.02 & 38.16(a) (Vernon 2011). Such allegations are not properly before this civil proceeding and must be dismissed. *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 441 (Tex. 1994) ("a party cannot seek to construe or enjoin enforcement of a criminal statute in a civil proceeding unless it challenges the constitutionality of the provision and proves an irreparable injury to its vested property rights...."); *State v. Morales*, 869 S.W.2d 941, 944 (Tex. 1994).

To the extent this Court can construe Plaintiff's claim to be some sort of fraud claim, Defendants retain immunity for the reasons already outlined above. Furthermore, Ms. Kim is not a defendant to this action and Plaintiff has no evidence that any of the statements made in Ms. Kim's affidavit were false or that such false statements were made with any intent to deceive Plaintiff or the Court. This claim is meritless and must be dismissed.

**E.    Breach of Contract and Preventing the Execution of Civil Process**

Plaintiff also alleges a breach of contract preventing the execution of the civil process. The basis of this allegation appears to be a Rule 11 Agreement entered into by Plaintiff and Ms. Kim to reschedule a hearing for which Ms. Kim had a conflict. *See* Exs. A, E (May 3, 2013 Rule 11 Agreement). Plaintiff had set the hearing without conferring with Ms. Kim. Ex. F. After entering into the Rule 11 Agreement, Ms. Kim realized that the hearing date was not feasible in light of Plaintiff requesting a trial on the merits without providing the requisite notice, and requested injunctive relief tantamount to an adjudication of the merits of the underlying case. Ex. F. After Plaintiff refused to move the hearing date, Ms. Kim filed a Motion for Continuance showing sufficient cause. *See* TEX. R. CIV. P. 247, 251, and 252. This motion was granted by Judge Wisser. Ex. G (May 30, 2013 Order).

No case or rule holds that a Rule 11 Agreement regarding a rescheduling of a hearing constitutes a contract. Any allegation of a breach of contract in connection with the Rule 11 Agreement is therefore misplaced and irrelevant. Furthermore, the underlying issue of the rescheduling of the hearing was addressed in Judge Wisser's order. Ex. G. A court is within its sound discretion to grant a motion for continuance and will not be disturbed unless the record reveals a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Therefore, the Court has already addressed the issue regarding the Rule 11 Agreement and made its ruling. Ex. G.

Lastly, the Rule 11 Agreement did not prevent the execution of the civil process but merely reset the date for a hearing, which was later continued by court order on May 30, 2013, as discussed above. Exs. F, G. This claim is also baseless and must be disregarded.

## F. Damages

Plaintiff seeks ten million in damages. Ex. A. Defendants are immunity from monetary damages for the types of claims alleged by Plaintiff—a Chapter 245 determination and an ultra vires claim. *See* TEX. LOCAL GOV'T CODE § 245.006; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 374-77 (Tex. 2009); *City of Houston v. Williams*, 216 S.W.827, 828 (Tex. 2007). Accordingly, should Plaintiff prevail at trial, he is entitled to nothing more than a declaration that he is entitled to vested rights.

## V.
### CONCLUSION

For the reasons cited above, Defendants request this Court grant Defendants' Motion for Summary Judgment because Plaintiff's claims fail as a matter of law.

IN THE DISTRICT COURT OF
TRAVIS COUNTY, TEXAS
419th JUDICIAL DISTRICT

CHARLES N. DRAPER,　　　　　　　§
Plaintiff, *Pro Se*　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　　　　§　CAUSE NO.　D-1GN-13-000778
　　　　　　　　　　　　　　　　　　§
GREG GUERNSEY,　　　　　　　　　　§
IN HIS CAPACITY AS DIRECTOR OF　　§
PLANNING AND DEVELOPMENT　　　　§
WATERSHED PROTECTION　　　　　　§
REVIEW DEPARTMENT,　　　　　　　§
AND CITY OF AUSTIN　　　　　　　　§
Defendants.　　　　　　　　　　　　§

---

## PLAINTIFF'S RESPONSE TO DEFENDANT"S NO-EVIDENCE
## MOTION FOR SUMMARY JUDGMENT
## AND COUNTERCLAIM FOR SUMMARY JUDGMENT

---

Plaintiff, Charles N. Draper, ask the court to DENY, Defendant's *Greg Guernsey in his*

*capacity as Director of Planning, and Watershed Protection, and the City of Austin, No-*

*Evidence Motion for Summary Judgment*, and *Plaintiff's Counter-Claim for Summary Judgment*,

files the following response:

Defendant's lack of evidence, perjury, misrepresentations, and legal theories are a feeble

effort to obfuscate the facts enshrined in statue, the Constitution, and the courts. Simply put;

**Tex. LGC §43.002- Continuation of Land Use-(a)** "A municipality may not, after annexing an area, prohibit a person from: (1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time".

Travis County issued the first development permit; *Patton Lane Office Building* #85-

2558 on **August 9, 1985**. The City of Austin annexed subject property on **January 1, 1986**.

Travis County was the 'regulatory agency' at time of application.

No ambiguity, the law is resolute.

1

## INTRODUCTION

The nature of the case concerns damages the City of Austin, and their governmental employee, Greg Guernsey, a city director, who is liable for fraudulent misrepresentations, while acting in his capacity as *Director of Planning and Development Watershed Protection Review Department* in charge of the 'coordinated branch of government'. Guernsey engaged in 'occupational discretion', utilized his 'proprietary' function to intentionally, and knowingly aid and abet the subversion of State law; **Texas LGC§43.002-** *Continuation of Land Use*, and **Texas LGC§245.00-** *Project,* **Torts §876, Tex. CRPC Rule §101.0215(29)-** *Municipal Liability, Planning and Zoning;* by denying plaintiff's valid *Travis County Flood Hazard Permit*, thereby, adversely condemning plaintiff's 'vested-rights' without adequate compensation; thereby, violating **Article I, §17(a)** of the **Texas Constitution** - *Taking, Damaging, or Destroying Property for Public Use*, as set out in *Plaintiff's Final Amended Petition.*

## I.    ARUGUMENT

### A.    LDC §245 v. LGC §43.002 - CONTROLING QUESTION OF LAW

" A trial court must identify the 'controlling question of law' as to which there is substantial ground for difference of opinion" (*Gulf Coast Asphalt Co. v. Lloyd* ).

Defendants' claim **LDC Chapter §245** authorizes defendants' capacity to deny 'vested-rights'; granted by a prior 'regulatory agency'. **Tex. LGC §43.002** diminishes defendant's claims. A controlling question of law arises:

Does **LDC §245** negate **LGC §43.002**? Is **LGC §43.002** subordinate to **LDC §245**?

*Defendant's No-Evidence Motion for Summary Judgment* fails to address **LGC §43.002-** *Continuation of Land Use*. **LGC §43.002** was originally presented in *Plaintiff's Final Amended Petition* (Defendant's Exhibit A, p.6). Defendants failed to mention of **LGC §43.002** in any pleading; submitted, under *Defendant's No-Evidence Motion for Summary Judgment.*

2

Defendants' refusal to acknowledge **LGC §43.002** is because; the statue does not grant defendants authority to deny plaintiff's vested-rights.

## B. STACEY SCHEFFEL IMPEACHABLE HEARSAY, AND SHAM-AFFIDAVIT

Defendants' feeble defenses attempt to negate **LGC §43.002**; rely on the impeachable hearsay and perjured sham-affidavit from Stacey Scheffel, Travis County Permit Program Manager. While Ms. Scheffell short-tenure at Travis County did not extend back to 1985, Ms. Scheffel Affidavit states;

> "3. *In 1985, the applicable rules and regulations for a land development permit, including Class "B" Travis County Flood Hazard Area Development Permit, provided that a land development permit expires after (1) 180 days from the date of issuance if no work commenced on the subject property or (2) work authorized under the permit is suspended or abandon for a period of at least 180 days".*

1. Ms. Scheffel has produced an opinion; which the witness has no documentation or first hand knowledge. Ms. Scheffel has only been a Travis County employee for 19 years (1997). Ms. Scheffel testimony is hearsay. She was not an employee of Travis County in 1985 at the time of permit issuance. The doctrine of hearsay excludes consideration of evidence which does not derive its value solely from the witness rather the veracity and competence of some other person whom the witness received the information. Ms. Scheffel has no documentation in support of her affidavit, against conflicting evidence. Therefore, Ms. Stacey Scheffel prejudice affidavit must be dismissed; under **Article VIII, Rule 802**.

2. Furthermore, to file an affidavit of fact without requisite knowledge is perjury.

**§ 85. Knowledge of False Statement**- The evidence may be sufficient even if it does not show that the accused knew the statement was false because a person may commit perjury by swearing to a matter about which he or she has no knowledge or swears falsely to a belief in the existence of a fact which he or she knows does not exist. *Gauthier v. State*, 496 S.W. 2d, 584 (Tex. Crim. App. 1973); *Butler v. State*, 429 S.W. 2d, 497 (Tex Crim. App. 1968); *Hardy v. State*, 246 S.W. 3d 290 (Tex. App. Houston 14th Dist. 2008).

3

3. Contradicting Ms. Scheffel Affidavit is, Carl McClendon letter to Greg Guernsey on July 16, 2012 (Pl. Exhibit A); supported by Carl McClendon Affidavit, February 12th, 2014. On page 1, Mr. McClendon attests; "***Site Development Permit****: Although construction was initiated and later paused due to economic conditions, the floodplain permit does not expire*".

4. Furthermore, Mr. McClendon affidavit elaborates; "*The Travis County Engineer's Office issued a letter in 1987, indicating that a floodplain elevation certificate verifying the finished floor elevation of the building (to be constructed) had not been filed within one year of the issuance of the permit and therefore is a violation (not expiration of the permit).*"

5. On April 10, 1987 (605 days; after permit issuance), Travis County Floodplain engineer, Mark Kronkosky sent a letter to *Patton Lane Office Building J.V.* stating: "This office has not received an elevation certificate…contact Melba Archer of our office so that we may complete Section I". Why would Mr. Kronkosky contact *Patton Lane Office Building J.V.* if the project permit had expired; as attested by Stacey Scheffel? (Pl. Exhibit B)

**Sham Affidavit. §9.4 Affidavit 10(2)** Under the sham-affidavit doctrine, the contradictory affidavit should be disregarded, and thus cannot raise a fact issue when there is a clear contradiction on a material point without explanation *Pando v. Southwest Convenience Stores*, 242, S.W.3d 76, 79 (Tex. App.-Eastland 2007, no pet)

## C. PLAINTIFF IS ENTITLED TO VESTED RIGHTS, LDC Chapter §245

### i. LGC § 245.002. Uniformity of Requirements

(a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time;

(1) the **original application** for the permit is filed for review for any purpose, including review for administrative completeness; or (2) a plan for development of real property or plat application is filed with a regulatory agency.

(a-1) Rights to which a permit applicant is entitled under this chapter **accrue on the filing of an original application** or plan for development or plat application that gives the **regulatory agency** fair notice of the project and the nature of the permit sought.

As previously stated, the 'regulatory agency' at the time was Travis County. Travis County issued *Patton Lane Office Building* 'original application' permit #85-2558 on August 9, 1985, in accordance with City of Austin ordinance and site development standards per **Sec. 9-10-303(b).**

ii.     **No-Evidence, Defendants engaged as a Regulatory Agency.**

The burden of proof is for the defendant's to produce evidence; defendants had regulatory authority and were entitled to fair notice.

Carl McClendon's letter, July 2012, attests;

> *"In 1982, the City adopted the Barton Creek Watershed Ordinance, however, legally subdivided land was exempt from the ordinance and site development standards per Sec. 9-10-303(b). in short, a site development, or waterway development permit from the City of Austin was not required."*

The defendants' lack of evidence exposes lack of authority. Today, City of Austin building permits requires; structural blue-prints, plumbing blue-prints, gas and electrical blue-prints, TIA, FARs, parking, drainage, water quality retention, etc. And yet, the defendants have produced no-evidence; they have regulatory building permits in their possession.

Which begs the question. Why, in August of 1985, did the defendants not red-tag construction? No-evidence exists, the defendants engaged in any supervisory capacity. Even more suspect, the City annexed the subject property four months, after construction commenced. A simple permit process requires six to nine months to be processed. Yet, the City annexed the subject property in less time. Apparently, the City was aware of the "project"; but did not engaged in active restraint on the project's development. Defendants have no-evidence of regulatory authority; under **LDC Chapter §245.**

iii.     **CASE LAW: *Shumaker Enterprises vs. City of Austin***

*Shumaker Enterprises vs. City of Austin* was a case based on a mining permit for commercial extraction. *Patton Lane Office Building* permit #85-2558 would have required a higher standard of review; which is noticeably absent.

The distinction between *Schmaker* and plaintiff are;

- *Schumacher* had a permit for tract A; which did not require city approval. *Schumacher* made a new application for a permit on Tract B; to which the city objected.

- Plaintiff had a "project" 'original application for development and/or plat application that had gives[n] the regulatory authority fair notice of the project and nature of the permit sought' in 1985.

- Plaintiff's vested-rights are frozen on "project" first permit application in 1985.

"Under chapter 245 of the local government code, once an application for the first permit required to complete a property-development "project" is filed with the municipality or other agency that regulates such use of the property, the agency's regulation applicable to the "project" are effectively "frozen" in their then-current state and the agency is prohibited from enforcing subsequent regulatory changes to further restrict the property use". *See* TEX. GOV'T CODE Ann. §§ 245.001-.007 (West 20005) *Shumaker Enters, Inc. v. City of Austin, 325, S.W. 3d 812, 814-15 & n.5* (Tex. App- Austin 2010, no pet.)

iv.     **Defendant's misrepresentations, project has not changed.**

Defendants continue to make misrepresentations project has changed.

Plaintiff's "project" has not changed. Fair notice was given towards project completion.

> o     "The landowner has continued progress toward permitting by filing and recording an amended plat on **October 10, 1991**, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On **October 10, 1991**, the City rezoned the property to Commercial Services- Conditional Overlay (CS-CO), **(Ord. #: 911010-B)**.

---

"See Act of May 11, 1999, 76th Leg., R.S. Chp73 § 2, 1999 Tex. Gen. Laws 432, codified as amended, Tex. Loc Gov't Code Ann. § 245.002(a)-(b). The effect of these requirements is to "freeze" most of the regulatory authority's land-use regulations as they existed at the time the first permit application is filed through completion of the "project"." *Harper Park II v. City of Austin,* S.W. 3d (App. 3 Dist. 2011), 359, S. W. 3d 247.

6

o    Again on **June 14, 1997**, the landowner filed a related zoning request; which did not alter or change previous restrictions or provisions to the CS-CO zoning, (**C14-91-0027**). It was approved a super-majority **7-0** vote by city Council.

o    In **2008**, Draper filed for rezoning of the property to Commercial Services-Conditional Overlay- Neighborhood Plan (CS-CO-NP), (**Ord. #: 20090115-092**), which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit. (*Pl. Exhibit D*).

o    The *Affidavit* of Chris Johnson is subordinate to **LGC §43.002**. The Amnesty Certificate of Occupancy (ACO) requested in 2012 only "∴ (1) continuing to use the land in the area in the manner that was being used on the date the annexation…", and did not change the use of the property.

On page 6 of 16, *Defendant's No-Evidence Motion for Summary Judgment*, defendants assert; "…. *thus Plaintiff entitled to vested rights, the overall project as completed, abandoned, or dormant well before Plaintiff submitted his request for vested rights to the City on **February 14, 2011**"*. Malarkey!

Plaintiff's Chapter 245 application on February 14, 2011 was to notify the City, plaintiff was moving towards project completion by submitting structural blue-prints of the original project (*Pl. Exhibit G*); without change, or modification.

Plaintiff first brought forth his plans for project completion in January 2008. Victoria Li, Director of Watershed Protection and Development Review Department opines; "*Because of the lack of City records documenting any permits or construction dates*". (*Pl. Exhibit F*)

Why, because either, the City was not the regulatory agency responsible to receive fair notice of the 'original application' according City of Austin site development per **Sec. 9-10-303(b)**, or the City destroyed documents relating to project completion.

7

Director Li knew, the City lacked regulatory authority. Greg Guernsey knew it. The City and Greg Guernsey in his Capacity as Director of Planning and Development Watershed Protection Review Department from 2008 through 2016; knew it, when plaintiff filed **D-1GN-13-000778** causes of actions documenting the defendants' history of fraudulent misrepresentations, malice, perjury breach of contract and the prevention of civil process.

### D. Ultra Vires Claims, Fraudulent Misrepresentations, Malice

On February 25, 2015, Texas Third Court of Appeals ruled on the matter. The Third Court reversed the District Court decision to acquit Greg Guernsey in his Capacity as Director of Planning and Development Watershed Protection Review Department; because it "…awards relief beyond properly authorized subsections (a) or (e) of Section 101.106 of the Civil Practices and Remedies Codes as they apply to in this case". (*Reference; Third Court of Appeals 03-14-00265-CV*). Defendant's claims, plaintiff did not specifically plead and ulta vires claims are malarkey. Please read INTRODUCTION.

### E. Perjury, Breach of Contract, and Prevention of Civil Process

To further discuss defendants' perjury, breach of contract, and prevention of the execution of civil process arguments; would distract, and aid defendants, further attempts to obfuscate the facts. Because, plaintiff's primary claims are associated with denied vested-rights entitlements, wonton fraudulent misrepresentation, and acts of malice; perpetrated by defendants. Plaintiff concedes. Defendants' recital's fall painfully short of their mark. Plaintiff will not sustain defendant's feeble distractions with a retort.

---

"See Act of May 11, 1999, 76th Leg., R.S. Chp73 § 2, 1999 Tex. Gen. Laws 432; *see Quick v. City of Austin* 7 S.W. 3d 109 (Tex 1998) at 128n (purpose of the chapter 245's statutory predecessor, former chapter 481 of the government code, was to " establish requirements relating to the processing and issuance of permits and approvals by the government regulatory agencies in order to alleviate bureaucratic obstacles to economic development")". *Harper Park II v. City of Austin,* S.W. 3d (App. 3 Dist. 2011), 359, S. W. 3d 247.

**F.  Defendants' Municipal Liability-**

**CPRC Rule §101.0215(29)**, *Liability of a Municipality*, whereby, Greg Guernsey in his capacity as Director of Planning and Development, habitually made fraudulent misrepresentations. Four times, Guernsey denied plaintiff requests *(Exhibits F,H, I, J)*. *Guernsey* intentionally misconstrued the Legislative intent, taking a 'narrow' view of Chapters **§245**, while ignoring **§ 43.002** at his 'occupational discretion'. "The primary objective in construing statue is to give effect to Legislature intent. *(Mitchell Energy Corp. v. Ashworth* (Sup.1997) 943 S.W. 2nd 436). Guernsey failed to comply with State law. Guernsey engaged in his 'proprietary' special-authority, 'intentionally' destroyed, or denied Plaintiff's 'vested rights'.

Under **CPRC Rule §101.0215(29)** *Liability of a Municipality*, a municipality is liable under this chapter for damages arising from it's governmental functions **(29)** *zoning and planning*. "A governmental employee is entitled to official immunity for good-faith performance of the discretionary duties within the scope of the employee's authority. [I]f the duty is imposed by law, then the performance of the duty is a ministerial act, and there is no immunity for failure to perform it." *City of Houston v. Jenkins*, 363 S.W.3d 808, 814 (Tex. App.-Houston [14th Dist.] 2012 pet. filed 4-30-12). Greg Guernsey failed to perform his duty in approval of Plaintiff 'vested-rights' Chp. 245 Fair-Notice Application. *(Exhibit F)*. Thereby, violating **Article I, §17(a)** of the **Texas Constitution** - *Taking, Damaging, or Destroying Property for Public Use*.

STANDARD OF REVIEW

**A.    Defendant's no-evidence motion is conclusory-**

A no-evidence motion must be specific in challenging the evidentiary support of the elements of a claim. **TRCP. 166a (i).** The rule does not authorize conclusory motions for general no-evidence challenges to opponent's case, *Timpte Indus. Inc. Gish*, 286 S.W. 3d 306, 310 (Tex. 2009). Defendants failed to address **LGC §43.002**.

9

**B.** **Plaintiff has sufficient evidence to raise fact issue on his cause of action**

When a no-evidence motion for summary judgment does not challenge specific elements, it should be treated as a traditional motion for summery judgment under **TRCP 166a(c)**. Because defendant's motion does not challenge specific elements of the plaintiff's cause of action, **LGC §43.002**, the court must treat the defendant's motion as a traditional motion for summary judgment.

To succeed on a traditional motion for summary judgment, the defendant must show there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. TRCP 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. Fielding*, 289 S.W. 3d 844, 848 (Tex. 2009). To meet the burden, defendants must conclusively prove all essential elements of the claim. *MMP, Ltd. v. Jones*, 710 S.W.3d 802, 816 (Tex. 2005).

**C.** **Defendants have not proven their affirmative defense as a matter of law.**

The defendants are not entitled to summary judgment on the plaintiff's causes of action because the undisputed facts in this case and defendant's summary-judgment evidence does not conclusively establish each element of **LGC§43.002, LGC§245.00 Torts §876, CRPC Rule §101.0215(29)**. Defendants denied plaintiff's valid Travis County Flood Hazard Permit, thereby, adversely condemning plaintiff's 'vested-rights' without adequate compensation; thereby, violating **Article I, §17(a)** of the Texas Constitution.

## DAMAGES

Given the egregious, and contemptuous conduct of Greg Guernsey's and the City of Austin. Defendants wanton disregard of State law. Given the defendants practices are not an isolated event. Given defendants' actions were committed, knowingly and intentionally. Therefore, plaintiff seeks to recover actual economic damages, and compensatory damages; he has suffered.

10

Plaintiff is entitled to relief. Under, **Texas Constitution, Article 1, 17 (161)**- An inverse condemnation, for which a owner is entitled to compensation under the Texas Constitution, may occur when the government physically appropriated or invades the property or when unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development. (*Weingarten Realty Investors v. Albertson's,* (S.D. Tex. 1999) 66 F.Supp.2d, 825).

Plaintiff prays the Court will grant plaintiff's compensatory, economic loss, and exemplary damages for the aggravated, reprehensible conduct of the defendants. To the extent, defendants have 'undermined the public trust'.

### Compensatory Damages

Plaintiff has been denied 'vest-rights' entitlements to 6300 Hwy 290 West; since January 2008 to the present.

As affirmed in *Affidavit* by Mr. Draper, and in accordance with *Cushman Wakefield/ Oxford Commercial Austin Office Market Report,* the Southwest rental rate for 2013 was $31.81 p.s.f. The 1985 Travis County permitted *Patton Lane J.V.* office project, gross square footage was 43,510 sq. ft. (*Exhibit C, and Affidavit 3*)

Therefore, from January 2008 until October 2016 equates to 105 months; times the southwest market rate of $31.81, times 43,510 sq. ft., equals **$12,110,465.00** in compensatory damages.

### Exemplary Damages

Additionally, Draper is entitled to exemplary damages. Given the aggravated conduct, duration of wanton fraud, perjury, sham-affidavits, misrepresentations, degree of culpability, malice, physical threats, and sense of justice, as well as defendants' net worth, plaintiff seeks an additional **$12,110,465.00** in exemplary damages.

11

Under **Rule §41.011(a)(5),** Exemplary damages are designed to penalize and deter conduct that is outrageous, malicious, or morally culpable. (*Owen-Fiberglass Corp. v. Malone,* 972 S.W.2d 35, 40 (Tex. 1998)) To the extent the nature of the offenses offends the public interest, the City of Austin should be held accountable.

### Total Damages

Plaintiff requests, Total Damages as of October 2016, for **$24,220,930.00**; penalties, interests, court cost, and recovery associated with plaintiff's claims.

### CONCLUSION

Defendants have not met the standard of review to be awarded, no-evidence summary judgment. They are sufficient facts, and questions raised with sham-affidavits, and conflicting testimony. They are 'controlling question of law' to be determined.

Does **LDC § 245.002** negate **LGC §43.002**? Are the statutes mutually exclusive?

Defendants' arguments are conclusory, and can only defeat **LGC §43.002** with perjured hearsay, sham-affidavit. Stacey Scheffel sham-affidavit must be dismissed under **Article VIII, Rule §802** and the doctrine of sham-affidavits **§9.4 10(2)**

Plaintiff request the court grant *Plaintiff's Motion for Counterclaim Summary Judgment.*

Vested-rights are 'frozen' from time the first permit application is filed through completion of the "project". The City of Austin was not the regulatory agency responsible for submission of the first permit application per **LGC § 245.002 (a)(1)(1a).** The City of Austin ordinance and site development standards affirm, their lack of authority, per **Sec. 9-10-303(b).**

Regardless on the defendants interpretation of **LDC Chapter §245;**

**LGC §43.002** confirms "a municipality may not, after annexing an area, prohibit a person from: (1) continuing to use the land in the area in the manner that was being used on the date the annexation".

12

As a consequence of the defendants' malicious misrepresentations, plaintiff has sustained injuries to which plaintiff is entitled to just compensation, in accordance with the **Texas Constitution, Article 1, 17 (161).**

## PRAYER

For these reasons, plaintiff prays, the Court will resolve and grant plaintiff's counterclaims, award vested-rights entitlements, damages, and establish the 'controlling question of law' necessary for the resolution of this case; in accordance with state statues and legislative intent.

Respectfully submitted,

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

**CERTIFICATE OF SERVICE:** I HEREBY CERTIFY that on September 2nd, 2016, a true and correct copy of the foregoing *Plaintiff's Response to Defendant's Motion for No-Evidence Summary Judgment*, was sent by certified mail, return receipt request to Andralee Cain Lloyd, Austin Law Department, City Hall, 301 West 2nd Street. P.O. Box 1088, Austin, Texas 78767-1088

Andralee Cain Lloyd,
Assistant City Attorney
Law Department, City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1088
Austin, Texas 78767-1088
Tel.(512) 974-2918
Fax:(512) 974-2918

13

| | | |
|---|---|---|
| CHARLES N. DRAPER, | § | IN THE DISTRICT COURT |
| Plaintiff, *Pro Se,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

## DEFENDANTS' REPLY IN SUPPORT OF ITS TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S COUNTERCLAIM FOR SUMMARY JUDGMENT

COMES NOW, Defendants City of Austin and Greg Guernsey[1] (collectively referred to as "Defendants" and respectively referred to as the "City" or "Guernsey") file this reply in support of their motion for summary judgment and in response to Plaintiff's counterclaim for summary judgment. In support thereof, Defendants respectfully show the following:

### I.
### INTRODUCTION

Plaintiff's response improperly tries to shift the burden of proof to the Defendants. The burden remains with Plaintiff to present enough evidence to raise a genuine fact issue. Plaintiff doesn't even attempt to provide any evidence to support his claims of perjury, breach of contract, and prevention of civil process. Alleging, instead, that any argument in support of these claims would detract from his primary claims for vested rights, fraud, and misrepresentations. Plaintiff failed to meet his burden for these claims and they must be dismissed. Plaintiff further fails to present any competent summary judgment evidence to support his claims of fraud and

---

[1] Greg Guernsey has been dismissed from this suit for all claims other than Plaintiff's ultra vires claim as ruled by the Third Court of Appeals in Memorandum Opinion No. 03-14-00265-CV.

misrepresentations. Instead, Plaintiff alleges fraud and misrepresentations any time he disagrees with a statement made presenting no evidence except his own subjective belief. Subjective belief is not competent summary judgment evidence and Plaintiff's claims of fraud and misrepresentations must also be dismissed. Finally, Plaintiff's only argument to support his claim for vested rights is that the City was not the regulatory agency as of 1985 – relying on hearsay statements made by his own representation during the Chapter 245 application process. For the reasons addressed below and in Defendants' motion for summary judgment, Plaintiff has not met his burden that he is entitled to vested rights.[2] Defendants' motion for summary judgment should be granted and Plaintiff's lawsuit dismissed.

## II.
### ARGUMENT

### A. Texas Local Government Code § 43.002.

Generally, once property is annexed, the municipality's ordinances and regulations apply to the property. *See e.g. Shumaker Enterprises, Inc. v. City of Austin*, 325 S.W.3d 812, 814 (Tex. App.—Austin 2010, no pet.). Subsection 43.002(a), however, provides that even a valid zoning ordinance or land use regulation may not prohibit a person in a newly annexed area from:

(1) continuing to use land in the area in a manner in which the land was being used on the date the annexation proceedings were instituted if the land use was legal at that time; or

(2) beginning to use land in the area in a manner that was planned for the land before the 90th day before the effective date of the annexation if:

    (A) one or more licenses, certificates, permits, approvals, or other forms of authorization by a governmental entity were required by law for the planned land use; and

---

[2] Plaintiff has twice filed a motion for summary judgment. Both times his motion has been denied. Plaintiff has not amended his pleadings, presented any new evidence, or cited new legal authority to support his motion. Accordingly, this court should deny Plaintiff's counterclaim for summary judgment.

> (B)  a completed application for the initial authorization was filed with the governmental entity before the date the annexation proceedings were instituted.

TEX. LOCAL GOV'T CODE § 43.002. Plaintiff cites subsection (a)(1) to support his position that he is entitled to Chapter 245 vested rights. Plaintiff's Response at p. 1. Plaintiff seems to be under the assumption that subsection (a)(1) gives him unfettered rights to develop his property under the City's regulations as of 1985. This argument must fail for two reasons: (1) Plaintiff's property was annexed prior to the enactment of Section 43.002; and (2) there is no evidence that Plaintiff complied with the requirements of subsection (a).

When Plaintiff's property was annexed into the City's full-purpose jurisdiction, Section 43.002 had not yet been enacted. Plaintiff's property was annexed in 1985, Defendants' MSJ, Ex. B at ¶ 12, while Section 43.002 was first enacted in 1999. Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17, 1999 Tex. Gen. Laws 4074, 4090. The City looked and could not find any precedent to support the proposition that Section 43.002 applies retroactively. In fact, the only case the City could find touching on this issue is a Texas Supreme Court case that suggests that the statute does not apply retroactively. *See Board of Adjustment of City of San Antonio v. Wende,* 92 S.W.3d 424, 427 (Tex. 2002) (stating that the parties concede that Section 43.002 does not apply because the provision did not become effective until 1999, after the 1998 annexation of the property at issue in the case). Furthermore, the plain language of the statute suggests that the Legislature did not intend for retroactive application. Accordingly, Plaintiff's property is not entitled to nonconforming use under Section 43.002.

Assuming, *arguendo*, that Section 43.002 could be applied retroactively, Plaintiff has failed to produce competent summary judgment evidence that he met the requirements of the statute. As Defendants understand Plaintiff's position, Plaintiff has alleged that he has a permit issued by Travis County in 1985 to develop a commercial building on his property. He alleges

that the building was never completed and that he would like to complete the building pursuant to the original project plans. Plaintiff does not want to continue using the land as it existed when it was annexed. He, instead, wants to build something new based on a permit that was issued in 1985. Accordingly, Defendants believes that this would fall under subsection (a)(2), which would have required a completed application to be filed with the City. There are no records that the City ever received notice of Plaintiff's 1985 permit or his project in 1985 when the property was annexed or in 1999 when this statute was enacted. *See* Defendants' MSJ at Ex. B. Accordingly, Plaintiff has not shown that he is entitled to nonconforming use rights under Section 42.002.

**B.      Ms. Scheffel is competent to testify on Travis County's permit regulations.**

Plaintiff alleges that Ms. Scheffel's affidavit is inadmissible because its "impeachable hearsay" and Ms. Scheffel does not have personal knowledge of Travis County permits in 1985. Plaintiff's MSJ Response at pp. 3-4. Plaintiff's argument must fail for the reasons addressed below.

"To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, set forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to matters stated therein." *Krishnan v. Law Offices of Preston Henrichson, P.C.*, 83 S.W.3d 295, 299 (Tex. App.—Corpus Christi, 2002) (citing Tex. R. Civ. P. 166a(f)). Ms. Scheffel testified that she is the Permit Program Manager for Travis County. As such, she "possess knowledge regarding rules and regulations pertaining to land development permits issued by Travis County." Defendants' MSJ, Ex. C at ¶ 2. Ms. Sheffel's position at Travis County and her job responsibilities as the Permit Program Manager qualify her to testify on Travis County regulations.

Furthermore, Ms. Scheffel's testimony is not hearsay because she is not testifying to an out of court statement. A "statement" for purposes of hearsay means "a person's oral or written verbal expression, or nonverbal conduct that a person intended as a substitute for verbal expression." Tex. R. Evid. 801(a). Ms. Scheffel's testimony is limited to what Travis County policy was in 1985 with regards to the expiration of the Flood Hazard Area Development permit. Accordingly, this Court should find Ms. Scheffel competent to testify and that her testimony is admissible.

**C.      Plaintiff's property was not exempt from a City permit in 1985.**

Plaintiff argues that the City was not a regulatory agency[3] entitled to fair notice because his property was located in the area of the Barton Creek Watershed Ordinance of 1982, which exempted certain properties from requiring a development permit from the City. *See* Plaintiff's Response at pp. 4-5. Plaintiff's property, however, was not part of the Barton Creek Watershed in 1985. *See* Defendants MSJ, Ex. B at ¶ 14. Instead, Plaintiff's property in 1985 was part of the Aquifer-Related Williamson Creek Watershed. *Id.* at ¶ 14. Plaintiff's property came into the Barton Creek Watershed in 2007. *Id.* The City requires a site development permit before development can commence on a property located in the Aquifer-Related Williamson Creek Watershed. *Id.* at ¶ 15. Accordingly, the City was entitled to fair notice and notice in 2011 is insufficient to entitle Plaintiff to vested rights as of 1985.

### III.
### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EVIDENCE

Defendants object to the below listed evidence for being unauthenticated. Further, Defendants object as the evidence contain inadmissible hearsay. Plaintiff offers the below

---

[3] Chapter 245 defines regulatory agency as "the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit." TEX. LOCAL GOV'T CODE § 245.001(4). The City was a regulatory agency as defined by Chapter 245.

evidence for the truth of the matters asserted. This is incompetent summary judgment evidence and Defendants respectfully request that they be struck.

1. July 25, 2012 Letter Carl McClendon to Greg Guernsey regarding "Reconsideration of 1704/Chapter 245 Application for Lots 10A and 11A, Block 1, Town of Oak Hill at 6300 and 6302 U.S. 290 West (Tracking #; 10547874)."

2. July 16, 2012 letter From Carl McClendon to Greg Guernsey regarding "Reconsideration of 1704/Chapter 245 Application for Lots 10A and 11A, Block 1, Town of Oak Hill at 6300 and 6302 U.S. 290 West (Tracking #; 10547874)."

3. February 20, 2008 email from Pat Murphy to Robert Kleeman and Matt Holton regarding "info on property" and the entire chain of conversation.

4. February 15, 2011 letter from James Schissler to Susan Scallon regarding "Patton Lane Office Building 6302 West US Hwy 290 Austin, Texas 78735."

5. September 29, 2011 letter from Plaintiff to Guernsey regarding "*Freedom of Information Act, and* request for meeting: 6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township* 1704 Application/Chapter 245 City Admin Code; Tracking #10547."

6. August 17, 2011 letter from Plaintiff to Guernsey regarding "6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township* 1704 Application/ Chapter 245 City Admin Code; Tracking #10547."

The City further objects to Mr. Draper's affidavit and the attached documents from the 2013 Oxford Commercial Marketbeat Office Snapshot. Defendants object to Plaintiff swearing that the information contained in the publication is within his personal knowledge as Plaintiff has failed to articulate with particularity how such information is within his personal knowledge. Defendants do not believe that being a licensed real estate broker in Texas makes Plaintiff

competent to testify to all the information contained within the publication including all the statistics regarding market rate, occupancy levels, etc.

## IV.
## PRAYER

For the reasons set forth herein and in Defendants' motion for summary judgment, Defendants pray that its motion is granted and Plaintiff's counterclaim for summary judgment is denied.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF LITIGATION

/s/    Andralee Cain Lloyd
ANDRALEE CAIN LLOYD
Assistant City Attorney
State Bar No. 24071577
andralee.lloyd@austintexas.gov
City of Austin – Law Department
P. O. Box 1088
Austin, Texas 78767-1088
Telephone:  (512) 974-2918
Facsimile:  (512) 974-1311

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on this Tuesday the 4th day of October 2016, I served a copy of *Defendants'*

*Reply in Support of its Traditional and No-Evidence Motion for Summary Judgment and*

*Response to Plaintiff's Counterclaim for Summary Judgment* on *Pro Se* Plaintiff Charles Draper

in compliance with the Texas Rules of Civil Procedure.

**VIA CMRRR #91 7199 9991 7036 8500 8261,**
**Regular Mail & Electronic Mail**

Charles N. Draper
160 Maeves Way
Austin, TX 78737
cd@tejasland.com

**PRO SE PLAINTIFF**

/s/Andralee Cain Lloyd
Andralee Cain Lloyd
Assistant City Attorney

**IN THE DISTRICT COURT OF**
**TRAVIS COUNTY, TEXAS**
**419ᵗʰ JUDICIAL DISTRICT**

CHARLES N. DRAPER,                           §
                                             §
Plaintiff, *Pro Se*                          §
                                             §
V.                                           §        CAUSE NO. D-1GN-13-000778
                                             §
GREG GUERNSEY,                               §
IN HIS CAPACITY AS DIRECTOR OF               §
PLANNING AND DEVELOPMENT                     §
WATERSHED PROTECTION                         §
REVIEW DEPARTMENT,                           §
AND CITY OF AUSTIN                           §
                                             §
Defendants.                                  §

**PLAINTIFF'S REQUEST FOR**
**FINDING OF FACT & CONCULSION OF LAW**

Plaintiff, Charles Draper, ask the Court to file findings of fact and conclusions of law.

**INTRODUCTION**

1). Plaintiff, Charles Draper, sued defendants, *Greg Guernsey, et al*, for fraudulent

misrepresentations, violation plaintiff's constitutional-vested-rights, under **Texas**

**Constitution, Article 1, §17 (a), (160), (161),** additional torts on March of 2013.

2). The honorable Justice Karin Crump's Court signed attached judgment on October 18th,

2016.

**REQUEST**

3). Plaintiff ask the Court to file findings of fact and conclusions of law and require the court

clerk to mail copies to all parties as requested by **CRCP Rule §297.**

Respectfully submitted,

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2016, a true and correct copy of the foregoing *Plaintiff's Request for Finding of Fact & Conclusions of Law* was sent by certified mail, return receipt request to Andralee Cain Lloyd, *Austin Law Department*, City Hall, 301 West 2nd Street. P.O. Box 1088, Austin, Texas 78767-1088

Andralee Cain Lloyd, Assistant City Attorney
Law Department
City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1088
Austin, Texas 78767-1088
(512) 974-2918
Fax: (512) 974-2918

NO. D-1-GN-13-000778

Filed in The District Court
of Travis County, Texas

OCT 18 2016

At _____ 4:12 _____ P.M.
Velva L. Price, District Clerk

| | | |
|---|---|---|
| CHARLES N. DRAPER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| GREG GUERNSEY, IN HIS CAPACITY | § | |
| AS DIRECTOR OF PLANNING AND | § | |
| DEVELOPMENT WATERSHED | § | |
| PROTECTION REVIEW DEPARTMENT | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419TH JUDICIAL DISTRICT |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On October 11, 2016, the Court considered Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Evidence. Plaintiff appeared representing himself Pro Se and Defendants appeared through their counsel of record. After reviewing the pleadings on file, Defendants' motions and any responses thereto, the evidence presented, and arguments of the parties, the Court is of the opinion that Defendant's Motion to Strike Plaintiff's Evidence should be DENIED and Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Evidence is DENIED.

IT IS FURTHER ORDERED that Defendants' First Amended Traditional and No-Evidence Motion for Summary Judgment is GRANTED. Accordingly, Plaintiff's lawsuit against Defendants is DISMISSED with prejudice to re-filing and all relief requested against Defendants is DENIED.

This Order disposes of all parties and all claims pending before the Court. It is, therefore, a final and appealable judgment.

SIGNED this October 18, 2016

JUDGE PRESIDING
KARIN CRUMP



VELVA L. PRICE
DISTRICT CLERK, TRAVIS COUNTY
P.O. BOX 679003
AUSTIN, TX 78767

10/19/2016



U.S. POSTAGE >> PITNEY BOWES

ZIP 78701 $ 000.46⁵
02 4W
0000334691 OCT 27 2016

NOTICE OF ORDER

D-1-GN-13-000778

CHARLES N. DRAPER

VS

GREG GUERNSEY, IN HIS CAPACITY AS DIRECTOR OF
PLANNING AND DEVELOPMENT WATERSHED

You are hereby notified that an order has been signed
and entered October 18, 2016 in the 419 JUDICIAL
DISTRICT COURT of Travis County Texas in the above
numbered and entitled cause. A copy of the Order is
available at the office of the clerk of the court, located
at 1000 Guadalupe Street, 1st floor, room 103, Austin,
Texas 78701. **THE ORDER MAY BE SUBJECT TO**
**APPEAL.**

PL-1
D-1-GN-13-000778

To:

DRAPER CHARLES N
160 MAEVES WAY
AUSTIN, TX 78737

Order on Motion for Summary Judgment

VELVA L. PRICE, District Clerk

CHARLES N. DRAPER,                          §
                                            §
*Appellant, Pro Se*                         §        CAUSE NO.    03-16-00745-CV
                                            §
                                            §         IN THE THIRD COURT
        V.                                  §
                                            §        OF APPEALS
                                            §
GREG GUERNSEY,                              §
IN HIS CAPACITY AS DIRECTOR OF              §        at Austin, Texas
PLANNING AND DEVELOPMENT                    §
WATERSHED PROTECTION                        §
REVIEW DEPARTMENT,                          §
AND CITY OF AUSTIN                          §
                                            §
*Appellee.*                                 §
                                            §
                                            §

---

## TRIAL COURT PAST-DUE NOTICE
## FINDING OF FACTS AND CONCULSION OF LAW, and
## NOTICE OF APPELLANT'S BRIEF

**Appellant, *Pro Se*:**                    **Appellee:**

Charles N. Draper                           *Greg Guernsey, in his Capacity*
160 Maeves Way                              *Director of Planning and*
Austin, Texas 78737                         *Development, Watershed*
Phone: (512) 699-2199                       *Protection Review Department,*
Email: cd@tejasland.com                     *and City of Austin*

                                            Andralee Cain Lloyd,
                                            Law Department,
                                            Assistant City Attorney
                                            City Hall, 301 West 2nd Street
                                            PO Box 1088, Austin TX 78767-1088
                                            Phone: (512) 974-2918
                                            Fax: (512) 974-1311

RECEIVED

NOV 1 5 2016

THIRD COURT OF APPEALS
JEFFREY D. KYLE

## PAST-DUE NOTICE
## FINDING OF FACTS AND CONCULSION OF LAW

On November 15th, 2016, appellant notified the District Court of their failure to timely comply with **CPRC Rules §297**, Finding of Facts and Conclusions of Law.

Justice Karin Crump's letter dated October 18th, 2016 response was; "Finding of Facts Conclusion of Law are neither required nor appropriate following summary judgment ruling; therefore, the Court respectfully denies *Plaintiff's Request for Finding of Fact and Conclusion of Law*".

Under **TRCP § 299**, Refusal of the Court to make a finding of fact requested shall be reviewable on appeal. "Harm to the complaining party is presumed unless the contrary appears in the face of the record when the party makes a proper and timely request for findings, and the trial court fails to comply. Error is harmful if it prevents an appellant from properly presenting a case to the appellant court." *Tenery v. Tenery*, 932 S.W. 2d 29, 30 (Tex. 1996)

*Past-Due Notice of Findings of Facts and Conclusions of Law* were filed November 15th, 2016 and recorded with Travis County District Court . A certified copy was sent to Defendants.

## JUSTICE CRUMP'S LETTER

On October 28th, 2016, Honorable Judge Karin Crump in the 419th District Court issued a letter, denying appellant's request for finding of facts and conclusions of law.

Justice Crump erred and should not have denied appellant's motion as a rule of law. The result of Justice Crump refusal; the Courts forfeits their plenary powers, under **TRCP § 329b**.

Any order that interferes with or impairs the effectiveness of the relief sought may be granted an appeal, **TRAP Rule §24.4.** .

## NOTICE: APPEALLENT BRIEF

Under **TRAP §25.1 §26.1 §32.1**, Appellant will submit *Appellant's Brief* a within 90 days from *Notice of Appeal and Request for Findings of Fact and Conclusions of Law*; pending any additional Court' findings of facts or conclusions of law.

## CONCLUSION

Charles Draper, appellant, asks the Appellate Court to amend the orders to include permission to appeal the orders. Copies of the orders, and letters are attached as **Exhibits.**

*Notice of Appeal and Request for Findings of Fact and Conclusions of Law* were filed on October 24th, 2016. Under **CPRC Rules §297,** The Court has 40 days from the original request to respond to Plaintiff's Notice of Findings of Fact and Conclusions of Law.

## PRAYER

For these reasons, Appellant, Charles Draper asks the Court to sign an order granting Charles Draper permission to appeal orders, and letters issued October 18th, 2016 and October 28th, 2016 by Justice Karin Crump and review all pending maters.

Respectfully submitted,

Charles N. Draper
Appellant
160 Maeves Way
Austin, Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15th, 2016, a true and correct copy of the foregoing; *Appellant's Past-Due Notice for Finding of Facts and Conclusions of Law, and Appellant's Brief* was sent by certified mail, return receipt request to Andralee Cain Lloyd, *Austin Law Department*, City Hall, 301 West 2nd Street. P.O. Box 1088, Austin, Texas 78767-1088

**Appellee:**
Andralee Cain Lloyd,
Assistant City Attorney, Law Department, City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1088
Austin, Texas 78767-1088
(512) 974-2918

# Exhibits



VASU BEHARA
Staff Attorney
(512) 854-9903

JAMIE K. FOLEY
Official Reporter
(512) 854-9321

**JUDGE KARIN CRUMP**
**250TH DISTRICT COURT**
HEMAN MARION SWEATT
TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767
(512) 854-9312
(512) 854-2469 (FAX)

GRACE MCGEE
Court Operations Officer
(512) 854-4807

IFRAIN "FINO" ALANIZ
Court Clerk
(512) 854-5800

October 28, 2016

Mr. Charles N. Draper
160 Maeves Way
Austin, Texas 78737
*VIA ELECTRONIC MAIL:*
*cd@tejasland.com*

Ms. Andralee Cain Lloyd
Assistant City Attorney
City of Austin-Law Department
P.O. Box 1088
Austin, Texas 78767-1088
*VIA ELECTRONIC MAIL*
*andralee.lloyd@austintexas.gov*

Re: Cause No. D-1-GN-13-000778; *CHARLES N. DRAPER V. GREG GUERNSEY,*
*IN HIS CAPACITY AS DIRECTOR OF PLANNING AND DEVELOPMENT*
*WATERSHED PROTECTION REVIEW DEPARTMENT, ET AL.;* in the 419th
District, Travis County, Texas.

Dear Mr. Draper:

I have received Plaintiff's Request for Findings of Fact and Conclusions of Law relating
to the Court's Order Granting Defendants' Traditional and No-Evidence Motion for Summary
Judgment, signed by this Court on October 18, 2016 (the "Order") following a non-evidentiary
hearing on October 11, 2016. Findings of Fact and Conclusions of Law are neither required nor
appropriate following a summary judgment ruling; therefore, the Court respectfully denies
Plaintiff's Request for Findings of Fact and Conclusions of Law.

Sincerely,



Karin Crump
Judge, 250th District Court
Travis County, Texas

Original: Velva L. Price, District Clerk



004869584

Filed in The District Court
of Travis County, Texas

OCT 18 2016

At _____ 4:12 ____ PM.
Velva L. Price, District Clerk

NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| GREG GUERNSEY, IN HIS CAPACITY | § | |
| AS DIRECTOR OF PLANNING AND | § | |
| DEVELOPMENT WATERSHED | § | |
| PROTECTION REVIEW DEPARTMENT | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419TH JUDICIAL DISTRICT |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On October 11, 2016, the Court considered Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Evidence. Plaintiff appeared representing himself Pro Se and Defendants appeared through their counsel of record. After reviewing the pleadings on file, Defendants' motions and any responses thereto, the evidence presented, and arguments of the parties, the Court is of the opinion that Defendant's Motion to Strike Plaintiff's Evidence should be DENIED and Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Evidence is DENIED.

IT IS FURTHER ORDERED that Defendants' First Amended Traditional and No-Evidence Motion for Summary Judgment is GRANTED. Accordingly, Plaintiff's lawsuit against Defendants is DISMISSED with prejudice to re-filing and all relief requested against Defendants is DENIED.

Order on Motion for Summary Judgment

This Order disposes of all parties and all claims pending before the Court. It is, therefore, a final and appealable judgment.

SIGNED this October _18th_, 2016

_____
JUDGE PRESIDING
KARIN CRUMP

Order on Motion for Summary Judgment

# ORDERS

NO. D-1-GN-13-000778

Filed in The District Court
of Travis County, Texas

OCT 18 2016

At _____ PM.
Velva L. Price, District Clerk

| CHARLES N. DRAPER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| GREG GUERNSEY, IN HIS CAPACITY | § | |
| AS DIRECTOR OF PLANNING AND | § | |
| DEVELOPMENT WATERSHED | § | |
| PROTECTION REVIEW DEPARTMENT | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419TH JUDICIAL DISTRICT |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On October 11, 2016, the Court considered Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Evidence. Plaintiff appeared representing himself Pro Se and Defendants appeared through their counsel of record. After reviewing the pleadings on file, Defendants' motions and any responses thereto, the evidence presented, and arguments of the parties, the Court is of the opinion that Defendant's Motion to Strike Plaintiff's Evidence should be DENIED and Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Evidence is DENIED.

IT IS FURTHER ORDERED that Defendants' First Amended Traditional and No-Evidence Motion for Summary Judgment is GRANTED. Accordingly, Plaintiff's lawsuit against Defendants is DISMISSED with prejudice to re-filing and all relief requested against Defendants is DENIED.

Order on Motion for Summary Judgment

This Order disposes of all parties and all claims pending before the Court. It is, therefore, a final and appealable judgment.

SIGNED this October 18th, 2016

_____
JUDGE PRESIDING
KARIN CRUMP

Filed in The District Court
of Travis County, Texas

**OCT 2 8 2016**

At_____2:00_____P.M.
Velva L. Price, District Clerk



VASU BEHARA
Staff Attorney
(512) 854-9903

JAMIE K. FOLEY
Official Reporter
(512) 854-9321

**JUDGE KARIN CRUMP**
**250TH DISTRICT COURT**
HEMAN MARION SWEATT
TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767
(512) 854-9312
(512) 854-2469 (FAX)

GRACE MCGEE
Court Operations Officer
(512) 854-4807

IFRAIN "FINO" ALANIZ
Court Clerk
(512) 854-5800

October 28, 2016

Mr. Charles N. Draper
160 Maeves Way
Austin, Texas 78737
*VIA ELECTRONIC MAIL:*
*cd@tejasland.com*

Ms. Andralee Cain Lloyd
Assistant City Attorney
City of Austin-Law Department
P.O. Box 1088
Austin, Texas 78767-1088
*VIA ELECTRONIC MAIL*
*andralee.lloyd@austintexas.gov*

Re:     Cause No. D-1-GN-13-000778; *CHARLES N. DRAPER V. GREG GUERNSEY,*
        *IN HIS CAPACITY AS DIRECTOR OF PLANNING AND DEVELOPMENT*
        *WATERSHED PROTECTION REVIEW DEPARTMENT, ET AL.;* in the 419th
        District, Travis County, Texas.

Dear Mr. Draper:

I have received Plaintiff's Request for Findings of Fact and Conclusions of Law relating to the Court's Order Granting Defendants' Traditional and No-Evidence Motion for Summary Judgment, signed by this Court on October 18, 2016 (the "Order") following a non-evidentiary hearing on October 11, 2016. Findings of Fact and Conclusions of Law are neither required nor appropriate following a summary judgment ruling; therefore, the Court respectfully denies Plaintiff's Request for Findings of Fact and Conclusions of Law.

Sincerely,



Karin Crump
Judge, 250th District Court
Travis County, Texas

Original: Velva L. Price, District Clerk



004869584

# **EXHIBITS**

# McClendon & Associates
## Development Consulting, LLC

July 16, 2012


Mr. Greg Guernsey, Director
Planning and Development Review
505 Barton Springs Road, Ste. 500
Austin, TX. 78704

Re: Reconsideration of 1704/Chapter 245 Application for Lots 10A and 11A, Block 1, Town of
    Oak Hill at 6300 and 6302 U.S. 290 West (Tracking #; 10547874)

Dear Mr. Guernsey;

Thank you for your previous determination of the above referenced application. Susan Scallon,
1704 Committee staff representative, was kind enough to visit with me regarding the application
and share some basis for not approving the application. In response, it seems additional
information, materials, and signed plans may provide clarification of the facts and additional
documentation of the justification and "continuing progress" by which we would respectfully
request for the 1704 Committee to reconsider the application.

A site development summary follows providing a chronology of development permitting for the
subject property in an effort to clarify and augment the facts of the application previously
submitted.

### Subdivision

The land was legally subdivided as Lots 10 and 11, Block 1, Town of Oak Hill, and recorded in
the Travis County Deed Records on December 16, 1872, (copy attached). In 1982, the City
adopted the Barton Creek Watershed Ordinance, however, legally subdivided land was exempted
from the ordinance and site development standards per Sec. 9-10-303(b). In short, a site
development, or waterway development permit from the City of Austin was not required.

### Site Development Permit

Travis County approved a site development or floodplain permit on August 8, 1985 for the
Patton Lane Office Building, a 3-story office development. Although the original subdivision
was platted in 1872, the site development permit represents the first in a series of permits for the
project. Two copies of the complete (11" x 17") plans are attached which show approvals from
the Travis County Engineer's office. Although construction was initiated and later paused due to
economic conditions, the floodplain permit does not expire. The Travis County Engineer's
Office issued a letter in 1987, indicating that a floodplain elevation certificate verifying the

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:    512 382 1017
e-mail: carlmcclendon@austin.rr.com

finished floor elevation of the building (to be constructed) had not been filed within one year of the issuance of the permit and, therefore, is a violation. (not expiration of the permit).

Construction commenced in 1985, with removal of existing homes on the site and construction of drilled pier locations for the building's foundation, as evidenced by notes from a City of Austin environmental inspector and an aerial photo in 1986, (attached).

The site included previously existing residential and commercial development from the 1950's and 1970's, which did not require City or County permits when it was constructed. All of this development was outside the City and within the County's jurisdiction, prior to the adoption of the Barton Creek and Williamson Creek Ordinances.

**Annexation to City of Austin**

The Patton Lane Office Building was under construction when the City of Austin annexed the property for full purpose on December 30, 1985, and zoned the property Single-Family-2 (SF-2).

Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for existing commercial development, which is an exemption from compliance with the City's building permit process per LDC, Sec. 25-1-365.

**Continuing Progress**

The Local Government Code Chapter 245.005(a) states for permits without an expiration date and for which there is no continuing progress towards completion, a local regulatory agency may enact an ordinance, rule, or regulation that places an expiration date on a project of no earlier than the fifth anniversary of the effective date of this chapter (Sept. 1, 2005).

The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 17, 1991, the City rezoned the property to Commercial Services-Conditional Overlay (CS-CO), (Case #: C14-91-0027).

In 2008, the current owner filed for rezoning of the property to Commercial Services-Conditional Overlay-Neighborhood Plan (CS-CO-NP), (Case # C14-2008-0152), which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit.

Please contact me if there are questions or further items for discussion.

Carl McClendon, AICP

cc: Charles Draper

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax: 512 382 1017
e-mail: carlmcclendon@austin.rr.com

# Development Summary
## Patton Lane Office Bldg

**12/16/1872**     Legally platted subdivision recorded for Town of Oak Hill, Lots 10 and 11 (Vol. X, Pg. 242)

**7/19/1951**     The subject property was annexed into the City's extra-territorial jurisdiction (ETJ).

**11/18/1982**     Barton Creek Ordinance passed by City Council (Ordinance No. 82-1118-N) requiring site development standards for land within the Barton Creek Watershed. Subdivisions legally platted prior to April 17, 1980, are exempted per Sec. 9-10-303(b).

**8/8/1985**     Travis County approves site development (or floodplain) permit (Case #: 85-2558) for Patton Lane Office Building and site construction commences. Foundation piers are drilled, but construction pauses due to economic conditions; aerial photo from 4/23/86 showing drilled piers is attached.

**12/30/1985**     City of Austin annexes property, and approves zoning for Single-Family-2 (SF-2).

**10/10/1991**     City of Austin approves rezoning from SF-2 to CS-CO for Lots 10 and 11, Town of Oak Hill (Case No. C14-91-0027).

**10/17/1991**     Amended plat recorded for Town of Oak Hill, Lots 10 and 11 to create Lots 10A and 11A, Town of Oak Hill, (Case #: C8-91-0039.0A).

**1/15/2009**     Based upon landowner's request for rezoning, the City of Austin revises the zoning and conditional overlay for Lots 10A and 11A, Block 1, Town of Oak Hill Amended Subdivision from CS-CO-NP to CS-CO-NP, (Case #: C14-2008-0152). The conditional overlay amendments revised the permitted uses and site restrictions on the property.

**2/16/2011**     Landowner files application for 3-story office building (Patton Lane Office Building) for Chapter 245 review and consideration.

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone:  512  363  8676
Fax:    512  382  1017
e-mail:  carlmcclendon@austin.rr.com



Filed Decr 16th 1872 at 11 A. M. Recorded same day

A. R. Morris, Clerk by M. S. Dunn, Deputy

————————————

THE STATE OF TEXAS #

COUNTY OF TRAVIS # KNOW ALL MEN BY THESE PRESENTS THAT I, Mary A. Goodrich of the County of Travis and State of Texas, for and in consideration of one dollar to me in hand paid the receipt of which is hereby acknowledged, have this day and by these presents, given, granted, bargained, sold, alienated and conveyed unto and delivered to James G. Raymond of said County and State, all of my right, title interest and claim in and to the following described property, to-wit: Situate lying and being in Travis County, in the State of Texas and described by metes and bounds as follows: Specially waiving all homestead, dowery, interest or other rights, secured under the Constitution and laws of Texas, and exempt from forced sale thereby to the following described property, viz: Southeast quarter of Block one hundred and eighty-one (181) fronting one hundred and twenty-eight (128) feet on San Jacinto Street; running one hundred and thirty-eight (138) feet on Willow Street; being lot numbers Four (4) Five (5) and Six (6) in Block one hundred and eighty-one (181) in the City of Austin. Together with all and singular the rights members, appurtenances, hereditaments and improvements or anything to the same belonging, or in anywise incident or appertaining or belonging thereto unto the said James G. Raymond; To have and to hold the same in fee simple in trust for the following uses and purposes. That is to say I have this day received from J. G. Baylor & Co. the sum of six hundred and eighty dollars in U. S. Currency, and as evidence of indebtedness and to secure the payment of same have this day given

Exhibit
3

# NOTICE OF CLASS "B"
# TRAVIS COUNTY FLOOD HAZARD AREA
# DEVELOPMENT PERMIT

STATE OF TEXAS )
COUNTY OF TRAVIS )

This Permit No. 85-2558 is issued on August 9, 1985 and is effective immediately.

This Permit is issued to Patton Lane Joint Venture and is not transferrable.

This Permit authorizes the permittee to construct development in accordance with the requirements of Travis County Flood Plain Management Regulations on the following described property: 2.14 acres of the Thomas Anderson Sur.#17

6300 Hwy. 290 West Tax Map #4-0834-06-05 & 08
(Lot, Block, Subdivision, Street Add #4-0534-01-C1
(offices)

Foundation Inspection (is, XXXX) required.

Mechanical and Electrical Inspection (XX is not) required.

Special Provisions (XX are not) attached.

A Notice of Permit has been issued with this permit which should be posted in a location where it will be protected from weather and secure from vandalism, and will remain posted until the work is complete.

The permittee shall notify the County Engineer forty-eight (48) hours before construction is ready for foundation and/or mechanical and electrical inspection, if required.

Finished slab to be at or above elevation 812.0' MSL

for H.E. Whittington, P.E.
COUNTY ENGINEER
TRAVIS COUNTY, TEXAS

## INSPECTION RECORD

| Inspection | Inspector | Date | Passed | Failed |
|---|---|---|---|---|
| Foundation | | | | |
| Mechanical and Electrical | | | | |
| Other | | | | |
| Other | | | | |

NOTE: All construction & site development shall be in compliance with Travis County Flood Plain Management Regulations, Sec. 5.B. and as per plans approved by Travis County.

NOTES:

Exhibit C

# PATTON LANE

6300 HIGHWAY 290 WEST
AUSTIN TEXAS 78735

# SITE DEVELOPMENT PERMIT PLANS

# (NOT FOR CONSTRUCTION)

OWNER: NELMS/MCDONALD PROPERTIES
3001 LAKE AUSTIN BLVD.
SUITE 402
AUSTIN, TEXAS



LOCATION MAP

**ESPEY, HUSTON & ASSOCIATES, INC.**
engineering & environmental consultants

916 Capital of Texas Hwy. South
(512) 327·6840

P. O. Box 519
Austin, Texas 78767



"B" · PERMIT
#95· 2559



## AREA TABULATIONS

- SITE AREA: 2.36 ACRES

BLDG. AREA (OFFICE) 43,500 SQ. FT.

SITE AREA: 103,201.76 SQ. FT.

PARKING DATA
REQ'D (1/250)     174 SPACES

PROVIDED
COMP.             47 SPACES
PARALLEL           5 SPACES
STD              119 SPACES
H'CAP              5 SPACES
TOTAL 176 SPACES

### SITE PLAN
SCALE: 1"=20'

PATTON LANE

3-STORY BUILDING

HWY. 290

N

VICINITY MAP
NO SCALE

OWNER      PATTON LANE JOINT VENTURE

ADDRESS    8300 290 WEST

LEGAL DESCRIPTION
LOTS 10 & 11
OATMANVILLE SUBDIVISION
VOL.X Pg. 242 (TOWN OF OAK HILL)
TRAVIS COUNTY, TEXAS

PROJECT
PATTON LANE OFFICE BUILDING

SITE PLAN            SCALE AS NOTED

PENROSE
AND
ASSOCIATES INC.
ARCHITECTURAL ENGINEERS
5020 BURNETT RD.    AUSTIN, TEXAS 78756    454-8773



FIRST FLOOR PLAN

PLAN NORTH

SCALE 1/8"=1'-0"

DRIVE-THRU

LEASE SPACE

LEASE SPACE

LEASE SPACE

LOBBY

JANITOR

ELECT/ MECH

WOMEN

MEN

PENROSE
AND
ASSOCIATES INC.
ARCHITECTURAL ENGINEERS
5020 BURNET RD. • AUSTIN, TEXAS 78756 • 454-8773

PROJECT
PATTON LANE OFFICE BUILDING

SITE PLAN

SCALE AS NOTED

A-1

JOB NUMBER
8693





# NOTICE OF PUBLIC HEARING
# REZONING

**Mailing Date: December 30, 2008**

**Case Number: C14-2008-0152**

Este aviso le informa de una audiencia pública tratando un cambio de zonificación dentro de una distancia de 500 pies de su propiedad. Si usted desea recibir una copia de este aviso en español, por favor llame al (512) 974-7668.

Please be advised that the City of Austin has received an application for a zoning change.

Owner: Tejas Land & Commerce (Charles Draper)          Telephone: 512-358-7191

Agent: Thrower Design (Ron Thrower)                    Telephone: 512-476-4456

Address and/or Legal Description:
6300 US Hwy 290 West

Proposed Zoning Change

From  CS-CO-NP – **General Commercial Services district** is intended predominately for commercial and industrial activities of a service nature having operating characteristics or traffic service requirements generally incompatible with residential environments. CO – **Conditional Overlay combining district** may be applied in combination with any base district. The district is intended to provide flexible and adaptable use or site development regulations by requiring standards tailored to individual properties. NP – **Neighborhood Plan district** denotes a tract located within the boundaries of an adopted Neighborhood Plan.

To  CS-CO-NP – **General Commercial Services district** is intended predominately for commercial and industrial activities of a service nature having operating characteristics or traffic service requirements generally incompatible with residential environments. CO – **Conditional Overlay combining district** may be applied in combination with any base district. The district is intended to provide flexible and adaptable use or site development regulations by requiring standards tailored to individual properties. NP – **Neighborhood Plan district** denotes a tract located within the boundaries of an adopted Neighborhood Plan.

This application is scheduled to be heard by the City Council on January 15, 2009. The meeting will be held at City Hall Council Chambers, 301 West 2nd Street beginning at 4:00pm.

You are being notified because City Ordinance requires that all property owners within 500 feet, those who have a City utility service address within 500 feet and registered environmental or neighborhood organizations whose declared boundaries are within 500 feet be notified when an application is scheduled for a public hearing.

If you have any questions concerning this application, please contact Stephen Rye, of the Neighborhood Planning and Zoning Department at 512-974-7604 and refer to the Case Number at the top right of this notice. However, you may also find information on this case at our web site:
**https://www.ci.austin.tx.us/devreview/index.jsp.**

For additional information on the City of Austin's land development process, please visit our
**www.ci.austin.tx.us/development.**

ZONING

N

◰ SUBJECT TRACT

▦ ZONING BOUNDARY

▢ PENDING CASE

OPERATOR: S. MEEKS

1" = 400'

ZONING CASE#: C14-2008-0152
ADDRESS: 6300 W US 290 HWY WB
SUBJECT AREA: 2.357 ACRES
GRID: C19
MANAGER: C. PATTERSON



This map has been produced by G.I.S. Services for the sole purpose of geographic reference. No warranty is made by the City of Austin regarding specific accuracy or completeness.

# Kleeman, Robert

| | |
|---|---|
| **From:** | Murphy, Pat [pat.murphy@ci.austin.tx.us] |
| **Sent:** | Wednesday, February 20, 2008 10:22 AM |
| **To:** | Kleeman, Robert; Hollon, Matt |
| **Subject:** | RE: info on property |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Robert,

This is a pretty complicated question that you are asking. I would suggest that we sit down at some point and go through the regulations that might apply to this project.

Pat

---

**From:** Kleeman, Robert [mailto:rkleeman@munsch.com]
**Sent:** Tuesday, February 19, 2008 12:06 PM
**To:** Hollon, Matt
**Cc:** Murphy, Pat
**Subject:** RE: info on property

Guys:

I need some guidance. The property in question has an original plat that goes back to a plat called the "Town of Oak Hill" recorded in Volume X, Page 242, Deed Records of Travis County. I am working on getting a copy of this plat but I feel comfortable in guessing that this plat goes back to at least the 1960s if not earlier. The plat was amended in 1991 by moving lot lines. The current property description is Town of Oak Hill, Amended Lots 10 and 11, according to the plat recorded in Volume 90, Page 61, Travis County Plat Records. The amended plat was administratively approved by the City of Austin.

The Williamson Creek Ordinance, Ord No. 810319-M, states in Section 101.2 that the requirement for a site development permit does apply to development within a recorded subdivision which was finally approved by the Planning Commission prior to December 18, 1980. I strongly suspect that the original plat pre-dates December 18, 1980.

Was there a Williamson Creek Ordinance prior to Ord. No. 810319-M? Was there another Williamson Creek Ordinance between 1981 and the CWO?

Was there some other, earlier City Ordinance that would have required a site development permit or site plan in the Williamson Creek Watershed? Ordinance No. 801218-W appears to only address subdividing, which isn't an issue here.

If there are other, earlier ordinances, can you send me a copy of those earlier ordinances?

Now going Back to the Future, I am thinking that under 13-2-502(d), May 18, 1991 would be the first date that a site development permit requirement would apply to this property. Under 13-2-502(b), this platted property would have been exempt from the Comprehensive Watersheds Ord. Under 13-2-502(g), development of the property would have been governed by the applicable watershed ordinance, if any, in effect on May 18, 1986. Unless there is a pre-1981 ordinance, I believe that there was not a site development permit requirement applicable to this property on May 18, 1986.



2/25/2008

Thanks

**Robert Kleeman**
**MUNSCH HARDT**
**KOPF & HARR, P.C.**
**DALLAS | HOUSTON | AUSTIN**

One American Center
600 Congress Avenue, Suite 2900
Austin, Texas 78701-3057
Direct: (512) 391-6115
Fax:   (512) 482-8932
rkleeman@munsch.com
munsch.com

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail. Please virus check all attachments to prevent widespread contamination and corruption of files and operating systems. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Hollon, Matt [mailto:Matt.Hollon@ci.austin.tx.us]
**Sent:** Friday, January 18, 2008 3:40 PM
**To:** Kleeman, Robert
**Cc:** Murphy, Pat
**Subject:** info on property

Robert,

OK, I made a couple of quick maps of Charles Draper's properties along 290 (6300 & 6302 Hwy 290 W) and am attaching them for your use. I noted that the area to the back is functionally impervious-looking, but am not certain as to its actual status. I talked with Pat Murphy and he said that you will need a determination of the legality of the impervious cover (i.e., whether it was permitted). We'll get into more of a grey area if it was put in illegally. Anyway, the smaller 6300 property WAS included in our analysis of properties for the BSZ Redevelopment Ordinance. We didn't pick up the other property because it was listed as "undeveloped" in our coverage. Obviously it IS developed, and now we just need to confirm its status.

Definitely feel free to call us back to talk more about it if you have questions. Pat Murphy (974-2821) will likely be your best contact in terms of interpretation of the rules.

Matt

Matt Hollon
Env. Program Manager, Planning & GIS
Watershed Protection & Development Review
City of Austin
505 Barton Springs Rd. 11th Floor; Austin, Texas 78704
512.974.2212 voice / 512.974.2846 fax

2/25/2008

# City of Austin

Formed in Congress, Republic of Texas, 1839
Watershed Protection and Development Review Department
P.O. Box 1088, Austin, Texas 78767

August 28, 2008

Mr. Robert J. Kleeman
Munsch Hardt
Kopf & Harr PC
One American Center
600 Congress Avenue - Suite 2900
Austin, Texas 78701-3057

Dear Mr. Kleeman:

I am writing you in response to your request to verify your client's entitlements for a redevelopment project in the Barton Springs Zone located at the intersection of U.S. Hwy. 290/71 West and Patton Ranch Road. I agree that a successful redevelopment project under 25-8-27 would be a benefit to the City and your client.

As you know, City Code Section 25-8-27 provides an exception to compliance with the City's water quality regulations in the Barton Springs Zone under limited circumstances. Applicable to your client's situation is the requirement that only existing commercial development that does not increase non-compliance with code requirements qualifies. My understanding is that your client wishes to redevelop commercial property in the Barton Springs Zone, but at least some of the existing development on the property was not built in compliance with City Code requirements.

The development on the site has occurred in several phases as you have evidenced by comparing the City's aerial photographs from different dates. The site is located within the Barton Creek watershed and the first watershed regulations limiting impervious cover that would have applied to your client's property was the 1980 Barton Creek Ordinance. Because of the lack of City records documenting any permits or construction dates, I agree that it is reasonable for you to document through aerial photographs or other credible evidence the portion of the commercial development that was built in compliance with City regulations in existence at that time.

You are required to provide documentation and impervious cover calculations based on this agreed upon methodology at the time that your client files a development permit application requesting the redevelopment exception under City Code section 25-8-27. To clarify, this means that any impervious cover placed on the site not in compliance with City regulations at the time it was constructed must be removed. The remaining impervious cover, i.e., the portion that was built in



compliance with City regulations, may remain in accordance with 25-8-27 as long as the redevelopment otherwise fully complies with 25-8-27.

My staff and I look forward to working with you on this project.

Sincerely,

Victoria J. Li., Director
Watershed Protection and Development Review Department



**JONES & CARTER, INC.**
ENGINEERS · PLANNERS · SURVEYORS

1701 Directors Blvd., Suite 400
Austin, Texas 78744-1024

TEL 512 441 9493
FAX 512 445 2286

| AUSTIN | DALLAS |
| HOUSTON | BRENHAM |
| SAN ANTONIO | ROSENBERG |
| COLLEGE STATION | THE WOODLANDS |

*Texas Board of Professional Engineers Registration No. F-439*

February 15, 2011

Ms. Susan Scallon
Planning and Development Review
505 Barton Springs Road
Austin, Texas 78705

Re:   Patton Lane Office Building
        6302 West US Hwy 290
        Austin, Texas 78735

Dear Susan:

On behalf of the owner, Charles Draper, Jones & Carter, Inc. is submitting a Site Plan Fair Notice and a H.B.1704 Chapter 245 Determination Application for the Patton Lane Office Building project. The project is located on the northeast corner of West US Hwy 290 and Patton Ranch Road in southwest Austin. A brief history of the project is that the building was designed, the project site was cleared and construction began in 1985 with the construction of 50 building piers. Due to the economic downturn of the mid 1980's, the project was halted and the property became owned by the lending institute. At the time, the project was outside the Austin city limits, so no permit was required for the project. Attached are site plan, floor plan and utility plan for the project, a copy of an aerial photograph from February 16, 1984 showing the site, plus a copy of an aerial photograph from April 23, 1986 showing the site had been cleared, the houses and other building had been demolished and construction activity had commenced. There are currently fifty building piers that were constructed for the building foundation prior to the project being halted.

On December 30, 1985, the property was annexed into the City. Based on the fact that the project had commenced prior to annexation by the City, the project should be grandfathered to the regulations at the time construction began and can continue construction.

We appreciate your favorable review of the H.B. 1704 Chapter 245 determination. If there is additional information that you require, please contact me at (512) 441-9493.

Very truly yours,

*James M. Schissler*

James M. Schissler, P.E.

Cc:   Charles Draper, Tejas Land Company

J:/projects/A633/001/general/letter/1704 letter 020111.doc



**Smart Engineering. Smart Solutions.**™

www.jonescarter.com

# Exhibit D
## PROJECT APPLICATION H.B. 1704/Chapter 245 DETERMINATION
### (Chapter 245, Texas Local Government Code)
*(This completed form must accompany all subdivision and site plan applications.)*

FOR DEPARTMENTAL USE ONLY

File # Assigned: _SP 2011-0040C_   Date Filed: _2/16/2011_

Original Application Date: _Current code_ Signature: _Susan Scala_   Date: _2/22/2011_

Comments: _project complete_

_____ Insufficient Information to establish Chapter 245 rights.

Proposed Project Name: Patton Lane Office Building

Address / Location: 6302 West US Hwy 290, Austin, TX 78735

Legal Description: Lots 10 and 11 Town of Oak Hill

A. [  ] The proposed application is for a **New Project** and is submitted under regulations currently in effect.

**NOTE: If A is checked above, proceed to signature block below.**

B. [  ] The proposed application is for an ongoing project not requesting House Bill 1704 consideration. The choice of this option does not constitute a waiver of any rights under Chapter 245.

C. [  ] The proposed application is for a **project requesting review under regulations other than those currently in effect, but not on the basis of House Bill 1704.** All appropriate supporting documentation must be attached to this request. Provide a brief description of the basis for this request here: _____

D. [  ] The proposed application is for a **project requesting review under a specific agreement, not on the basis of House Bill 1704.** All appropriate supporting documentation must be attached to this request. Provide a brief description of the basis for this request here: _____

E. [ X ] Original Application Filing Date: Not required at time construction began   File #: _____

The proposed application is submitted as a **Project in Progress** under Chapter 245 (HB 1704) and should be reviewed under the applicable regulations pursuant to state law. **The determination will be based on information submitted on and with this form.**

### The following information is required for Chapter 245 Review:

*Attach supporting documentation, including a summary letter with a complete project history from the Original Application to the present, with a copy of the original subdivision or site plan approval by the City and subsequent application approvals. Specify project information for date claiming 1704 grandfathering; include a copy of the relevant **permit** upon which Chapter 245 vesting is claimed.*

| Project Application History | File # | Application Date | Approval Date |
|---|---|---|---|
| Annexation/zoning (if applicable to history) | | | |
| Preliminary Subdivision | | | |
| Final Subdivision Plat | Volume X, Page 242 | | December 16, 1872 |
| Site Plan / Devel. Permit | Not required at time construction began | | |

Proposed Project Application *(check one):*   Preliminary Subdivision_____ Final Plat_____ Site Plan _X_

Proposed Project Land Use: *Specify acreage in each of the following land use categories:*

Single Family / Duplex _____ Townhouse / Condo / Multi-family _____ Office _____

Commercial **2.1313** _____ Industrial / R&D _____ Other (Specify) _____

Total acreage: **2.1313** ____ Watershed **Williamson Creek** _____ Watershed Classification **Barton Springs Zone**

*This proposed project application will still be reviewed under those rules and regulations that are not subject to Chapter 245, such as those to prevent imminent destruction of property or injury to persons, including regulations dealing with stormwater detention, temporary erosion and sedimentation controls, and regulations to protect critical/significant recharge features.*

Signature - Property Owner or Agent _James M. Schissler_   Date: _2-14-11_

Printed Name James M. Schissler, P.E.   Phone / Fax 512-441-9493 / 512-445-2286

Form Date 5/06/2005



# Land Use Review
## Site Plan Completeness Check



Planning and Development Review Dept.

Before an application is accepted for formal review, City Staff conducts a completeness check to ensure the application packet contains the necessary components to complete a review.

A completeness check application **must be deemed complete** before formal application can be submitted.

## A formal application must be filed within 45 calendar days of the initial completeness check (by 04/02/2011) or the application will expire and a new completeness check application must be filed.

Applicants must pick up the completeness check packet at the Intake office within 72 hours of receiving a response. The City is not responsible for lost or stolen packets. **The applicant must schedule an appointment with the Intake office for formal application submittal.** Please call 974-2681, 974-2350, or 974-7208 for more information.

| Completeness Check Results: **Incomplete** | | 45 Day Expiration date: **04/02/2011** | |
|---|---|---|---|
| Tracking #: **10547374** | Revision #: **00** | Watershed: **Williamson Creek** | |
| Project Name: **Patton Lane Office Building** | | | |
| Ch.245 Team Review Req'd: **Yes** | Orig. Submittal Date: **02/16/2011** | Resubmittal Date: | |
| Date Sent to Ch.245: | Current Results to Applicant: **03/02/2011** | | |
| Date Rec'd back in LUR: | | | |

**This application is incomplete for the reasons given below. The Applicant must address the noted deficiencies and resubmit it along with a comment response letter to the Intake Office, at One Texas Center, 505 Barton Springs Rd., 4th Floor, Austin TX 78704.**

### Checked for Completeness by the following reviewers:

| | | | Complete/Incomplete | Initials |
|---|---|---|---|---|
| Drainage Engineering | Jay Baker | 512-974-2636 | Complete | JB |
| Transportation | Joe Almazan | 974-2674 | Complete | JA |
| Site Plan | Lynda Courtney | 974-2810 | InComplete | LC |
| Environmental | Ingrid McDonald | 974-2711 | Complete | IM |
| Water Quality Eng. | Jay Baker | 974-2636 | Complete | JB |
| Env.Res.Mgmt. | David Johns | 974-2781 | Complete | DJ |
| Floodplain | Jameson Courtney | 974-3399 | Complete | JC |
| Row Mgmt. | Joan Caldwell | 974-7024 | Complete | JC |
| Utility Coord. | Eva Moore | 974-7671 | Complete | EM |
| Traffic Control | Javier Martinez | 974-1584 | Complete | JM |
| AWU-DPR | Monty Lowell | 974-2882 | Complete | ML |
| AWU | Neil Kepple | 972-0077 | Incomplete | NK |
| UST | Schuyler Schwarting | 974-2715 | | |

| Staff Reviewers as follows | | Case Manager: | |
|---|---|---|---|
| Team A | Team B | Team C | Team D |
| Nikki Hoelter (SP) | Donna Galati (SP) | Sue Welch (SP) | Sarah Graham (SP) |
| Jennifer Groody (DR/WQ) | Leslie Daniel (DR/WQ) | Kevin Selfridge (DR/WQ) | Jay Baker (DR/WQ) |
| Ron Czajkowski (DR/WQ) | Michael Duval (DR/WQ) | Beth Robinson (DR/WQ) | Benny Ho (DR/WQ) |
| Jim Dymkowski (EV) | Mike McDougal (EV) | Joydeep Goswami (DR/WQ) | Brad Jackson (EV) |
| Candace Craig (TR) | Jeb Brown (EV) | Michael Clay (EV) | Shandrian Jarvis (TR) |
| | | Sangeeta Jain (TR) | |
| **Other Disciplines required:** | | | |
| Mapping | Traffic Control-No addn. review | WWW | PARD |
| Electric (3) | Fire | Floodplain | Industrial Waste |

RSMP: Yes/No         Waiver:     Yes/No     Onsite Drainage:     Yes/No

Additional Copies to ERM/Other:

Small Project: Yes/No

Fees:

Total # of Plans ___ / Engineering Reports ___ required at formal

The City of Austin encourages applicants to contact neighborhood organizations prior to formal submittal. To find out contact information for neighborhood associations visit our web page at http://www.ci.austin.tx.us/neighborhoodservices/ or contact our Neighborhood Liaisons for more information: Carol Gibbs @ 974-7219 or Jody Zemel @ 974-7117.

**Comments:**
**Please respond to each comment in letter form.**


TR:    OK for HB 1704 determination only

AWU: Plan is for 1704 only, No Site Plan to review.

SP:    Submit new project Site Plan Packet

ERM: FYI, if 1704 is not granted, project will require an EA.



# City of Austin

May 13, 2011

Mr. Charles Draper
Tejasland and Commerce
6300 Highway 290 West
Austin, TX 78735

RE:   6302 Highway 290 West, Lot 11A, Block 1, Oak Hill Township
      1704 Application/Chapter 245 City Admin Code; Tracking 10547874

Dear Mr. Draper:

Thank you for your letter of April 6, 2011 regarding the above referenced property. In response to your request to reconsider the Chapter 245 determination for the site plan at the referenced property, it is my decision to uphold the original decision that the site plan would be subject to current code as of the date of submittal. This decision was reached after reviewing information submitted with your original determination request, aerial photography and your most recent letter and its attachment. If you have questions regarding the terms of this letter, please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
    Brent Lloyd, Law Department





# City of Austin

Founded by Congress, Republic of Texas, 1839
Planning and Development Review Department
P.O. Box 1088, Austin, Texas 78767

September 23, 2011

Mr. Charles Draper
Tejasland and Commerce
6300 Highway 290 West
Austin, TX 78735

RE:   6302 Highway 290 West, Lot 11A, Block 1, Oak Hill Township
      1704 Application/Chapter 245 City Admin Code; Tracking 10547874

Dear Mr. Draper:

Thank you for your email of August 17, 2011 regarding your reconsideration request of
my previous Chapter 245 determination on the referenced property. In light of the
attachments to your email, I requested and obtained additional permit information from
Travis County. Based on this additional information, the information you submitted and
the previous information from your original Chapter 245 determination request; I have
decided to uphold my original decision that the site plan would be subject to current code
as of the date of submittal.  If you have questions regarding the terms of this letter,
please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
    Brent Lloyd, Law Department
    Mitzi Cotton, Law Department



 

# Tejasland & Commerce
### 6300 Highway 290 West
### Austin, TX 78735

**Phone:** 512.699.2199

**Email:** cd@tejasland.com

September 29, 2011

Mr. Greg Guernsey, AICP Director
City of Austin
Planning and Review Department
PO Box 1088
Austin, TX 78767

**RE:** *Freedom of Information Act, and* request for meeting:
6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township*
1704 Application/Chapter 245 City Admin Code; Tracking # 10547

Dear Mr. Guernsey,

I appreciated your letter, you submitted on September 23, 2011. The letter states;"...*In light of the attachments to your email, I requested and obtained additional permit information from Travis County....I have decided to uphold my original decision that the site plan would be subject to current code...*".

Regrettably, your letter does not respond to my letter of August 17, 2011. I will repeat the question: *"Again, I appeal to your judgment; on what 'legal basis' are you denying the application?"*

I request. You furnish, through the *Freedom of Information Act* all copies of correspondences the City of Austin, and Travis County have on record *for Lots 11A, and Lot 10A Block 1 of the Oak Hill Township*; as well as those which your decision was moored.

It is my understanding; you are not an attorney, Mr. Guernsey. Given the City recent rescission in *Harper Park Two, LLC vs. City of Austin,* I believe, I am entitled to more than; *"...I have decided to uphold my original decision...".*

I, formally, request a meeting with you, the City Attorney, my engineer, my attorney, and myself; so we may ascertain the "legal basis" of your decision.

As a consequence of your un-relented position, I have experienced economic hardship, economic loss, and inability to rent my private property, or generate economic rent from my investment. I believe, the law affords me a reason for the basis of your decision.

I look forward to meeting with you in the next couple of weeks.

Sincere regards,

Charles Draper
Tejasland & Commerce, President

CC:    Susan Scallon
        City Manager, Marc Ott
        Honorable Mayor Lee Luffingwell
        Greg Anderson, Chief-of-Staff, Mayor Pro Tem Sherly Cole
        Honorable Representative Paul Workman
        Jim Schissler, Jones & Carter

Exhibit I

# Tejasland & Commerce
**6300 Highway 290 West**
**Austin, TX 78735**

**Phone:** 512.699.2199

**Email:** cd@tejasland.com

August 17, 2011

Mr. Greg Guernsey, AICP Director
City of Austin
Planning and Review Department
PO Box 1088
Austin, TX 78767

**RE:** 6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township*
1704 Application/Chapter 245 City Admin Code; Tracking # 10547

Dear Mr. Guernsey,

Following our last week's discussion at First Evangelical Free Church, I have, patiently, awaited acknowledgement of my 1704 Application; submitted in early spring of 2011. Attached is a copy of your denial from May 2011. Again, I appeal to your judgment; on what 'legal basis' are you denying the application?

Attached is a copy of Chapter 245 of the Local Government Code. Equally, attached are a site plan, and permit issued by Travis County engineer H. E. Whittington on August 9, 1985; prior to City annexation.

Because the term SB 1704 and Chapter 245 are interchangeable, and refer to the legislative intent of the State; please provide written notice, why my project does not comply with the Local Government Code; because, I can not locate it in statute.

I pray. You recognize my project conforms to State law, and you will issue a letter of approval.

I look forward to hearing from you.


Sincere regards,


Charles Draper
Tejasland & Commerce, President


CC:     Susan Scallon
        City Manager, Marc Ott
        Honorable Mayor Lee Luffingwell
        Greg Anderson, Chief-of-Staff, Mayor Pro Tem Sherly Cole
        Honorable Representative Paul Workman
        Jim Schissler, Jones & Carter



# City of Austin

Founded by Congress, Republic of Texas, 1839
Planning and Development Review Department
P.O. Box 1088. Austin. Texas 78767

September 21, 2012

Mr. Carl McClendon, AICP
McClendon & Associates Development Consulting, LLC
4808 Canyonwood Drive
Austin, TX 78735

RE:     Reconsideration of 1704/245 Application of Lots 10A and 11A, Block 1,
        Town of Oak Hill at 6300 and 6302 U.S. Highway 290 West, Tracking 10547874

Dear Mr. McClendon:

Thank you for your correspondence of July 25, 2012 and meeting with me on August 16, 2012 regarding your reconsideration request of my previous Chapter 245 determination on the referenced property. I have reviewed your addition information and considered the points you expressed at our meeting. Based on this information I have decided to uphold my original decision that the site plan would be subject to current code as of the date of submittal.

If you have questions regarding the terms of this letter, please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
     Brent Lloyd, Law Department
     Mitzi Cotton, Law Department



# **AFFIDAVITS**

| CHARLES N. DRAPER, COURT | § | IN THE DISTRICT |
|---|---|---|
| Plaintiff, *Pro Se*, | § | |
| | § | |
| | § | |
| V. | § | |
| | § | |
| | § | |
| GREG GUERNSEY, TEXAS | § | TRAVIS COUNTY, |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | |
| | § | 419th JUDICIAL DISTRICT |

## AFFIDAVIT OF SUSAN SCALLON

**STATE OF TEXAS** § 
§ 
**COUNTY OF TRAVIS** §

Before me, the undersigned notary, on this day personally appeared Susan Scallon, known to me to be the person whose name is subscribed below, and being duly sworn, testified as follows:

1. "My name is Susan Scallon. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. The exhibits attached and incorporated by reference are true and correct copies.

2. I am a City of Austin employee. My job title is Environmental Program Coordinator. My job duties include primarily, but among other things, managing the Chapter 245 completeness check team. I have been employed by the City of Austin since 1989.

3. In my capacity as Environmental Program Coordinator, myself and the Chapter 245 team reviewed an application for Project Application H.B. 1704/Chapter 245 Determination dated February 14, 2011, regarding a proposed project titled "Patton Lane Office Building project," located at 6302 West U.S. Highway 290, Austin, Texas 78735, requesting an exemption from current rules and regulations under Chapter 245. The application and its attachments are attached and incorporated by reference as Exhibit A.

4. The "Patton Lane Office Building project" application refers to a plat dated December 16, 1872. To the best of my knowledge, this plat was not filed with the City of Austin. (Exhibit A).

5. A cover letter dated February 15, 2011 and signed by James M. Schissler, P.E. was filed with the "Patton Lane Office Building project" application, and explained that 50 piers were constructed on the subject property, but halted due to financial constraints. (Exhibit A).

6. Attachments to the "Patton Lane Office Building project" application included a site plan, floor plans, and a foundation plan depicting the fifty piers referenced in the cover letter dated February 15, 2011 and signed by James M. Schissler, P.E. None of these plans, including the site plan, foundation plans, nor the foundation plan, was filed with the City of Austin prior to the submittal of the "Patton Lane Office Building project" application submitted on February 16, 2011. (Exhibit A).

7. In reviewing the "Patton Lane Office Building project" application, I reviewed three GIS aerial maps of the subject property, which depict existing structures on the subject property. The GIS map dated 1987 shows one completed structure on Lot 10A of the subject property. The GIS map dated 1997 shows the one structure on Lot 10A plus three more structures on Lot 11A of the subject property. The GIS map dated 2006 shows three structures on Lot 10A and a total of six structures on Lot 11A of the subject property. The GIS maps confirm that a

total of nine structures on the subject property were constructed as of 2006. The three GIS maps are attached and incorporated by reference as Exhibit B.

8. My review also uncovered a plat titled "Town of Oak Hill Amended Lots 10 and 11" regarding the subject property, that was filed on April 8, 1991 for purposes of determining ownership rights. To the best of my knowledge, this was the first and only plat filed with the City of Austin regarding the subject property located at 6302 West U.S. Highway 290, Austin, Texas 78735 and it was titled "Town of Oak Hill Amended Lots 10 and 11."

9. The subject property was annexed by the City of Austin on July 19, 1951. Historical City Limits and Extra-Territorial Jurisdictions map attached and incorporated by reference as Exhibit C.

10. The "Patton Lane Office Building project" application was denied on the basis of "project complete" due to the construction of nine structures located on the subject property as of 2006. Additionally, members of the Chapter 245 team possessed personal knowledge regarding the existence of a nursery on the subject property. A new permit is required before new construction can begin on the subject property.

FURTHER AFFIANT SAYETH NOT"

SUSAN SCALLON
Environmental Program Coordinator


SWORN TO AND SUBSCRIBED before me on the _____ day of October, 2013.


GAYLA R KIEKE
My Commission Expires
November 9, 2015

Notary Public, State of Texas

CAUSE NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER,<br>    Plaintiff, *Pro Se,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | |
| GREG GUERNSEY,<br>IN HIS CAPACITY AS DIRECTOR OF<br>PLANNING AND DEVELOPMENT<br>WATERSHED PROTECTION<br>REVIEW DEPARTMENT,<br>AND CITY OF AUSTIN,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS<br><br><br><br><br>419th JUDICIAL DISTRICT |

## AFFIDAVIT OF STACEY SCHEFFEL

| | |
|---|---|
| STATE OF TEXAS | §<br>§ |
| TRAVIS COUNTY | § |

Before me, the undersigned notary, on this day personally appeared Stacey Scheffel, known to me to be the person whose name is subscribed below, and being duly sworn, testified as follows:

1. "My name is Stacey Scheffel. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an employee with Travis County as a Permit Program Manager. I possess knowledge regarding rules and regulations pertaining to land development permits issued by Travis County.

3. In 1985, the applicable rules and regulations for a land development permit, including a Class "B" Travis County Flood Hazard Area Development Permit, provided that a land development permit expires after (1) 180 days from the date of issuance if no work commenced on the subject property or (2) work authorized under the permit is suspended or abandoned for a period of at least 180 days.

1



_____
STACEY SCHEFFEL

Sworn to and subscribed before me by Stacey Scheffel on February 6th, 2014.



CAROLYN R. DRAPER
Notary Public
STATE OF TEXAS
Commission Exp. APRIL 17, 2014

_____
Notary Public in and for the State of Texas

# LETTER TRAVIS COUNTY ENGINEER

**April 10, 1987** (605 days; after permit issuance),

Travis County Floodplain engineer, Mark Kronkosky

P-479 712 999

P-479 712 999

# Henry E. Whittington, P.E.
## TRAVIS COUNTY ENGINEER

Travis County Administration Building
314 West 11th Street, Suite 200
P.O. Box 1748
Austin, Texas 78767
(512) 473-9122

April 10, 1987

Patton Lane J.V. - Buddy Goodson
8000 Centre Park Drive Suite 100
Austin, Tx.  78704

SUBJECT:  Completion of Travis County Flood Hazard Area Development Permit
#85-2559, Lt 10 & 11 Oatmanville, 6300 290 West
Patton Lane Office Building

Dear Mr. Goodson :

This office has not received an elevation certificate for the abovementioned
property, therefore, our files are considered incomplete.

The elevation certificate is required by the Federal Emergency Management Agency
(FEMA) to verify the lowest floor elevation of your structure for insurance and
lending purposes and to comply with the Travis County Flood Plain Management
Regulations. Sec. 5.E., which states:

"An elevation certificate shall be completed by the certifier and
one copy shall be returned to the County Engineer's office for
completion of the permit file".

"Failure to provide the County Engineer's office with a completed
copy of the elevation certificate within one year from the issuance
of the permit shall constitute a violation".

If you need another elevation certificate form, contact Melba Archer of our office
so that we may complete Section I.  Then a registered professional engineer, surveyor
or architect shall complete Section II or Section III (where applicable), verifying
the lowest floor elevation.  One copy shall be returned to this office so that our
files will be complete.

If we have not received the completed certificate or a written explanation stating
reasons for lack of certification within 30 days of receipt of this letter, we
will assume that the structure is in non-compliance with the Travis County Flood
Plain Management Regulations and will refer this permit file to the County Attorney
for appropriate action.

If there are any questions, please feel free to contact this office.

Sincerely,

for Mark C. Kronkosky
Travis County Hydrologist

# AFFIDAVITS

CAUSE NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER, | § | IN THE DISTRICT COURT |
| Plaintiff, *Pro Se*, | § | |
| | § | |
| V. | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

AFFIDAVIT OF STACEY SCHEFFEL

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| TRAVIS COUNTY | § |

Before me, the undersigned notary, on this day personally appeared Stacey Scheffel, known to me to be the person whose name is subscribed below, and being duly sworn, testified as follows:

1. "My name is Stacey Scheffel. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an employee with Travis County as a Permit Program Manager. I possess knowledge regarding rules and regulations pertaining to land development permits issued by Travis County.

3. In 1985, the applicable rules and regulations for a land development permit, including a Class "B" Travis County Flood Hazard Area Development Permit, provided that a land development permit expires after (1) 180 days from the date of issuance if no work commenced on the subject property or (2) work authorized under the permit is suspended or abandoned for a period of at least 180 days.

1



STACEY SCHEFFEL

Sworn to and subscribed before me by Stacey Scheffel on February 6th, 2014.



CAROLYN R. DRAPER
Notary Public
STATE OF TEXAS
Commission Exp. APRIL 17, 2014

_Carolyn R. Draper,_
Notary Public in and for the State of Texas

2

# AFFIDAVIT

THE STATE OF TEXAS      §
                             §

COUNTY OF TRAVIS      §

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Carl McClendon, who, being by me first duly sworn, and deposed as follows:

"My name is Carl McClendon with *McClendon & Associates*, I am over the age of 21 years. I am independent development consultant in the Austin real estate market. On July 16, 2012, I filed a *Reconsideration of 1704/Chapter 245 Application* on behalf of Charles Draper for *Lots 10A and 11A, Block 1, Town of Oak Hill; located at 6300 and 6302 US Hwy 290 West* (Tracking# 10547874). I am fully competent to make this verification. I have read the foregoing; *1704/Chp.245 Reconsideration Application*. All of the information contained in the publication are within my personal knowledge, and true and correct."

_____
Carl McClendon

SUBSCRIBED AND SWORN TO BEFORE ME on the date 12th day of February, 2014

RORY RENE TELLO
Notary Public, State of Texas
My Commission Expires
September 15, 2015

_____
Notary Public, State Texas



# McClendon & Associates
## Development Consulting, LLC

July 25, 2012

Mr. Greg Guernsey, AICP, Director
Planning and Development Review
505 Barton Springs Road, Ste. 500
Austin, TX. 78704

Re: Reconsideration of 1704/Chapter 245 Application for Lots 10A and 11A, Block 1, Town of
Oak Hill at 6300 and 6302 U.S. 290 West (Tracking #; 10547874)

Dear Mr. Guernsey;

Thank you for your previous determination of the above referenced application. Susan Scallon,
1704 Committee staff representative, was kind enough to visit with me regarding the application
and share some basis for the Committee's disapproval. In response, it seems additional
information, materials, and signed plans may provide clarification of the facts and additional
documentation of the justification and "continuing progress" by which we would respectfully
request for the 1704 Committee to reconsider the application.

A site development summary follows providing a chronology of development permitting for the
subject property in an effort to clarify and augment the facts of the application previously
submitted.

### Subdivision

The land was legally subdivided as Lots 10 and 11, Block 1, Town of Oak Hill, and recorded in
the Travis County Deed Records on December 16, 1872, (copy attached). In 1982, the City
adopted the Barton Creek Watershed Ordinance, however, legally subdivided land was exempted
from the ordinance and site development standards per Sec. 9-10-303(b). In short, a site
development, or waterway development permit from the City of Austin was not required.

### Site Development Permit

Travis County approved a site development or floodplain permit on August 9, 1985 for the
Patton Lane Office Building, a 3-story office development. Although the original subdivision
was platted in 1872, the site development permit represents the first in a series of permits for the
project. Two copies of the complete (11" x 17") plans are attached which show approvals from
the Travis County Engineer's office. Although construction was initiated and later paused due to
economic conditions, the floodplain permit does not expire. The Travis County Engineer's
Office issued a letter in 1987, indicating that a floodplain elevation certificate verifying the

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:    512 382 1017
e-mail: carlmcclendon@austin.rr.com

finished floor elevation of the building (to be constructed) had not been filed within one year of the issuance of the permit and, therefore, is a violation. (not expiration of the permit).

Construction commenced in 1985, with removal of existing homes on the site and construction of drilled pier locations for the building's foundation, as evidenced by notes from a City of Austin environmental inspector and an aerial photo in 1986, (attached).

The site included previously existing residential and commercial development from the 1950's and 1970's, which did not require City or County permits when it was constructed. All of this development was outside the City and within the County's jurisdiction, prior to the adoption of the Barton Creek and Williamson Creek Ordinances.

**Annexation to City of Austin**

The Patton Lane Office Building was under construction when the City of Austin annexed the property for full purpose on December 30, 1985, and zoned the property Single-Family-2 (SF-2).

Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for existing commercial development, which is an exemption from compliance with the City's building permit process per LDC, Sec. 25-1-365.

**Continuing Progress**

The Local Government Code Chapter 245.005(a) states for permits without an expiration date and for which there is no continuing progress towards completion, a local regulatory agency may enact an ordinance, rule, or regulation that places an expiration date on a project of no earlier than the fifth anniversary of the effective date of this chapter (Sept. 1, 2005).

The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 10, 1991, the City rezoned the property to Commercial Services-Conditional Overlay (CS-CO), (Ord. #: 911010-B).

In 2008, the current owner filed for rezoning of the property to Commercial Services-Conditional Overlay-Neighborhood Plan (CS-CO-NP), (Ord. #: 20090115-092), which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit.

Please contact me if there are questions or further items for discussion.

Carl McClendon, AICP

cc: Mr. Charles Draper

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:    512 382 1017
e-mail: carlmcclendon@austin.rr.com

# Development Summary
## Patton Lane Office Bldg

**12/16/1872**    Legally platted subdivision recorded for Town of Oak Hill, Lots 10 and 11 (Vol. X, Pg. 242)

**7/19/1951**    The subject property was annexed into the City's extra-territorial jurisdiction (ETJ).

**11/18/1982**    Barton Creek Ordinance passed by City Council (Ordinance No. 82-1118-N) requiring site development standards for land within the Barton Creek Watershed. Subdivisions legally platted prior to April 17, 1980, are exempted per Sec. 9-10-303(b).

**8/9/1985**    Travis County approves site development (or floodplain) permit (Case #: 85-2558) for Patton Lane Office Building and site construction commences. Foundation piers are drilled, but construction pauses due to economic conditions; aerial photo from 4/23/86 showing drilled piers is attached.

**12/30/1985**    City of Austin annexes property, and approves zoning for Single-Family-2 (SF-2).

**10/10/1991**    City of Austin approves rezoning from SF-2 to CS-CO for Lots 10 and 11, Town of Oak Hill (Case No. C14-91-0027).

**10/17/1991**    Amended plat recorded for Town of Oak Hill, Lots 10 and 11 to create Lots 10A and 11A, Town of Oak Hill, (Case #: C8-91-0039.0A).

**1/15/2009**    Based upon landowner's request for rezoning, the City of Austin revises the zoning and conditional overlay for Lots 10A and 11A, Block 1, Town of Oak Hill Amended Subdivision from CS-CO-NP to CS-CO-NP, (Case #: C14-2008-0152). The conditional overlay amendments revised the permitted uses and site restrictions on the property.

**2/16/2011**    Landowner files application for 3-story office building (Patton Lane Office Building) for Chapter 245 review and consideration.

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax: 512 382 1017
e-mail: carlmcclendon@austin.rr.com



## TRANSPORTATION AND NATURAL RESOURCES

STEVEN M. MANILLA, P.E., COUNTY EXECUTIVE

700 Lavaca Street
Travis County Administration Building
PO Box 1748
Austin, Texas 78767
Phone: (512) 854-9383
Fax: (512) 854-9436

Requestor:     Charles Draper
               4609 Trail Crest Circle
               Austin, TX 78735

Re:            Requested copies for Permit # 85-2558

Requested Records:   This affidavit pertains to the release of documents responsive to the request for public information submitted by Charles Draper to Transportation and Natural Resources on November 25, 2013.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared TRANSPORTATION AND NATURAL RESOURCES, who, being by me duly sworn, deposed as follows:

My name is ROBERT GLASPER, I am the duly authorized custodian of the records of TRANSPORTATION AND NATURAL RESOURCES. Attached hereto are _7_ pages of records from Transportation and Natural Resources. These said _7_ pages of records are kept by Transportation And Natural Resources in the regular course of business, and it was the regular course of business of Transportation And Natural Resources for an employee or representative of Transportation And Natural Resources, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

Affiant, _____
                    Robert Glasper

SUBSCRIBED AND SWORN TO BEFORE ME on the 26th day of November 2013 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC



ANN PAYNE
Notary Public
STATE OF TEXAS
Commission Exp. 04-04-2015

*Plaintiff Supplement to the Record*

**Exhibit  1**

# NOTICE OF CLASS "B"
## TRAVIS COUNTY FLOOD HAZARD AREA
## DEVELOPMENT PERMIT

STATE OF TEXAS }
COUNTY OF TRAVIS }

This Permit No. **85-2558** is issued on **August 2, 1925**
and is effective immediately.

This Permit is issued to **Patton Lane Joint Venture**
and is not transferrable.

This Permit authorizes the permittee to construct development in accordance with
the requirements of Travis County Flood Plain Management Regulations on the
following described property: **Lots 10 & 11, Oatmanville Subdivision,**
**2.14 acres of the Thomas Anderson Sur. #17, 6300 Hwy. 290 West**

(Lot, Block, Subdivision, Street Address)

**Tax Map #4-0834-06-05 & 08 (offices)**
Foundation Inspection (is XXXXX required.

Mechanical and Electrical Inspection **XX** is not) required.

Special Provisions **XXX** are not) attached.

A Notice of Permit has been issued with this permit which should be posted in a
location where it will be protected from weather and secure from vandalism, and will
remain posted until the work is complete.

The permittee shall notify the County Engineer forty-eight (48) hours before con-
struction is ready for foundation and/or mechanical and electrical inspection, if
required.

Finished slab to be at or above elevation: 81**7.01 MSL**

Mark **H.E. Whittington, P.E.**
COUNTY ENGINEER
TRAVIS COUNTY, TEXAS

### INSPECTION RECORD

| Inspection | Inspector | Date | Passed | Failed |
|---|---|---|---|---|
| Foundation | | | | |
| Mechanical and Electrical | | | | |
| Other | | | | |
| Other | | | | |

**NOTE: All construction & site development shall be
in compliance with Travis County Flood Plain
Management Regulations, SEc. 5.B. and as per
plans approved by Travis County.**

# NOTICE OF CLASS "B"
## TRAVIS COUNTY FLOOD HAZARD AREA
## DEVELOPMENT PERMIT

STATE OF TEXAS

COUNTY OF TRAVIS

This Permit No. **85-2558** is issued on **August 9, 1985** and is effective immediately.

This Permit is issued to **Patton L- ie Joint Venture** and is not transferrable.

This Permit authorizes the permittee to construct development in accordance with the requirements of Travis County Flood Plain Management Regulations on the following described property: **2.14 acres of the Thomas Anderson Sur.#17**

**6300 Hwy. 290 West Tax Map #4-0834-06-05 & 06**
(Lot, Block, Subdivision, Street Ad**#4-0634-01-01**
**(offices)**

Foundation Inspection (is. XXXXX) required.

Mechanical and Electrical Inspection (XX is not) required.

Special Provisions (XX. are not) attached.

A Notice of Permit has been issued with this permit which should be posted in a location where it will be protected from weather and secure from vandalism, and will remain posted until the work is complete.

The permittee shall notify the County Engineer forty-eight (48) hours before construction is ready for foundation and/or mechanical and electrical inspection, if required.

Finished slab to be at or above elevation    812.0' MSL

*for H.E. Whittington, P.E.*
COUNTY ENGINEER
TRAVIS COUNTY, TEXAS

### INSPECTION RECORD

| Inspection | Inspector | Date | Passed | Failed |
|---|---|---|---|---|
| Foundation | | | | |
| Mechanical and Electrical | | | | |
| Other | | | | |
| Other | | | | |
| Note | | | | |

NOTE: All construction & site development shall be in compliance with Travis County Flood Plain Management Regulations, Sec. 5.B. and as per plans approved by Travis County.

P-479 712 999

RECEIPT FOR CERTIFIED   I.

# Henry E. Whittington, P.E.
TRAVIS COUNTY ENGINEER

Travis County Administration Building
314 West 11th Street, Suite 200
P.O. Box 1748
Austin, Texas 78767
(512) 473-9122

April 10, 1987

Patton Lane J.V. - Buddy Goodson
8000 Centre Park Drive Suite 100
Austin, Tx.   78704

SUBJECT:   Completion of Travis County Flood Hazard Area Development Permit
           # 85-2558, Lt 10 & 11 Oatmanville, 6300 290 West
                     Patton Lane Office Building

Dear Mr. Goodson  :

This office has not received an elevation certificate for the abovementioned
property, therefore, our files are considered incomplete.

The elevation certificate is required by the Federal Emergency Management Agency
(FEMA) to verify the lowest floor elevation of your structure for insurance and
lending purposes and to comply with the Travis County Flood Plain Management
Regulations, Sec. 5.E., which states:

> "An elevation certificate shall be completed by the certifier and
> one copy shall be returned to the County Engineer's office for
> completion of the permit file".

> "Failure to provide the County Engineer's office with a completed
> copy of the elevation certificate within one year from the issuance
> of the permit shall constitute a violation".

If you need another elevation certificate form, contact Melba Archer of our office
so that we may complete Section I.  Then a registered professional engineer, surveyor
or architect shall complete Section II or Section III (where applicable), verifying
the lowest floor elevation.  One copy shall be returned to this office so that our
files will be complete.

If we have not received the completed certificate or a written explanation stating
reasons for lack of certification within 30 days of receipt of this letter, we
will assume that the structure is in non-compliance with the Travis County Flood
Plain Management Regulations and will refer this permit file to the County Attorney
for appropriate action.

If there are any questions, please feel free to contact this office.

Sincerely,

for Mark A. Kronkosky
Travis County Hydrologist

# AFFIDAVIT

THE STATE OF TEXAS          §
                            §
                            §
COUNTY OF TRAVIS            §


BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Chares N. Draper, who, being by me first duly sworn, and deposed as follows:

"My name is Charles N. Draper, I am over the age of 21 years. I have been a licensed real estate broker with State of Texas for over 25 years. I am fully competent to make this verification. I have read the foregoing; *2013 Oxford Commercial Marketbeat Office Snapshot.* All of the information contained in the publication are within my personal knowledge, and true and correct."


_____
Charles N. Draper


SUBSCRIBED AND SWORN TO BEFORE ME on the date 18th day of February 2014

_____
Notary Public, State Texas

CARLA LIRA
My Commission Expires
December 10, 2016

# MARKETBEAT
## OFFICE SNAPSHOT


CUSHMAN & WAKEFIELD | OXFORD COMMERCIAL — INDEPENDENTLY OWNED AND OPERATED

## AUSTIN, TX
A Cushman & Wakefield Alliance Research Publication

### Q4 2013



### ECONOMIC OVERVIEW

The Austin area economy performed as strongly as many economists predicted over calendar year 2013. A recent study by the Milken Institute ranks Austin as the Best-Performing City in 2013 based upon job creation, job retention and the quality of new jobs. Over 27,000 jobs were created in the Austin MSA, a growth rate of 3.3%, with continued growth projected for 2014 and beyond. The latest Bureau of Labor Statistics figures from November recorded a 4.7% unemployment rate for the Austin MSA. This was the lowest rate since September 2008 before unemployment eventually spiked to a recession high of 7.3% in December 2009. The rate of job growth in the Austin area has outpaced that of the national economy, with the national unemployment rate as high as 7.0% in November.

### MARKET OVERVIEW



The office market gained 381,961 square feet (sf) of direct absorption in Q4 2013, bringing the end-of-year total to 1.2 million square feet (msf). This marked the third consecutive year of more than 1.0 msf of absorption in the Austin market. Positive absorption over this period tightened overall occupancy levels to 89.2% in Q4 2013, the highest rate since Y2K (2000) when the market's occupancy rate reached its all-time high of 95.8%. Furthermore, overall occupancy rates exceeded pre-recession levels of 87.5% set in 2006, an impressive recovery that outpaced a majority of the nation's office markets. The Far Northwest submarket outgained all submarkets with 537,340 sf of direct absorption in 2013. The Central Business District's absorption dropped off 66.4% from 2012 numbers, ending the year with 73,119 sf of positive absorption.

Average rental rates for the overall market accelerated to an all-time high of $28.93 per square foot (psf), up 8.0% from Q4 2012. Over the last decade, rental rates climbed 60.6% from the $18.01 psf mark set in 2003, an average increase of over $1.09 psf per year.

Class A product trailed just 0.2 percentage points behind pre-recession overall occupancy levels of 89.1% set in 2006. The Central Business District's class A product was 88.1% occupied, down a slight 0.4 percentage points from Q4 2012. Class A rates increased 6.5% since Q4 2012, reaching an all-time high of $32.47 psf. The average Class A office in the CBD demanded $42.87 psf, a 5.1% increase from Q4 2012.

### OUTLOOK

Developers broke ground on 1.6 msf of office product in 2013, much of which will deliver in 2014 and bring some relief to a market approaching 90.0% occupancy overall. Expect to see office development activity remain strong with another 450,000 sf anticipated to break ground in the Southwest submarket by Q2 2014 alone. With several major tenants out in the market and current demand for over 2.0 msf of office space, developers and investors alike remain bullish on the Austin office market approaching 2014.

### STATS ON THE GO

| | Q4 2012 | Q4 2013 | Y-O-Y CHANGE | 12 MONTH FORECAST |
|---|---|---|---|---|
| Overall Vacancy | 13.2% | 10.8% | -2.4 pp | ▼ |
| Overall Asking Rents (psf/yr) | $26.79 | $28.93 | 8.0% | ▲ |
| YTD Absorption (sf) | 1,494,613 | 1,232,692 | -17.5% | ▼ |

### DIRECT GROSS RENTAL VS. VACANCY RATES



DIRECT GROSS RENTAL RATE   —●— DIRECT VACANCY RATE

### DIRECT ABSORPTION



---

Oxford Commercial
200 W. Cesar Chavez, Suite 250
Austin, TX 78701
www.oxfordcommercial.com

For more information, contact:
Justin Bibb, Research Director
512 637 5515
jbibb@oxfordcommercial.com

The market terms and definitions in this report are based on NAIOP standards. No warranty or representation, express or implied, is made to the accuracy or completeness of the information contained herein, and same is submitted subject to errors, omissions, change of price, rental or other conditions, withdrawal without notice, and to any special listing conditions imposed by our principals.
© 2013 Cushman & Wakefield, Inc. All rights reserved.

1



# AUSTIN, TX

| SUBMARKET | INVENTORY | OVERALL VACANCY RATE | DIRECT VACANCY RATE | YTD LEASING ACTIVITY | UNDER CONSTRUCTION | YTD CONSTRUCTION COMPLETIONS | YTD DIRECT NET ABSORPTION | YTD OVERALL NET ABSORPTION | OVERALL WTD. AVG. ALL CLASSES GROSS RENTAL RATE | DIRECT WTD. AVG. CLASS A GROSS RENTAL RATE |
|---|---|---|---|---|---|---|---|---|---|---|
| CBD | 8,630,127 | 11.4% | 10.9% | N/A | 812,466 | 17,470 | 73,119 | 75,677 | $39.45 | $42.87 |
| Central | 998,679 | 15.6% | 15.6% | N/A | 0 | 0 | 6,420 | (434) | $33.91 | $34.66 |
| Far Northwest | 12,276,829 | 12.6% | 11.9% | N/A | 0 | 0 | 537,340 | 465,732 | $28.15 | $28.94 |
| North Central | 2,485,635 | 13.9% | 13.9% | N/A | 361,973 | 0 | 70,487 | 70,487 | $21.30 | $25.10 |
| Northeast | 1,944,201 | 9.4% | 9.4% | N/A | 30,248 | 0 | 26,357 | 26,357 | $18.77 | N/A |
| Northwest | 3,950,337 | 8.7% | 8.1% | N/A | 220,600 | 0 | 113,195 | 86,212 | $25.03 | $28.29 |
| South Central | 2,103,594 | 2.3% | 2.1% | N/A | 0 | 0 | 72,890 | 69,256 | $23.00 | $24.00 |
| Southeast | 992,420 | 26.1% | 26.1% | N/A | 0 | 0 | (19,116) | (19,116) | $15.03 | $24.17 |
| Southwest | 9,124,743 | 7.8% | 7.3% | N/A | 214,355 | 87,461 | 311,718 | 284,656 | $30.22 | $31.81 |
| Round Rock | 1,112,135 | 13.3% | 13.1% | N/A | 0 | 0 | 40,282 | 40,193 | $21.42 | $21.72 |
| SUBURBS | 34,988,573 | 10.7% | 10.2% | N/A | 827,176 | 87,461 | 1,159,573 | 1,023,343 | $26.17 | $29.56 |
| TOTALS | 43,618,700 | 10.8% | 10.4% | N/A | 1,639,642 | 104,931 | 1,232,692 | 1,099,020 | $28.93 | $32.47 |

* RENTAL RATES REFLECT ASKING $PSF/YEAR

# MARKET HIGHLIGHTS

| Significant 2013 Lease Transactions | SUBMARKET | TENANT | BUILDING CLASS | SQUARE FEET |
|---|---|---|---|---|
| 7171 Southwest Parkway | SW | SolarWinds | A | 229,793 |
| 9505 Arboretum Blvd. | FNW | AT&T | A | 150,033 |
| 7700 Parmer Lane | FNW | Oracle | A | 66,000 |
| 11305 Four Points Drive | FNW | Zenoss | A | 43,452 |

| Significant 2013 Sale Transactions | SUBMARKET | BUYER | PURCHASE PRICE / $PSF | SQUARE FEET |
|---|---|---|---|---|
| Thomas Properties Portfolio (7 buildings) | CBD (5)/ FNW (2) | Parkway Properties | $830,384,661/ $309 | 2,687,329 |
| Brandywine Portfolio Majority Interest (11 buildings) | SW | DRA Advisors | $660,245,872/ $472 | 1,398,826 |
| AMD Lone Star Campus | SW | Spear Street Capital | $164,000,000/ $189 | 865,832 |
| Thomas Properties Suburban Portfolio (8 buildings) | NW | KBS | $75,900,000/ $145 | 523,493 |

| Significant 2013 Construction Completions | SUBMARKET | MAJOR TENANT | COMPLETION DATE | BUILDING SQUARE FEET |
|---|---|---|---|---|
| Hill Country Galleria Q | SW | Peakrock Capital | Q2 2013 | 53,453 |
| 9225 Bee Caves Road E | SW | N/A | Q4 2013 | 34,008 |
| 405 North Lamar | CBD | N/A | Q1 2013 | 17,470 |

| Significant Projects Under Construction | SUBMARKET | MAJOR TENANT | COMPLETION DATE | BUILDING SQUARE FEET |
|---|---|---|---|---|
| Colorado Tower | CBD | Dubois Bryant & Campbell; Scott Douglass & McConnico | Q3 2014 | 371,348 |
| Domain 7 | NC | N/A | Q3 2014 | 221,973 |
| Champion Office Park | NW | N/A | Q2 2014 | 220,600 |
| IBC Bank Plaza | CBD | IBC Bank; Endeavor; HFF | Q2 2014 | 194,749 |
| Seaholm | CBD | N/A | Q2 2014 | 145,138 |
| Domain 2 | NC | HomeAway | Q3 2014 | 140,000 |

* BUILDING SQUARE FOOTAGE INDICATES OFFICE SQUARE FOOTAGE ONLY

* RENEWALS NOT INCLUDED IN LEASING ACTIVITY STATISTICS



Oxford Commercial
200 W. Cesar Chavez, Suite 250
Austin, TX 78701
www.oxfordcommercial.com

For more information, contact:
Justin Bibb, Research Director
512 637 5515
jbibb@oxfordcommercial.com

The market terms and definitions in this report are based on NAIOP standards. No warranty or representation, express or implied, is made to the accuracy or completeness of the information contained herein, and same is submitted subject to errors, omissions, change of price, rental or other conditions, withdrawal without notice, and to any special listing conditions imposed by our principals.
© 2013 Cushman & Wakefield, Inc. All rights reserved.




# AFFIDAVIT

THE STATE OF TEXAS      §
                                                  §

COUNTY OF TRAVIS        §

         BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Jim Schissler, who, being by me first duly sworn, and deposed as follows:

         "My name is Jim Schissler, I am over the age of 21 years. I have been a professional engineer for over 25 years. I am fully competent to make this verification. I have read the foregoing; *February 15, 2011* letter, ***Chapter 245 Determination Application for the Patton Lane Joint Venture.*** All of the information contained in the publication are within my personal knowledge, and true and correct."

_____
/Jim Schissler, P.E.

SUBSCRIBED AND SWORN TO BEFORE ME on the date _1 Thursday_ of _February_ , 2014



_____
Notary Public, State Texas

CARL BOYNTON JOHNSON, JR.
Notary Public, State of Texas
My Commission Expires
April 08, 2017

**JC** **JONES & CARTER**, INC.
ENGINEERS · PLANNERS · SURVEYORS

1701 Directors Blvd., Suite 400          TEL 512 441 9493
Austin, Texas 78744-1024                 FAX 512 441 2066

                                    AUSTIN           DALLAS
                                    HOUSTON          BRENHAM
                                    SAN ANTONIO      ROSENBERG
                                    COLLEGE STATION  THE WOODLANDS

*Texas Board of Professional Engineers Registration No. F-439*

February 15, 2011

Ms. Susan Scallon
Planning and Development Review
505 Barton Springs Road
Austin, Texas 78705

Re:     Patton Lane Office Building
        6302 West US Hwy 290
        Austin, Texas 78735

Dear Susan:

On behalf of the owner, Charles Draper, Jones & Carter, Inc. is submitting a Site Plan Fair Notice and a H.B. 1704 Chapter 245 Determination Application for the Patton Lane Office Building project. The project is located on the northeast corner of West US Hwy 290 and Patton Ranch Road in southwest Austin. A brief history of the project is that the building was designed, the project site was cleared and construction began in 1985 with the construction of 50 building piers. Due to the economic downturn of the mid 1980's, the project was halted and the property became owned by the lending institute. At the time, the project was outside the Austin city limits, so no permit was required for the project. Attached are site plan, floor plan and utility plan for the project, a copy of an aerial photograph from February 16, 1984 showing the site, plus a copy of an aerial photograph from April 23, 1986 showing the site had been cleared, the houses and other building had been demolished and construction activity had commenced. There are currently fifty building piers that were constructed for the building foundation prior to the project being halted.

On December 30, 1985, the property was annexed into the City. Based on the fact that the project had commenced prior to annexation by the City, the project should be grandfathered to the regulations at the time construction began and can continue construction.

We appreciate your favorable review of the H.B. 1704 Chapter 245 determination. If there is additional information that you require, please contact me at (512) 441-9493.

Very truly yours,

*James M. Schissler*

James M. Schissler, P.E.

Cc:     Charles Draper, Tejas Land Company

J:/projects/A633/001/general/letter/1704 letter 020111.doc



EXHIBIT
C

# AFFIDAVIT OF CHARLES N. DRAPER

**STATE OF TEXAS**

**TRAVIS COUNTY**

Before me, the undersigned notary, on this day personally appeared Charles N. Draper, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Charles N. Draper. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. "On January 3rd 2017, I filed, *'Appellant's Brief'* in Texas Third Court of Appeal. Within my limited knowledge, all statements of fact, records, allegations, affidavits, and exhibits are true and correct."


_____

**Charles N. Draper**


Sworn to and subscribed before me by Charles N. Draper on January 5, 20 17.

_____

Notary Public in and for

the State of Texas

RACHEL FREEMAN
Notary Public, State of Texas
Expires MARCH 9, 2020
I.D.# 130576900

My commission expires: March 9, 2020

25

# **OTHER AUTHORITIES**

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00265-CV

**Charles N. Draper, Appellant**

v.

**Greg Guernsey, in his Capacity as Director of Planning and Development Watershed Protection Review Department; and City of Austin, Appellees**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-13-000778, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

## MEMORANDUM OPINION

In a land-use dispute, Charles N. Draper, pro se, sued the City of Austin and one of its employees, Greg Guernsey, "in [Guernsey's] capacity as Director of Planning and Development Watershed Protection Review Department."[1] The City and Guernsey filed a motion to dismiss all claims against him, invoking subsections (a) and (e) of the Tort Claims Act's election-of-remedies provision, Section 101.106 of the Civil Practice and Remedies Code.[2] The district court granted the motion and dismissed "all claims and causes of action filed against [Guernsey] in this lawsuit."

---

[1] Appellees advise us that Guernsey's correct job title is "Director of the Planning and Development Review Department," but the salient point is that he is an employee of the City.

[2] Tex. Civ. Prac. & Rem. Code § 101.106(a), (e); *see id.* §§ 101.001-.109 (Texas Tort Claims Act).

Draper appeals this interlocutory order of dismissal.[3] While we affirm the district court's order in part, we must also reverse in part because it awards relief beyond that properly authorized under subsections (a) or (e) as they apply to this case.

Draper's claims for relief center on his efforts to develop a tract he owns in the Oak Hill area of Southwest Austin and the City's refusal thus far to recognize what Draper claims are rights "grandfathered," vis-a-vis Austin's current development restrictions, by Chapters 43 and 245 of the Local Government Code.[4] Draper seeks injunctive and declaratory relief to enforce

---

[3] Our appellate jurisdiction generally extends only to review of final judgments, *see Texas Dep't of Criminal Justice-Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 813 (Tex. 2012) (per curiam), but Draper's appeal of this interlocutory order of dismissal is authorized by paragraphs (5), (8), or both, of section 51.014, subsection (a), of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code § 51.014(a)(5) (authorizing appeal of interlocutory order denying "an assertion of immunity by an individual who is an officer or employee of . . . a political subdivision of the state"), (8) (authorizing appeal of interlocutory order that grants or denies jurisdictional challenge by a governmental unit); *see Texas Dep't of Aging & Disability Servs. v. Cannon*, ___ S.W.3d ___, No. 12-0830, 2015 Tex. LEXIS 2, at *5 (Tex. Jan. 9, 2015); *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300-01 (Tex. 2011) (per curiam). Under either statutory ground, furthermore, Draper's appeal automatically stayed proceedings in the trial court, *see* Tex. Civ. Prac. & Rem. Code § 51.014(b), providing him the relief he has requested through a separate motion for stay. Accordingly, we dismiss Draper's stay motion as moot.

Draper also seeks reversal of a second interlocutory order that denied him a summary-judgment motion on his claims and ruled adversely to him on various related evidentiary issues; in fact, his appellate briefing focuses largely on this order and the perceived merits of his claims rather than issues relevant to the application of subsections (a) or (e). We lack jurisdiction to award him that relief in the context of this appeal. He also seeks "summary judgment" on appeal—i.e., reversal of the district court's orders—based on what he asserts is the untimeliness of appellees' brief. We deny the motion.

[4] *See* Tex. Loc. Gov't Code §§ 43.002 (grandfathering protections applicable in areas annexed by a municipality), 245.001-.007 (grandfathering protections applicable to land-use permitting by political subdivisions); *see also Harper Park Two, LP v. City of Austin*, 359 S.W.3d 247, 254-60 (Tex. App.—Austin 2011, pet. denied) (construing Chapter 245 and enforcing it against the City).

these asserted rights. As the appellees acknowledge, the Legislature has expressly waived the City's governmental immunity against Draper's declaratory and injunctive claims to enforce Chapter 245—in fact, it has provided that Chapter 245 "may be enforced *only* through mandamus or declaratory or injunctive relief."[5] Additionally, fairly construing the substance of his pleadings, Draper attempts to assert what are in the nature of "ultra-vires" claims seeking injunctive or declaratory relief to restrain other alleged statutory violations by the City.[6] We observe—as it will become relevant to our analysis—that the proper defendant to an ultra-vires claim seeking to restrain allegedly unlawful actions by the City would be Guernsey or some other appropriate City officer, in his or her official capacity, not the City itself.[7]

Draper also seeks monetary damages—a total exceeding $10 million, in fact. His specific theories include "fraudulent misrepresentation" by Guernsey and other City staff in their decisions regarding Draper's development rights. He also complains of the impending foreclosure of his house due to his inability to develop his tract, not to mention purported threats, vandalism, burglaries, and even the beating of his dogs by "opposing political interests" in retaliation for his efforts to do so. Finally, Draper also complains of "perjury" and "breach of contract" by appellees' counsel, citing what he terms "false statements" by counsel in seeking a continuance.

---

We derive our summary of Draper's factual allegations from his live petition, construed liberally and in favor of jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004).

[5] Tex. Loc. Gov't Code § 245.006 (emphasis added).

[6] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370-72 (Tex. 2009).

[7] *See id.* at 372-73.

3

The grounds for dismissal raised by appellees' motion and made the basis for the district court's order were confined solely to subsections (a) and (e) of Section 101.106. Subsection (a) provides:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.[8]

Subsection (e), in turn, states:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.[9]

The Texas Supreme Court has provided the following pertinent guidance for our application of these provisions:

- Although both provisions refer to "*a suit* under this chapter," "the propriety of dismissal must be evaluated on a claim-by-claim basis to give effect to the statute."[10]

- A claim "under this chapter" refers to one sounding in tort, regardless of whether or not the plaintiff actually purports to assert it under the Tort Claims Act or could ultimately recover via that statute.[11]

---

[8] Tex. Civ. Prac. & Rem. Code § 101.106(a).

[9] *Id.* § 101.106(e).

[10] *Cannon*, 2015 Tex. LEXIS 2, at *11 n.10 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)).

[11] *See id.* at *9 (citing *Franka v. Velasquez*, 332 S.W.3d 367, 379-80 (Tex. 2011)).

4

- However, claims that seek remedies independent of the Tort Claims Act are not "under the Act" and are not subject to the above dismissal mechanisms.[12] This is consistent with Section 101.106's role within the Act as a whole—as the supreme court has observed, "[t]he Act . . . opens the door to governmental liability in certain tort actions, while [Section 101.106] narrows that opening."[13]

- The references to "employee" or "employees" in both subsections (a) and (e) denote persons sued in their *individual* capacities—i.e., the plaintiff seeks to impose liability upon them personally. Such a claim stands in contrast to one asserted against a governmental employee in his or her *official* capacity, which in the context of tort or other damages claims is "in all but name only" a claim seeking recovery from the governmental employer.[14]

The bulk of Draper's arguments are either inconsistent with these holdings or simply inapposite under them, focusing largely on disputing whether the City enjoys governmental immunity against his claims or Guernsey *official* immunity against them. But appellees—in addition to urging that we dismiss Draper's pro se appeal based solely on technical violations of the briefing rules—also overlook some of these important qualifications and limitations on subsections (a) and (e)'s application, including the analytical significance of the distinction between claims asserted against Guernsey in his individual versus official capacities.

The effect of subsection (e), as the supreme court has construed it, is merely that Draper's assertions of *tort* claims against the City—not his claims founded on immunity waivers independent from the Tort Claims Act or other non-tort theories—require dismissal of those same tort claims to the extent Draper asserts them against Guernsey *individually*. His misplaced arguments about official immunity notwithstanding, it is unclear whether Draper's tort claims

---

[12] *See id.* at *10-11 & n.10, *14-15.

[13] *See id.* at *17-18.

[14] *See Texas Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 356-57 (Tex. 2013).

5

actually are intended to seek recovery from Guernsey individually, as opposed to a recovery from the City based on Guernsey's allegedly wrongful acts. Draper, again, purported to sue Guernsey "in his capacity" as a City employee, suggesting an official-capacity suit, and his allegations complain entirely of alleged acts or omissions by Guernsey while performing his job duties. But to the extent Draper's pleadings could be construed to assert his tort claims against Guernsey individually, dismissal of those claims would clearly be mandated under subsection (e).

Similarly, subsection (a) means that the tort claims Draper has asserted against the City "constitute[] an irrevocable election by [Draper] and immediately and forever bars any suit or recovery by [him]" against Guernsey *individually* "regarding the same subject matter." To the extent the district court's order refers to any claims of this sort that Draper has actually asserted or might someday assert, it appropriately dismissed them.

The district court, however, dismissed "all claims and causes of action filed against [Guernsey] in this lawsuit," which would facially extend also to any claims Draper asserts against Guernsey in his official capacity. Neither subsection (a) nor (e) authorizes this relief,[15] but any error would be harmless with respect to most of Draper's claims, inasmuch as his assertion of the same claim against both the City and Guernsey in his official capacity would generally amount merely to a duplicative pleading for the same relief against the same defendant.[16] However, this is

---

[15] *Cf.* Tex. Civ. Prac. & Rem. Code § 101.106(f) (providing for substitution of governmental entity for employee defendant under circumstances where claim is "considered to be against the employee in the employee's official capacity only").

[16] *See Ngakoue*, 408 S.W.3d at 356-57; *cf. Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 750 (Tex. App.—Austin 2014, pet. filed) (suggesting for these reasons that any error in failing to dismiss official-capacity defendant sued alongside governmental defendant is harmless where Legislature has waived the government's immunity).

6

not true of Draper's ultra-vires claims, which, while seeking to bind the City, must formally be asserted against Guernsey in his official capacity rather than against the City itself.[17] In purporting to dismiss Draper's ultra-vires claims—and in the absence of any other jurisdictional bar to these claims demonstrated by the City or apparent from the record—the district court reversibly erred.

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed in part; Reversed in part

Filed:   February 25, 2015

---

[17] *See Heinrich*, 284 S.W.3d at 372-73.

7

October 19, 2001

The Honorable Frank Madla
Chair, Committee on
  Intergovernmental Relations
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0425

Re: Whether real property for which an original application for a first permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time of that filing although the property has been conveyed to a different owner  (RQ-0386-JC)

Dear Senator Madla:

     Section 245.002 of the Local Government Code locks in, for the duration of a real-property "project," the development regulations in effect when the original application for the first necessary permit is filed. *See* TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001); *see also Quick v. City of Austin,* 7 S.W.3d 109, 131 (Tex. 1998). Under the statutory definition of the term "project," it is irrelevant whether the owner who files the original application for the first permit retains the property for the duration of the project or conveys the property. *See* TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). You ask a question regarding a tract of land for which an owner has filed an original application for the first necessary permit.[1] If another person purchases that tract of land, you inquire, is the purchaser "entitled to the rights and benefits" that chapter 245 provides to the owner who filed the original application for the first permit, *see* Request Letter, note 1, at 1, and we thus understand you to ask whether the property remains subject to the development regulations in effect when the original application for the first permit was filed despite the conveyance. We conclude that the property remains subject to the development regulations in effect at the time the original application for the first permit was filed, but only if the project remains the same. Whether a project remains the same is a fact question, and this office cannot resolve it. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in

---

    [1]*See* Letter from Honorable Frank Madla, Chair, Committee on Intergovernmental Relations, Texas Senate, to Honorable John Cornyn, Texas Attorney General (May 24, 2001) (on file with Opinion Committee) [hereinafter Request Letter].



attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

Section 245.002 of the Local Government Code specifies that a real-property "project" will be subject to the development regulations in effect when the original application for the first permit required for the project is filed:

> (a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the permit is filed.

> (b) If a series of permits is required for a project, the orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project. All permits required for the project are considered to be a single series of permits. Preliminary plans and related subdivision plats, site plans, and all other development permits for land covered by the preliminary plans or subdivision plats are considered collectively to be one series of permits for a project.

> . . . .

TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). The terms "permit," "project," and "regulatory agency" are defined in section 245.001:

> (1) "Permit" means a license, certificate, approval, registration, consent, permit, or other form of authorization required by law, rule, regulation, order, or ordinance that a person must obtain to perform an action or initiate, continue, or complete a project for which the permit is sought.

> . . . .

> (3) "Project" means an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor.

> (4) "Regulatory agency" means the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit.

*Id.* § 245.001. Chapter 245 applies only to a project "in progress on or commenced after September 1, 1997," *see id.* § 245.003, and certain permits and regulations are exempt from the chapter, *see id.* § 245.004. In addition, a regulatory agency may, by ordinance or regulation, place an expiration date on dormant projects, after which date the project would be subject to current development regulations. *See id.* § 245.005. We understand that the property about which you are concerned is not exempt from chapter 245 and is not dormant. *See generally* Request Letter, *supra* note 1.

With respect to property for which an original application for a first permit has been filed, the property is subject to the development regulations that are effective at the time of the filing (with the exceptions listed in chapter 245 of the Local Government Code) for the duration of the project regardless of any conveyances that may occur during the project. Nothing in chapter 245 suggests that the development regulations to which a property is subject, locked in at the time of filing the original application for the first permit, no longer apply to the property solely because the property has been conveyed to another owner. Section 245.002 facially directs that a property is, for the duration of a project, subject to the development regulations in effect when the original application for the first permit was filed, without mentioning the possibility of a conveyance. *Cf. Quick,* 7 S.W.3d at 131 (examining prior statute, which "provides that if a series of permits is for a project, the ordinances in effect at the time the original application for the first permit is filed shall be the sole basis for consideration of all subsequent permits required for the completion of a project"). Additionally, the term "project," as defined in section 245.001(3), does not indicate that a project is specific to a person or terminates each time the property is sold. *See* TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). A project is an "endeavor," *see id.,* which is commonly defined as "the action of endeavouring; effort, or pains, directed to attain an object." V OXFORD ENGLISH DICTIONARY 226 (2d ed. 1989); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (requiring us to read statutory words and phrases in context and to construe them according to rules of grammar and common usage); *Thompson v. Corbin,* 137 S.W.2d 157, 159 (Tex. Civ. App.–Texarkana 1940, no writ) (defining verb "endeavor" as "to exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort") (quoting *Webster's New International Dictionary*).

Nevertheless, neither a purchaser nor an owner may alter a project without the possibility of a consequence. If a project is altered by a purchaser, for example, the development regulations are no longer locked in under chapter 245 and current development regulations apply. Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. The statute defines

"regulatory agency" as "the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit." TEX. LOC. GOV'T CODE ANN. § 245.001(4) (Vernon Supp. 2001). Nothing in chapter 245 provides any other body jurisdiction to decide such a question. *Cf. id.* § 245.005 (authorizing regulatory agency to adopt rules placing expiration date on dormant projects). Furthermore, this agency cannot determine whether a project has changed, as the question cannot be resolved without considering fact questions. Fact questions are not amenable to the opinion process. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

### S U M M A R Y

Under section 245.002 of the Local Government Code, property for which an original application for the first development permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time the application was filed for the duration of a project, regardless of any changes in ownership that may occur before the project is completed. *See* TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). If a project changes, however, the project becomes subject to current development regulations. *See id.* § 245.001(3) (defining "project"). Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. *See id.* § 245.001(4) (defining "regulatory agency").

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee



# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 10, 2012

The Honorable René O. Oliveira
Chair, Committee on Land and Resource
   Management
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0980

Re: Whether a "project duration ordinance" adopted by the City of Austin contravenes section 245.005 of the Local Government Code (RQ-1070-GA)

Dear Representative Oliveira:

You inquire about a potential conflict between the City of Austin's Project Duration Ordinance ("Ordinance") and chapter 245 of the Local Government Code.[1] You contend that the Ordinance violates chapter 245 by establishing expiration criteria for building projects that differ from the expiration criteria specified in chapter 245. Request Letter at 3–4. The Ordinance provisions about which you ask are contained in the Austin City Code as sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3).[2] See Request Letter at 3. Section 25-1-533(B) provides that:

> [i]f a building permit for a building shown on a site plan or a notice of construction expires before construction begins, the project, including the preliminary subdivision plan, expires. If all building permits are not obtained or a notice of construction is not filed within the time periods contained in . . . [section] 25-1-535 . . . , the project, including the preliminary subdivision, expires.

AUSTIN CITY CODE § 25-1-533(B). Section 25-1-535(B)(4) applies in the City's "Drinking Water Protection Zone" and provides that:

---

[1]See Letter from Honorable René Oliveira, Chair, House Comm. on Land & Res. Mgmt., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 22, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]The City of Austin informs us that it does not enforce certain provisions of the Ordinance. See Brief from Brent D. Lloyd, Assistant City Att'y, City of Austin Law Dep't at 2 (July 30, 2012) (attaching affidavit of Greg Guernsey, Dir. of Planning & Dev. Review, which identifies provisions no longer enforced) ("City of Austin Brief"). The provisions the City asserts it still enforces are the same provisions that you specifically cite to in your request letter. Thus, we assume that you are concerned about only sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3) of the Austin City Code. See AUSTIN, TEX., AUSTIN CITY CODE ch. 25-1, art. 12, §§ 25-1-533(B), 25-1-535(B)(4), (C)(3) (2012).



> [a]n application for a project for which the first application was filed on or after September 6, 1997, may comply with original regulations if all building permits are approved and a notice of construction is filed within three years of the date the first application is filed.

*Id.* § 25-1-535(B)(4). Section 25-1-535(C)(3) applies in the City's "Desired Development Zone" and provides that:

> [a]n application for a project for which the first application is filed on or after September 6, 1997, may comply with original regulations if all building permits are approved and a notice of construction is filed within five years of the date the first application is filed.

*See id.* § 25-1-535(C)(3).[3]

Home-rule cities, such as Austin, derive their powers from the Texas Constitution. TEX. CONST. art. XI, § 5; TEX. LOC. GOV'T CODE ANN. § 51.072 (West 2008). They possess "the full power of self government and look to the Legislature not for grants of power, but only for limitations on their power." *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993).

The Texas Constitution prohibits a city ordinance from containing "any provision inconsistent with . . . the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5(a); *see also City of Fort Worth v. Atlas Enters.*, 311 S.W.2d 922, 924 (Tex. Civ. App.—Fort Worth 1958, writ ref'd n.r.e.) (discussing severability of municipal ordinances and stating that "[a] municipal ordinance may be void as to some of its provisions and valid as to others"). A court would not invalidate an ordinance as inconsistent with a statute unless the court can reach no reasonable construction that leaves both the ordinance and the statute in effect. *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). Nevertheless, "an ordinance which conflicts or is inconsistent with state legislation is impermissible." *City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 796 (Tex.), *cert. denied*, 459 U.S. 1087 (1982).

Chapter 245 of the Local Government Code is a legislative limit on cities' home-rule power to regulate construction and development within their jurisdiction. The statute "prohibit[s] land-use regulators from changing the rules governing development projects 'in the middle of the game,' thereby insulating already underway development and related investment from the vicissitudes and uncertainties of regulatory decision making and all that may influence it." *Harper Park Two, LP v. City of Austin*, 359 S.W.3d 247, 250 (Tex. App.—Austin 2011, pet. denied). Subsection 245.002(b) provides that "[i]f a series of permits is required for a project, the orders, regulations,

---

[3]The Municipal Code defines "Drinking Water Protection Zone" as "the areas within the Barton Springs Zone, the Barton Creek watershed, all water supply rural watersheds, and all water supply suburban watersheds . . . that are in the planning jurisdiction." *Id.* § 25-1-21(30). The "Desired Development Zone means the area not within the drinking water protection zone." *Id.* § 25-1-21(26).

ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.002(b) (West 2005). The effect of the statute is that "once an application for the first permit required to complete a property-development 'project' is filed with the municipality or other agency that regulates such use of the property, the agency's regulations applicable to the 'project' are effectively 'frozen' in their then-current state and the agency is prohibited from enforcing subsequent regulatory changes to further restrict the property's use." *Harper Park Two, LP*, 359 S.W.3d at 248–49.

Section 245.005, entitled "Dormant Projects," authorizes cities to enact ordinances that expire projects when "no progress has been made towards completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005); *see id.* § 245.005(c) (providing a list of factors used to determine whether progress is being made toward the completion of a project). A project's "expiration" necessarily results in the project losing the "frozen" rights granted by chapter 245. Although the Legislature has permitted cities to expire projects that meet the statutory criteria for dormancy, it has not provided any further authority under which cities may cause a project to lose the rights granted by chapter 245. As a result, any project expiration ordinance that does not comport with section 245.005's dormancy criteria conflicts with chapter 245.

Section 245.005 provides:

> Notwithstanding any other provision of this chapter, any ordinance, rule, or regulation enacted pursuant to this section shall place an expiration date on a project of no earlier than the fifth anniversary of the date the first permit application was filed for the project if no progress has been made towards completion of the project.

*Id.* § 245.005(b). Under the Ordinance, a project's expiration date could be sooner than five years after the filing of the first permit application. AUSTIN CITY CODE § 25-1-533(B). Under the statute, however, a project's expiration date must be no earlier than five years after the filing of the first permit application. TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005). Thus, the Ordinance's expiration periods conflict with those of the statute. Similarly, under the Ordinance, a project would expire if "all building permits are not obtained or a notice of construction is not filed within the time periods" established by the city. AUSTIN CITY CODE § 25-1-533(B). However, under the statute, a project may not expire unless it meets the dormancy criteria contained in section 245.005. TEX. LOC. GOV'T CODE ANN. § 245.005(c)(2) (West 2005). The failure to obtain all building permits or file a notice of construction within a time period set by the city is not one of the criteria set forth in section 245.005. Thus, the Ordinance's criteria for expiring a project conflicts with that of the statute. *See In re Sanchez*, 81 S.W.3d at 796.[4]

---

[4]Briefing we received in connection with your request argues that subsection 245.002(a)'s reference to "expiration dates" implicitly authorizes a regulatory agency to impose expiration dates on permits. *See* City of Austin

(continued...)

Accordingly, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire sooner than it would under the provisions of section 245.005 of the Local Government Code. Likewise, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire regardless of whether the project meets the section 245.005 criteria for progress towards completion of the project.[5]

---

[4](...continued)
Brief at 3; Brief from Scott N. Houston, General Counsel, Texas Municipal League at 2 (Aug. 9, 2012). No Texas court has addressed this issue, and we need not address it here. The argument is unavailing to our consideration because the Ordinance results in the expiration of projects, not permits. The rights guaranteed to projects by chapter 245 continue to apply regardless of the expiration of individual permits within a project.

[5]It has been suggested in briefing submitted to this office that, because the Ordinance became effective on September 6, 1997, it is in violation of sections 2 and 3(a) of House Bill 1704 enacted in 1999. *See* Brief from Andrew Weber, Kelly Hart & Hallman, on behalf of the Real Estate Council of Austin at 2–4 (June 29, 2012). *See also* Act of Apr. 29, 1999, 76th Leg., R.S., ch. 73, §§ 1(a), 2, 1999 Tex. Gen. Laws 431, 432, 434 (eff. May 11, 1999) (finding that former subchapter I, chapter 481 of the Government Code "was inadvertently repealed" and adding chapter 245). House Bill 1704 provides that chapter 245 applies retroactively to a "project in progress on or commenced after September 1, 1997" and that "any actions taken by a regulatory agency for the issuance of a permit, as those terms are defined by Section 245.001, Local Government Code, . . . after that repeal and before the effective date of this Act, shall not cause or require the expiration or termination of a project, permit, or series of permits to which Section 2 of this Act applies." *Id.* §§ 2, 3(a). We do not address the question because we have concluded that the Ordinance conflicts with chapter 245.

# S U M M A R Y

A court would likely conclude that the Ordinance provisions about which you ask are void because they conflict with chapter 245 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee

# NOTICE OF APPEAL

IN THE DISTRICT COURT OF
TRAVIS COUNTY, TEXAS
419th JUDICIAL DISTRICT

| | |
|---|---|
| **CHARLES N. DRAPER,** § | |
| § | |
| **Plaintiff, *Pro Se*** § | |
| § | |
| **V.** § | **CAUSE NO. D-1GN-13-000778** |
| § | |
| **GREG GUERNSEY,** § | |
| **IN HIS CAPACITY AS DIRECTOR OF** § | |
| **PLANNING AND DEVELOPMENT** § | |
| **WATERSHED PROTECTION** § | |
| **REVIEW DEPARTMENT,** § | |
| **AND CITY OF AUSTIN** § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S NOTICE OF APPEAL
## DEFENDANTS' NO-EVIDENCE SUMMARY JUDGEMENT

COMES NOW, Charles Draper and files *Plaintiff's Notice of Appeal* on *Order on Motion for No-Evidence Summary Judgment*.

On October 11th, 2016 Honorable Judge Karin Crump erred in the 419th Travis County Civil Court on *Defendants' Motion for No-Evidence Summary Judgment*. Agents appeared, before the court for conference, and offer testimony. The Order fails to stipulate findings-of-fact, and conclusions of law. On October 24, 2016, under **CRCP Rule §296,** plaintiff requested clarity.

Under **TRCP Rule §168, and TRAP §29,** plaintiff formalizes *Notice of Appeal* to be sent to the Texas' Third Court of Appeals.

### I. Rule of Law

Under **CPRC Rules §51.012, and §51.014(d)(1),** An interlocutory appeal from an order involving a controlling question of law which there is substantial ground for a difference of opinion, and (2) an immediate appeal may materially advance the ultimate termination of the litigation; plaintiff petitions the court of appeals.

Under **TRCP §166(a), and (e),** plaintiff filed appropriate causes of action, to assist in the disposition of the case without undue expense or burden to the parties.

1

Plaintiff's claims are based **CPRC Rule §101.0215(29)**, *Liability of a Municipality's* for fraudulent misrepresentations; whereby, Greg Guernsey engaged in 'proprietary', special-authority, denied Plaintiff's valid Travis County Permit **#85-2558** at his 'occupational discretion', and failed to perform his 'governmental-function' within the context of State law; during the scope of his employment.

Under **Chapters LGC § 245**, 'vested rights' attach to a project once the application for the first permit required in completing the project is filed with the agency responsible for regulating the subject property. *Schumaker Enterprises, Inc. V. City of Austin*, 325 S.W.3d 812, 815 (Tex. App. –Austin 2011, no pet.), Travis County was the 'agency responsible for regulating' and issued, *Patton Lane Office Building* Permit **#85-2558** in 1885. Plaintiff has valid 'vested rights'.

**LGC § 43.002. Continuation of Land Use,** (a) A municipality may not, after annexing an area, prohibit a person from:(1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time.

Additionally, a constitutional question arises under **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking, Intent, Inverse Condemnation, Restriction of land use.*

Plaintiff contends, there is controlling question of law, misplaced in Travis County District Court 419th, which honorable Judge Karin Crump presided.

## II. Order

On October 18, 2016, Justice Karin Crump issued an Order; GRANTING *Defendants' Motion for No-Evidence Summary Judgment,* and DISMISSED plaintiff's lawsuit against defendants.

Contrary to defendants' motion, plaintiff 's claims, and evidence are self-authenticated under **Rules: §801(1)(e)(A), (B)(C)(D), §801(2), §803(14), §803(15), §803(16),** and supported in Affidavits.

Having reviewed defendants' petition for *No Evidence Summary Judgment,* Justice Karin Crump GRANTED defendants' petition without providing; alternative relief , justification, rule of law, base, nor court reported testimony in support of her Order.

Under **CRCP Rule §296,** plaintiff has requested; the court provide in writing stated findings-of-fact and conclusions of law.

2

## III. Summary

In March of 2013, Plaintiff, Charles Draper, sued defendants, Greg Guernsey in his official capacity as *Director of Planning and Watershed Protection Review Department*, and the City of Austin for fraudulent misrepresentations, intentional torts and failure to conduct their municipal duties under **Tex. CRPC Rule §101.0215 (29),** *Municipal Liability, Planning and Zoning.*

Repeatedly, Defendants and his staff have habitually, and intentionally, made fraudulent misrepresentations, produced perjured affidavits, misconstrued legislative intent, taking a 'narrow view' of Chapter **Rule §245,** while ignoring **Rule §43.002.** Travis County was the 'agency responsible for regulating' *Patton Lane Office Building* Permit **#85-2558** in 1985.

Defendants, Greg Guernsey, and the City of Austin in their 'occupational discretion failed to comply with State law, engaged in 'proprietary' special authority, intentionally denied plaintiff's 'vested-rights'.

Texas Third Court of Appeal affirmed plaintiff's previous claims, the *Texas Tort Claims Act* grants no immunity, under **Tex. CRPC §101.106(a) and (e).** *Meadours v. Ermel,* 483, F.3d (Fifth Cir.2007). *Id* at 424. (Cause No. **03-14-00265-CV** -Mandate filed, February 25th 2015).

Defendants' actions violated plaintiff's constitutional rights, under **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking, Intent, Inverse Condemnation, Restriction of land use.*

Plaintiff requests Travis District Clerk to forward the Record, Registry, and Notice of Appeal to the District Clerk's Office, Texas' Third Court of Appeals. Record request pertain to Cause # **D-1GN-13-000778**:

1) *Plaintiff's Final Amended Petition-* filed, August 27th, 2013

2) *Defendants' Traditional And No-Evidence Summary Judgment* - filed, August 11th, 2016

3) *Plaintiff Response to Defendants' No-Evidence Motion for Summary Judgment and Counterclaim for Summary Judgment.* - filed, September 1, 2016

4) *Defendants' Reply in Support of its Traditional And No-Evidence Summary Judgment* -filed, October 4th, 2016

5) *Order on Motion for Summary Judgment* - filed, October 18th, 2016

6) Honorable Karin Crump's *'Finding of Fact& Conclusion of Law"*- (...to be determined).

3

Respectfully submitted,

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2016, a true and correct copy of the foregoing *Plaintiff's Notice of Appeal* was sent by certified mail, return receipt request to Andralee Cain Lloyd, *Austin Law Department*, City Hall, 301 West 2nd Street. P.O. Box 1088, Austin, Texas 78767-1088

Andralee Cain Lloyd, Assistant City Attorney
Law Department
City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1088
Austin, Texas 78767-1088
(512) 974-2918
Fax: (512) 974-2918

Filed In The District Court
of Travis County, Texas

OCT 18 2016

At _____4:12_____ P.M.

Velva L. Price, District Clerk

NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| GREG GUERNSEY, IN HIS CAPACITY | § | |
| AS DIRECTOR OF PLANNING AND | § | |
| DEVELOPMENT WATERSHED | § | |
| PROTECTION REVIEW DEPARTMENT | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419TH JUDICIAL DISTRICT |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On October 11, 2016, the Court considered Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Evidence. Plaintiff appeared representing himself Pro Se and Defendants appeared through their counsel of record. After reviewing the pleadings on file, Defendants' motions and any responses thereto, the evidence presented, and arguments of the parties, the Court is of the opinion that Defendant's Motion to Strike Plaintiff's Evidence should be DENIED and Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Evidence is DENIED.

IT IS FURTHER ORDERED that Defendants' First Amended Traditional and No-Evidence Motion for Summary Judgment is GRANTED. Accordingly, Plaintiff's lawsuit against Defendants is DISMISSED with prejudice to re-filing and all relief requested against Defendants is DENIED.

Order on Motion for Summary Judgment

This Order disposes of all parties and all claims pending before the Court. It is, therefore, a final and appealable judgment.

SIGNED this October 18th, 2016

JUDGE PRESIDING
KARIN CRUMP

Order on Motion for Summary Judgment

# REGISTER OF THE COURT

Case:D-1-GN-13-000778 with (80) documents

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 3/4/2013 | PET-PL | ORIGINAL PETITION/ APPLICATION | PLAINTIFF'S ORIGINAL PETITION |
| 3/5/2013 | SRVPROCESS | EXE SERVICE OF CITATION | CITY OF AUSTIN |
| 3/5/2013 | SRVPROCESS | EXE SERVICE OF CITATION | GREG GUERNSEY |
| 3/7/2013 | SRVPROCESS | EXE SERVICE OF CITATION | CITY OF AUSTIN |
| 3/27/2013 | ANS-RESP | ORIGINAL ANSWER | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S ORIGINAL ANSWER |
| 4/2/2013 | ANS-RESP | AMENDED/ SUPPLEMENTED ANSWER | PLAINTIFF'S SUPPLEMENT RESPONSE TO DEFENDANT'S GREG GUERNSEY AND THE CITY OF AUSTIN'S ORIGINAL ANSWERS |
| 4/19/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION FOR COURT HEARING |
| 4/30/2013 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING |
| 5/6/2013 | OTHER | RULE 11 AGREEMENT | RULE 11 AGREEMENT |
| 5/16/2013 | ANS-RESP | SPECIAL EXCEPTIONS | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S SPECIAL EXCEPTIONS |
| 5/17/2013 | MOTION | MTN:CONTINUANCE | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S MOTION FOR CONTINUANCE OF PLAINTIFF'S HEARING ON PLAINTIFF'S ORIGINAL PETITION, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND SUPPLEMEN |
| 5/17/2013 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S SPECIAL EXCEPTIONS |

1

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 5/17/2013 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S MOTION FOR CONTINUANCE OF PLAINTIFF'S HEARING ON PLAINTIFF'S ORIGINAL PETITION, DECLARATORY JUDGMENT, INJUNCT |
| 5/20/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION TO QUASH DEFENDANT'S MOTION FOR CONTINUANCE OF PLAINTIFF'S ORIGINAL PETITION, DECLARATORY JUDGMENT, INJUNCTION RELIEF, AND SUPPLEMENT TO THE RECORD |
| 5/20/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION TO QUASH DEFENDANT'S MOTION FOR SPECIAL EXCEPTIONS |
| 5/30/2013 | ORD | ORD:OTHER ORDER | ORDER ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S MOTIO N FOR CONTINUANCE OF PLAINTIFF'S HEARING ON PLAINTIFF'S ORIG INAL PETITION, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND |
| 5/31/2013 | ANS-RESP | RESPONSE TO MOTION/PLEADING | PLAINTIFF'S RESPONSE SUPPLEMENT TO DEFENDANT'S MOTION FOR SPECIAL EXCEPTIONS |
| 6/13/2013 | ANS-RESP | OBJECTIONS | PLAINTIFF'S OBJECTIONS TO COURT ORDER'S DEFENDANT'S MOTION FOR SPECIAL EXCEPTIONS AND MOTION FOR CONTINUANCE |
| 6/18/2013 | OTHER | LETTER | FROM SANDRA KIM (ORDER FORWARDED TO 98TH FOR JUDGES SIGNATUR E) |
| 7/17/2013 | ORD | ORD:OTHER ORDER | ORDER ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S SPECI AL EXCEPTIONS |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 8/27/2013 | PET-PL | AMENDED PETITION | PLAINTIFF'S FIRST AMENDED PETITION |
| 10/9/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION FOR JUDGMENT ON AGREED STATEMENT OF FACTS |
| 10/9/2013 | MOTION | MTN:SUMMARY JUDGMENT | PLAINTIFF'S MOTION FOR NO EVIDENCE SUMMARY JUDGMENT |
| 10/31/2013 | MOTION | MTN:OTHER MOTION | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S OBJECTION TO P LAINTIFF'S MOTION FOR JUDGMENT ON AGREED STATEMENT OF FACTS |
| 10/31/2013 | ANS-RESP | RESPONSE TO MOTION/PLEADING | CITY OF AUSTIN AND GREG GUERNSEY'S RESPONSE TO PLAINTIFF'S M OTION FOR NO-EVIDENCE SUMMARY JUDGMENT AND MOTION TO STRIKE PLAINTIFF'S NO-EVIDENCE SUMMARY JUDGMENT EVIDENCE |
| 11/4/2013 | ANS-RESP | OTHER ANSWER/ RESPONSE | PLAINTIFF'S RESPONSE TO DEFENDANTS OBJECTION PLAINTIFF'S MOT ION FOR JUDGMENT ON AGREED STATEMENT OF FACTS |
| 11/4/2013 | ANS-RESP | OTHER ANSWER/ RESPONSE | PLAINTIFF'S RESPONSE TO DEFENDANTS CITY OF AUSTIN AND GREG G UERNSEY MOTION TO STRIKE PLAINTIFFS MOTION FOR NO EVIDENCE S UMMARY |
| 11/13/2013 | ORD | ORD:DENIED MOTION/ APPLICATION | ORDER (DENIED) |
| 12/2/2013 | ANS-RESP | OBJECTIONS | PLAINTIFF'S OBJECTIONS TO JUDICIAL ORDER NO EVIDENCE SUMMARY JUDGMENT |
| 2/18/2014 | OTHER | OTHER FILING | PLAINTIFF'S SUPPLEMENT TO THE RECORD AFFIDAVITS OF EVEIDENCE |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
| --- | --- | --- | --- |
| 3/26/2014 | MOTION | MTN:DISMISS/ NONSUIT | CITY OF AUSTIN AND GREG GUERNSEY'S MOTION TO DISMISS PURSUANT TO TEX.CIV PRAC.& REM. CODE 101.106(a) AND (e) |
| 3/26/2014 | MOTION | MTN:DISMISS/ NONSUIT | CITY OF AUSTIN AND GREG GUERNSEYS MOTION TO DISMISS PURSUANT TO TEX CIV PRAC & REM CODE 101.106(A)AND(E) |
| 3/28/2014 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING ON THE CITU OF AUSTIN AND GREG GUERNSEY'S MOTION TO DISMISS PURSUANT TO TEX CIV.PRAC. & REM.CODE 101.106(A) AND (E) |
| 4/2/2014 | ANS-RESP | RESPONSE TO MOTION/PLEADING | PLAINTIFFS RESPONSE TO CITY OF AUSTIN GREG GUERNSEYS MOTION TO DISMISS PURSUANT TO TEX CIV PRAC & REM CODE 101.105 (A) AND (E) |
| 4/10/2014 | ANS-RESP | RESPONSE TO MOTION/PLEADING | CITY OF AUSTIN AND GREG GUERNSRY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO TEX.CIV. PRAC. & REM. CODE 101.106(a)AND(e) |
| 4/16/2014 | ORD | ORD:NTC/ORD DISMISSAL/NONSUIT | ORDER GRANTING CITY OF AUSTIN AND GREG GUERNSEY'S MOTION TO DISMISS PURSUANT TO TEX. CIV. PRAC. & REM. CODE 101.106 (a) AND (e) |
| 4/21/2014 | OTHER | FORM | TEXAS RULES OF APPELLATE PROCEDURE RULE 13.5 (A,B,C) |
| 4/22/2014 | NOTICE | NTC:NOTICE OF APPEAL | PLAINTIFF'S NOTICE OF APPEAL INTERLOCUTORY ORDERS |
| 4/30/2014 | OTHER | LETTER | LETTER FROM COURT OF APPEALS |
| 5/6/2014 | OTHER | LETTER | LETTER REQUESTING REPORTERS RECORD |

4

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 5/7/2014 | OTHER | DESIGNATION CLERKS RECORD | PLAINTIFF'S REQUEST TO FORWARD THE RECORD |
| 5/8/2014 | OTHER | DESIGNATION CLERKS RECORD | PLAINTIFF'S REQUEST TO FORWARD THE RECORD |
| 5/20/2014 | OTHER | OTHER FILING | COPY OF BILL OF COST FOR CLERK'S RECORD |
| 5/29/2014 | CV MISCELLANE OUS | CLERKS RECORD | CLERK'S RECORD |
| 5/30/2014 | OTHER | LETTER | LETTER FROM COURT OF APPEALS |
| 2/25/2015 | ORD | ORD:OTHER ORDER | MEMORANDUM OPINION AND JUDGMENT |
| 10/15/2015 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT |
| 10/15/2015 | ORD | ORD:MANDATE | MANDATE |
| 10/21/2015 | NOTICE | NTC:ATTORNEY/ COUNSEL | DEFENDANT'S NOTICE OF SUBSTITUTION OF COUNSEL AND DESIGNATIO N OF ATTORNEY IN CHARGE |
| 11/3/2015 | ANS-RESP | OTHER ANSWER/ RESPONSE | DEFENDANTS RESPONSE TO PLAINTIFFS NO-EVIDENCE MOTION FOR SUM MARY JUDGMENT(WITH ORDER FORWARDED TO CLERK OF THE 419TH COU RT) |
| 11/12/2015 | ORD | ORD:OTHER ORDER | ORDER DENYING PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUD GMENT AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE |
| 11/20/2015 | NOTICE | NTC:NOTICE OF APPEAL | PLAINTIFF'S NOTICE OF APPEAL INTERLOCUTORY ORDERS |
| 11/25/2015 | OTHER | OTHER FILING | LETTER - NOTICE FROM 3RD COURT OF APPEAL FILED |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 12/1/2015 | OTHER | DESIGNATION CLRKS/REPORTR REC. | PRO SE EMAIL FILING - DESIGNATION OF CLERK'S RECORD |
| 12/1/2015 | OTHER | OTHER FILING | BILL OF COST FOR CLERK'S RECORD |
| 12/2/2015 | CV MISCELLANE OUS | CLERKS RECORD TRANSMITTAL | TAMES RECORD SUBMISSION - CLERK'S RECORD SUBMITTED TO THE 3RD COURT OF APPEALS |
| 12/2/2015 | OTHER | OTHER FILING | LETTER - 3RD COURT OF APPEALS NOTICE OF RECEIPT OF CLERK'S R ECORD FILED |
| 2/3/2016 | ORD | ORD:OTHER ORDER | MEMORANDUM OPINION AND JUDGMENT RENDERED |
| 3/21/2016 | OTHER | OTHER FILING | LETTER FROM BLAKE A. HAWTHORNE |
| 4/1/2016 | OTHER | OTHER FILING | NOTICE FROM THE SUPREME COURT OF TEXAS |
| 4/18/2016 | OTHER | OTHER FILING | NOTICE FROM THE SUPREME COURT OF TEXAS |
| 6/17/2016 | OTHER | OTHER FILING | NOTICE FROM THE SUPREME COURT OF TEXAS |
| 8/4/2016 | ORD | ORD:MANDATE | MANDATE |
| 8/11/2016 | MOTION | MTN:SUMMARY JUDGMENT | DEFENDANTS' TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT |
| 8/11/2016 | NOTICE | NTC:OTHER NOTICE | NOTICE OF HEARING |
| 8/22/2016 | MOTION | MTN:OTHER MOTION | PLAINTIFFS MOTION FOR SANCTIONS |
| 8/23/2016 | MOTION | MTN:SUMMARY JUDGMENT | DEFENDANTS' FIRST AMENDED TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT |
| 8/23/2016 | NOTICE | NTC:OTHER NOTICE | NOTICE OF HEARING |
| 8/24/2016 | MOTION | MTN:SUMMARY JUDGMENT | DEFENDANTS' FIRST AMENDED TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT |
| 8/24/2016 | NOTICE | NTC:OTHER NOTICE | NOTICE OF HEARING |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 8/25/2016 | ANS-RESP | RESPONSE | DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR SANCTIONS |
| 8/25/2016 | NOTICE | NTC:OTHER NOTICE | NOTICE OF HEARING MOTION FOR SANCTIONS |
| 9/2/2016 | ANS-RESP | RESPONSE SUMMARY JUDGMENT MTN | PLAINTIFF'S RESPONSE TO DEFENDANT'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT AND COUNTERCLAIM FOR SUMMARY JUDGMENT |
| 9/13/2016 | ORD | ORD:DENIED MOTION/ APPLICATION | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| 9/27/2016 | NOTICE | NTC:OTHER NOTICE | AMENDED NOTICE OF HEARING |
| 10/4/2016 | ANS-RESP | RESPONSE SUMMARY JUDGMENT MTN | DEFENDANTS' REPLY IN SUPPORT OF ITS TRADITIONAL AND NO-EVIDE NCE MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S OUNTERCLAIM FOR SUMMARY JUDGMENT |
| 10/18/2016 | ORD | ORD:SUMMARY JUDGMENT | ORDER ON MOTION FOR SUMMARY JUDGMENT |
| 10/24/2016 | OTHER | REQUEST FINDINGS FACT CNCL LAW | PLAINTIFF'S REQUEST FOR FINDING OF FACT & CONCLUSION OF LAW |
| 10/24/2016 | NOTICE | NTC:NOTICE OF APPEAL | NOTICE OF APPEAL AND REQUEST FOR CLERK'S RECORD |
| 10/28/2016 | OTHER | OTHER FILING | LETTER FROM THE HONORABLE KARIN CRUMP |